IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RONNIE GILES,

    PLAINTIFF,

V.                      CIVIL ACTION NO:  3:06-cv-00528 WKW

MASTERBRAND CABINETS, INC.,

    DEFENDANT.                    JURY TRIAL DEMANDED

## AMENDED AND RESTATED COMPLAINT

**I.**    **JURISDICTION**

1.    This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §1331, 1343(4), 2201, 2202 and 29 U.S.C. §2617(a)(2).  This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993." The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 29 U.S.C. §2601 *et seq*., providing damages, injunctive relief and other relief.

2.    Defendant, Masterbrand Cabinets, Inc. (hereinafter "Defendant") does business in the State of Alabama and is subject to service of process in Alabama. Therefore, this Court has personal jurisdiction over Defendant.

## II. PARTIES

3. Plaintiff, Ronnie Giles, hereinafter "Plaintiff," is a citizen of the United States, and a resident of the State of Alabama. Plaintiff was formerly employed by the Defendant.

4. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. §2617(a)(2). Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF THE FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Plaintiff began work with Defendant in July of 1999 as a material handler/order puller.

7. By December, 2005 Plaintiff was an eligible employee, as defined under the FMLA.

8. In December, 2005 Plaintiff was off from work for approximately two weeks under FMLA leave for a serious health condition.

9. Plaintiff returned from FMLA leave on January 3, 2006. He worked all day that day, and two hours on January 4, 2006.

10. During the time Plaintiff was at work on January 4, 2006 he became so

sick that he was unable to work and had to leave. Plaintiff went to his doctor on that day and obtained a doctor's excuse for January 4, 2006 through January 6, 2006.

11. When Plaintiff left work on January 4, 2006 his supervisor, John Olenick, asked him if he was staying or going home because of his sickness. Plaintiff told him he had to leave. Olenick then stated "we are in the same fix as before."

12. Plaintiff attempted to return to work on January 7, 2006, but was denied that opportunity. He was told by management that he had been fired the day before.

13. Defendant maintains an attendance plan based on points. When Plaintiff left work on January 4, 2006 he had 5 ½ points under the absentee policy. Even if his absences for January 4 through 6 had been unexcused, which they were not, he would not have had enough points under Defendant's policy to justify his termination of employment.

14. Defendant violated its own absentee policy in terminating Plaintiff on January 6, 2006, based on points; by not honoring Plaintiff's doctor's excuse for his absences; and, by failing to give Plaintiff warnings, as required by the progressive discipline of that policy.

### IV. COUNT ONE – FMLA INTERFERENCE

15. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 14 above.

16. Plaintiff suffered from a serious health condition due to a virus sickness when he left work on January 4, 2006. He was under the care of a medical provider, and was incapacitated for January 4, 5 and 6. By such he suffered from a serious health condition, as defined under the FMLA. His period of incapacity for such condition exceeded three consecutive days.

17. Defendant violated the FMLA, while knowing of Plaintiff's serious health condition. Defendant terminated Plaintiff's employment while he was off on a qualifying serious health condition, with a doctor's excuse, interfering with his rights under the FMLA to return to work.

18. In terminating Plaintiff's employment Defendant violated its own policies in regard to discipline for absenteeism. Further, Defendant violated the FMLA.

19. As a result of Defendant's willful violation of the FMLA, Plaintiff has been damaged, suffering loss of income.

V.   **COUNT TWO – FMLA RETALIATION**

20. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 19 above.

21. Plaintiff was off of work for more than two weeks under an FMLA approved leave from Defendant during the last two weeks of December, 2005.

22. At all times while Plaintiff was off on FMLA leave in December, 2005 he was under the continuing care of a medical provider. At all times during that leave he suffered from a serious health condition, as defined by the FMLA.

23. Plaintiff worked on January 3, 2006, as his first day back from his FMLA leave.

24. On January 4, 2006 Plaintiff became very ill, requiring that he seek medical attention for a serious health condition. At that time, his supervisor, Olenick, made the comment to Plaintiff when he said he was having to go home that "we're in the same fix again," referring to Plaintiff's absence under FMLA leave during the last two weeks of December, 2005.

25. Defendant willfully violated the FMLA by retaliating against Plaintiff in terminating his employment because of Plaintiff exercising his rights under the FMLA to take leave during the last two weeks of December, 2005, and then again in January, 2006.

26. In terminating Plaintiff, Defendant violated its own absentee policy and willfully violated the FMLA.

27. As a result of Defendant's willful violation of the FMLA, Plaintiff has suffered a loss of income and suffered mental anguish.

**VI.   PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

1. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family Medical Leave Act;

2. Enter an Order requiring the Defendant to make Plaintiff whole by awarding him reinstatement to the position he would have had, had he not been terminated;

3. Award him back pay, together with employment benefits;

4. Liquidated damages;

5. Mental anguish damages;

6. Attorneys' fees and costs;

7. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

Respectfully submitted,

/s/ David R. Arendall
_____
DAVID R. ARENDALL

/s/ Allen D. Arnold

_____
ALLEN D. ARNOLD

<u>OF COUNSEL</u>:
RENDALL & ASSOCIATES
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203
(205) 252-1550 - Office
(205) 252-1556 - Facsimile

## **PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

/s/ David R. Arendall

_____
OF COUNSEL

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have mailed a copy of the above and foregoing, by U.S. Mail, properly addressed and postage prepaid on July 28, 2006, upon:

Masterbrand Cabinets, Inc.
c/o CSC Lawyers Incorporating Svc. Inc.
Agent for Process of Service
150 S. Perry Street
Montgomery, AL 36104

Further, I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 3, 2006.

/s/ Allen D. Arnold

_____
Of Counsel