UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  3:06 CV 528-WKW |
| ) | |
| MASTERBRAND CABINETS, INC. ) | |
| ) | |
| Defendant. ) | |

**CONSOLIDATED ANSWER AND DEFENSES TO PLAINTIFF'S
AMENDED AND RESTATED COMPLAINT AND
MOTION TO DISMISS IN PART**

**ANSWER**

Defendant, MasterBrand Cabinets, Inc. ("MBCI"), hereby files its Answer and Defenses to Plaintiff's Amended and Restated Complaint ("Complaint") and states as follows:

**I. JURISDICTION**

**Complaint Paragraph No. 1:** This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §1331, 1343(4), 2201, 2202 and 29 U.S.C. §2617(a)(2).  This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993."  The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 29 U.S.C. §2601 *et seq.,* providing damages, injunctive relief and other relief.

**ANSWER:** MBCI admits that Plaintiff brings this action under the Family and Medical Leave Act of 1993.  MBCI denies that it discriminated and/or retaliated against the Plaintiff on the basis of the FMLA, denies that Plaintiff is entitled to relief under the FMLA and denies any remaining allegations contained in Plaintiff's

Complaint Paragraph 1.

**Complaint Paragraph No. 2:** Defendant, Masterbrand Cabinets, Inc. (hereinafter "Defendant") does business in the State of Alabama and is subject to service of process in Alabama. Therefore, this Court has personal jurisdiction over Defendant.

**ANSWER:** MBCI admits the allegations contained in Plaintiff's Complaint Paragraph 2.

## II. PARTIES

**Complaint Paragraph No. 3:** Plaintiff, Ronnie Giles, hereinafter "Plaintiff," is a citizen of the United States, and a resident of the State of Alabama. Plaintiff was formerly employed by the Defendant.

**ANSWER:** MBCI admits the allegations contained in Plaintiff's Complaint Paragraph 3.

**Complaint Paragraph No. 4:** Defendant is an entity subject to suit under 28 U.S.C. §1331 and 29 U.S.C. §2617(a)(2). Defendant employs at least fifteen (15) persons.

**ANSWER:** MBCI admits 28 U.S.C. §1331 and 29 U.S.C. §2617(a)(2) give this Court jurisdiction over Plaintiff's claims. MBCI admits it employs at least 15 persons.

## III. STATEMENT OF THE FACTS

**Complaint Paragraph No. 5:** Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

**ANSWER:** MBCI incorporates by reference its answers to Paragraphs 1 through 4 of Plaintiff's Complaint as if set forth herein.

**Complaint Paragraph No. 6:** Plaintiff began work with Defendant in July of 1999 as a material handler/order puller.

**ANSWER:** MBCI admits the allegations contained in Plaintiff's Complaint Paragraph 6.

**Complaint Paragraph No. 7:** By December, 2005 Plaintiff was an eligible employee, as defined under the FMLA.

**ANSWER:** MBCI admits Plaintiff was an eligible employee in that he had worked for the Company for at least 12 months and had worked at least 1250 hours in the twelve months before December 19, 2005 when he was approved for a leave of absence.

**Complaint Paragraph No. 8:** In December, 2005 Plaintiff was off from work for approximately two weeks under FMLA leave for a serious health condition.

**ANSWER:** MBCI admits that Plaintiff was approved for a leave of absence from December 19, 2005 through and including January 2, 2006.

**Complaint Paragraph No. 9:** Plaintiff returned from FMLA leave on January 3, 2006. He worked all day that day, and two hours on January 4, 2006.

**ANSWER:** MBCI admits Plaintiff returned from leave on January 3, 2006 and worked the entire day. MBCI admits Plaintiff worked 2.1 hours on January 4, 2006.

**Complaint Paragraph No. 10:** During the time Plaintiff was at work on January 4, 2006 he became so sick that he was unable to work and had to leave. Plaintiff went to his doctor on that day and obtained a doctor's excuse for January 4, 2006 through January 6, 2006.

**ANSWER:** MBCI admits that Plaintiff left work early on January 4, 2006, that on January 5, 2006 he called off work reporting that he was sick with a high fever and on January 6, 2006 called off work simply stating that he would not be at work. MBCI denies the remaining allegations contained in Plaintiff's Complaint Paragraph 10.

**Complaint Paragraph No. 11:** When Plaintiff left work on January 4, 2006 his supervisor, John Olenick, asked him if he was staying or going home because of his sickness. Plaintiff told him he had to leave. Olenick then stated "we are in the same fix as before."

**ANSWER:** MBCI denies the allegations contained in Plaintiff's Complaint Paragraph 11.

**Complaint Paragraph No. 12:** Plaintiff attempted to return to work on January 7, 2006, but was denied that opportunity. He was told by management that he had been fired the day before.

**ANSWER:** MBCI admits that Plaintiff attempted to return to work on January 7, 2006 and that he was told to go home and report back to work the following Monday. MBCI further admits that Plaintiff's employment was terminated on January 9, 2006. MBCI denies the remaining allegations contained in Plaintiff's Complaint

Paragraph 12.

**Complaint Paragraph No. 13:** Defendant maintains an attendance plan based on points. When Plaintiff left work on January 4, 2006 he had 5 1/2 points under the absentee policy. Even if his absences for January 4 through 6 had been unexcused, which they were not, he would not have had enough points under Defendant's policy to justify his termination of employment.

**ANSWER:** MBCI admits that it maintains an attendance plan based on points, that as of January 3, 2006 Plaintiff had accumulated 5 1/2 points under the policy and was assessed an additional point when he left early on January 4, 2006. MBCI denies the remaining allegations contained in Plaintiff's Complaint Paragraph 13.

**Complaint Paragraph No. 14:** Defendant violated its own absentee policy in terminating Plaintiff on January 6, 2006, based on points; by not honoring Plaintiff's doctor's excuse for his absences; and, by failing to give Plaintiff warnings, as required by the progressive discipline of that policy.

**ANSWER:** MBCI denies the allegations contained in Plaintiff's Complaint Paragraph 14.

**IV.  COUNT ONE - FMLA INTERFERENCE**

**Complaint Paragraph No. 15:** Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 14 above.

**ANSWER:** See MBCI's Motion to Dismiss in Part filed in response to Count One of Plaintiff's Complaint.

5

**Complaint Paragraph No. 16:** Plaintiff suffered from a serious health condition due to a virus sickness when he left work on January 4, 2006. He was under the care of a medical provider, and was incapacitated for January 4, 5 and 6. By such he suffered from a serious health condition, as defined under the FMLA. His period of incapacity for such condition exceeded three consecutive days.

**ANSWER:** See MBCI's Motion to Dismiss in Part filed in response to Count One of Plaintiff's Complaint.

**Complaint Paragraph No. 17:** Defendant violated the FMLA, while knowing of Plaintiff's serious health condition. Defendant terminated Plaintiff's employment while he was off on a qualifying serious health condition, with a doctor's excuse, interfering with his rights under the FMLA to return to work.

**ANSWER:** See MBCI's Motion to Dismiss in Part filed in response to Count One of Plaintiff's Complaint.

**Complaint Paragraph No. 18:** In terminating Plaintiff's employment Defendant violated its own policies in regard to discipline for absenteeism. Further, Defendant violated the FMLA.

**ANSWER:** See MBCI's Motion to Dismiss in Part filed in response to Count One of Plaintiff's Complaint.

**Complaint Paragraph No. 19:** As a result of Defendant's willful violation of the FMLA, Plaintiff has been damaged, suffering loss of income.

**ANSWER:** See MBCI's Motion to Dismiss in Part filed in response to Count One of Plaintiff's Complaint.

## V.  COUNT TWO - FMLA RETALIATION

**Complaint Paragraph No. 20:** Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 19 above.

**ANSWER:** MBCI incorporates by reference its answers to Paragraphs 1 through 19 of Plaintiff's Complaint as if set forth herein.

**Complaint Paragraph No. 21:** Plaintiff was off of work for more than two weeks under an FMLA approved leave from Defendant during the last two weeks of December, 2005.

**ANSWER:** MBCI admits Plaintiff was off work for more than two weeks in December 2005.

**Complaint Paragraph No. 22:** At all times while Plaintiff was off on FMLA leave in December, 2005 he was under the continuing care of a medical provider. At all times during that leave he suffered from a serious health condition, as defined by the FMLA.

**ANSWER:** MBCI is without sufficient knowledge and/or information to admit or deny the allegations contained in Plaintiff's Complaint Paragraph 22 and therefore it denies the allegations.

**Complaint Paragraph No. 23:** Plaintiff worked on January 3, 2006, as his first day back from his FMLA leave.

**ANSWER:** MBCI admits Plaintiff returned to work and worked all scheduled hours on January 3, 2006.

**Complaint Paragraph No. 24:** On January 4, 2006 Plaintiff became very ill, requiring that he seek medical attention for a serious health condition. At that time, his supervisor, Olenick, made the comment to Plaintiff when he said he was having

7

to go home that "we're in the same fix again," referring to Plaintiff's absence under FMLA leave during the last two weeks of December, 2005.

**ANSWER:** MBCI admits that January 4, 2006 Plaintiff worked 2.1 hours and then went home. MBCI denies the remaining allegations contained in Plaintiff's Complaint Paragraph 24.

**Complaint Paragraph No. 25:** Defendant willfully violated the FMLA by retaliating against Plaintiff in terminating his employment because of Plaintiff exercising his rights under the FMLA to take leave during the last two weeks of December, 2005, and then again in January, 2006.

**ANSWER:** MBCI denies the allegations contained in Plaintiff's Complaint Paragraph 25.

**Complaint Paragraph No. 26:** In terminating Plaintiff, Defendant violated its own absentee policy and willfully violated the FMLA.

**ANSWER:** MBCI denies the allegations contained in Plaintiff's Complaint Paragraph 26.

**Complaint Paragraph No. 27:** As a result of Defendant's willful violation of the FMLA, Plaintiff has suffered a loss of income and suffered mental anguish.

**ANSWER:** MBCI denies the allegations contained in Plaintiff's Complaint Paragraph 27.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims may be barred in whole or in part by the applicable Statute of Limitation.

  2. To the extent Plaintiff has failed to mitigate his damages, his damages are barred from recovery or their recovery should be reduced.

  3. Plaintiff fails to state a claim under the FMLA for which relief can be granted.

  4. All decisions or actions made or taken by MBCI were based on legitimate, non-discriminatory reasons.

  5. Plaintiff received equal or more favorable treatment than other similarly situated employees.

  6. MBCI is not liable for punitive damages to the extent any managerial agents made employment decisions that are contrary to MBCI's good faith efforts to comply with the law.

  7. Plaintiff is not entitled to punitive damages because MBCI's actions were not malicious, egregious, in bad faith, or in willful or reckless disregard of any legal rights of Plaintiff.

  8. MBCI reserves the right to add, alter, and/or amend its list of affirmative and other defenses during the course of discovery.

  WHEREFORE, Defendant, Masterbrand Cabinets, Inc., denies that Plaintiff is entitled to any relief under his Complaint or any of the allegations contained therein and respectfully requests that Plaintiff take nothing by way of his Complaint, that this case be dismissed with prejudice, that the Court enter judgment in its favor and that

MBCI receive all appropriate relief to which it may be justly entitled, including reasonable attorney fees.

                                        Respectfully submitted,

                                        s/Kelley Bertoux Creveling
                                        Mark J. Romaniuk (#15255-49)
                                        Kelley Bertoux Creveling (#19309-49)
                                        BAKER & DANIELS LLP
                                        300 N. Meridian Street, Suite 2700
                                        Indianapolis, IN 46204
                                        Phone: (317) 237-0300
                                        Fax:  (317) 237-1000
                                        mark.romaniuk@bakerd.com
                                        kelley.creveling@bakerd.com

                                        *Attorneys for Defendant*

## MOTION TO DISMISS IN PART

Defendant, MasterBrand Cabinets, Inc. ("MBCI"), hereby files its Motion to Dismiss Count One of Plaintiff's Amended and Restated Complaint ("Complaint") and in support of its Motion states as follows:

1.      At issue in Count One of Plaintiff's Complaint is his entitlement to leave for his own serious health condition.  In such a situation, FMLA regulations only require MBCI to grant leave to eligible employees "because of a serious health condition that makes the employee unable to perform the functions of the employee's job."  29 C.F.R. 825.112.

2.      On its face, the facts as alleged in the Complaint demonstrate that Plaintiff did not suffer from a serious health condition qualifying him for leave under the Family and Medical Leave Act.  Accordingly, Count One of the Complaint alleging interference with FMLA rights must be dismissed.

3.      Given Plaintiff's many references to "three consecutive calendar days" in the Complaint, he clearly attempts to qualify under the absence plus treatment definition of serious health condition found in 29 C.F.R. 825.114(a)(2)(i).

4.      Plaintiff makes no mention of any inpatient care.  He alleges that the absences at issue, from January 4-6, 2006, were due to a "virus sickness."  A chronic serious health condition is thus not at issue either.

5.      To qualify for leave under 29 C.F.R. 825.114(a)(2), Plaintiff must have been incapacitated for "more than three consecutive calendar days" and also must have received treatment two or more times by a healthcare provider or treatment on one

occasion by a healthcare provider which resulted in a regimen of continuing treatment. 29 C.F.R. 825.114(a)(2)(i).

6. The phrase "calendar day" as used in 29 C.F.R. 825.114 refers to a "whole day, not to part of a day." *Russell v. North Broward Hospital*, 346 F.3d 1335, 1343 (11th Cir. 2003) ("a 'calendar day' has a simple and universally understood meaning: the period of time from one midnight to the following midnight . . . A calendar day thus refers to a whole day, not to a part of a day").

7. Plaintiff alleges that he worked on January 3, 2006 and a partial day on January 4, 2006 but was incapacitated the remainder of that day. (Complaint ¶¶ 9,16). He also alleges incapacity on January 5 and 6, 2006. (Complaint ¶ 16). According to Plaintiff, he was ready and able to return to work on January 7, 2006. (Complaint ¶ 12)

8. Plaintiff's Complaint fails to allege that he was incapacitated for <u>more than</u> three consecutive days. At best, Plaintiff was incapacitated for two full days and a portion of a third day: Wednesday, January, 4, 2006 (partial day), Thursday, January 5, 2006 (full day) and Friday, January 6, 2006 (full day). Plaintiff reported to work on Saturday, January 7, 2006.

9. An absence, like Plaintiff's, of less than three days does not meet the definition of a serious health condition under 29 C.F.R. 825.114(a)(2)(i). "It takes some fraction more than three whole calendar days in a row to constitute the 'period of incapacity' required under §825.114." *Russell,* 346 F.3d at 1343.

10. In addition to not suffering an incapacity of more than three consecutive days, Plaintiff also fails to meet the test of §825.114 in that he alleges only

12

that he went to his doctor on one occasion and obtained a "doctor's excuse". (Complaint, ¶10). There is no indication that Plaintiff received treatment two or more times by a healthcare provider or treatment on one occasion by a healthcare provider which resulted in a regimen of continuing treatment as required by 29 C.F.R. 825.114.

11.    "A Rule 12(b)(6) Motion to Dismiss challenges the legal sufficiency of a complaint, and should be granted, as a general rule, only when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Tyus v. Hubbell Power Systems, Inc.*, 2005 WL 1270241 (M.D.Ala. 2005). The Court must accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Id.*

12.    Count One is plainly insufficient to state a claim for interference of FMLA rights as the allegations demonstrate that Plaintiff did not suffer from a serious health condition qualifying him for leave.

Wherefore, Defendant, MasterBrand Cabinets, Inc. respectfully requests

that the Court issue an order dismissing Count One of Plaintiff's Complaint and for all other appropriate relief.

        Respectfully submitted,

        s/Kelley Bertoux Creveling
        Mark J. Romaniuk (#15255-49)
        Kelley Bertoux Creveling (#19309-49)
        BAKER & DANIELS LLP
        300 N. Meridian Street, Suite 2700
        Indianapolis, IN 46204
        Phone: (317) 237-0300
        Fax:  (317) 237-1000
        mark.romaniuk@bakerd.com
        kelley.creveling@bakerd.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on August 8, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203

*Attorney for Plaintiff*

        s/Kelley Bertoux Creveling