# PLAINTIFF'S EVIDENTIARY SUBMISSION 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE GILES,<br><br>      Plaintiff,<br><br>vs.<br><br>MASTERBRAND CABINETS, INC.<br><br>      Defendant. | CAUSE NO. 3:06 CV 528-WKW |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant, MasterBrand Cabinets, Inc. ("MBCI"), by counsel, hereby responds to Plaintiff's First Request for Admissions as set forth below.

### REQUESTS

**ADMISSION NO. 1:** Admit that Plaintiff was eligible for leave under the FMLA for a serious health condition as of his leave in December 2005.

**RESPONSE:** Admit.

**ADMISSION NO. 2:** Admit that in December of 2005, Plaintiff was absent from work for approximately two weeks under an approved FMLA leave for a serious health condition.

**RESPONSE:** Defendant admits that Plaintiff was approved for Family and Medical leave from December 19, 2005 through and including January 2, 2006 and that Plaintiff was off work for more than two weeks in December 2005.

**ADMISSION NO. 3:** Admit that Plaintiff returned from FMLA leave on January 3, 2006, and complied with all of Defendant's requirements to return to work, following his FMLA leave.

**RESPONSE:** Defendant admits Plaintiff returned from leave on January 3, 2006 and worked the entire day. Defendant is without sufficient information to admit or deny the remaining allegation contained in Plaintiff's Request No. 3 as Request No. 3 is vague and Defendant cannot determine what is meant by the phrase "complied with all of Defendant's requirements to return to work, following his FMLA leave."

**ADMISSION NO. 4:** Admit that Plaintiff worked all day on January 3, 2006, and for two hours on January 4, 2006, after becoming ill while at work.

**RESPONSE:** See Response to Request for Admission No. 3. Defendant admits that Plaintiff worked 2.1 hours on January 4, 2006. Defendant admits that Plaintiff left work early on January 4, 2006, after reportedly feeling ill.

**ADMISSION NO. 5:** Admit that Plaintiff complied with Defendant's rules and policies regarding leaving work on January 4, 2006, for his sickness.

**RESPONSE:** Defendant admits that Plaintiff clocked out and notified his supervisor when he left early on January 4, 2006 and accordingly complied with Defendant's rules and policies.

**ADMISSION NO. 6:** Admit that Plaintiff presented a doctor's excuse for his absence for January 4, 2006, through January 6, 2006.

**RESPONSE:** Defendant denies the allegations contained in Request for Admission No. 6.

**ADMISSION NO. 7:** Admit that on January 4, 2006, prior to his leaving work, John Olenick, Plaintiff's supervisor, told Plaintiff "we are in the same fix as before" when Plaintiff told Olenick he had to leave because of his illness.

**RESPONSE:** Defendant denies the allegations in Request for Admission No. 7.

2

**ADMISSION NO. 8:** Admit that on January 7, 2006, when Plaintiff attempted to return to work, he was told he had been terminated the day before.

**RESPONSE:** Defendant admits that when Plaintiff attempted to return to work on January 7, 2006, he was told to go home and report back to work the following Monday. MBCI also admits that Plaintiff's employment was terminated on Monday, January 9, 2006. Defendant denies the remaining allegations in Request for Admission No. 8.

**ADMISSION NO. 9:** Admit that Defendant maintains an attendance plan based on points awarded for tardies, absences and partial day absences.

**RESPONSE:** Admit.

**ADMISSION NO. 10:** Admit that prior to his absence beginning on January 4, 2006, Plaintiff had acquired only 5 1/2 points under the absentee policy.

**RESPONSE:** Defendant admits that it maintains an attendance policy based on assessment of points for absences. Defendant denies that on January 4, 2006, Plaintiff had acquired only 5½ points. Rather, as of January 3, 2006, Plaintiff had accumulated 5½ points and was assessed an additional point for leaving early on January 4, 2006.

**ADMISSION NO. 11:** Admit that Plaintiff complied with Defendant's absence policy for his absences of January 4-6, 2006.

**RESPONSE:** Defendant admits that Plaintiff called in to report his absences on January 5 and 6, 2006 and accordingly complied with Defendant's Attendance Policy.

**ADMISSION NO. 12:** Admit that even if Plaintiff had been charged with points for unexcused absences for January 4-6, 2006, these total points would not have been enough points under Defendant's policy for his termination if the policy were followed.

3

**RESPONSE:** Deny. In accordance with Defendant's clearly articulated attendance policy, Plaintiff was assessed 1 point for leaving work early on January 4, 2006, when he worked only 2.1 hours of an eight (8) hour shift. Also in accordance with Defendant's policy, Plaintiff was assessed 2 additional points for his absence on January 5, 2006 and an additional 1 point for his consecutive absence on January 6, 2006, bringing Plaintiff's total point accumulation to 9.5 points, which is ½ point above the threshold for termination of employment.

**ADMISSION NO. 13:** Admit that Defendant's absence policy would not have called for Plaintiff to receive any points for January 4, January 5, and January 6, 2006, because such days were excused by Plaintiff's doctor.

**RESPONSE:** Deny. MBCI's attendance policy does not list absences as "excused" or "unexcused."

**ADMISSION NO. 14:** Admit that Defendant violated its own policy by terminating Plaintiff for absences.

**RESPONSE:** Deny. See Response to Request for Admission No. 12.

**ADMISSION NO. 15:** Admit that Defendant terminated Plaintiff in retaliation for his earlier FMLA leave.

**RESPONSE:** Deny. Defendant terminated Plaintiff because Plaintiff's point accumulation resulting from absences unrelated to his approved leave surpassed the point of termination under Defendant's attendance policy.

**ADMISSION NO. 16:** Admit that Defendant was aware that Plaintiff's absences on January 4, January 5, and January 6, 2006, were for intermittent leave for his earlier FMLA leave.

**RESPONSE:** Defendant denies the allegations in Request for Admission No. 16.

Respectfully submitted,

BAKER & DANIELS LLP

By: ___*Kelley BPC*___
Mark J. Romaniuk, 15255-49
Kelley Bertoux Creveling, 19309-49
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Phone: (317) 237-0300
Facsimile: (317) 237-1000
E-mail: mark.romaniuk@bakerd.com
E-mail: kelley.creveling@bakerd.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2006 a copy of the foregoing document was delivered via First Class U.S. Mail, postage pre-paid upon the following counsel of record:

David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203

_____*Kelley BPC*_____

5