# PLAINTIFF'S EVIDENTIARY

# SUBMISSION 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06 CV 528-WKW |
| ) | |
| MASTERBRAND CABINETS, INC. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant MasterBrand Cabinets, Inc. ("MBCI"), by counsel, hereby responds to Plaintiff's First Set of Interrogatories as set forth below.

## GENERAL OBJECTIONS

Each answer is subject to these general objections, all of which expressly are preserved and not waived, whether stated in individual answers or not.

A. MBCI objects to Plaintiff's Interrogatories on the basis of the attorney-client privilege to the extent the Interrogatories seek disclosure of information constituting, evidencing or reflecting confidential communications between MBCI and its attorneys or information that is otherwise protected from disclosure by the attorney-client privilege.

B. MBCI objects to the Interrogatories to the extent they seek information not relevant to the subject matter of this action, information not reasonably calculated to lead to the discovery of admissible evidence, confidential information,

BDDB01 4519179v1

privileged information, the legal research, theories, opinions, or conclusions of MBCI's counsel or other materials prepared in anticipation of litigation or for trial, or information otherwise outside the scope and limits of discovery pursuant to Fed. R. Civ. P. 26(b).

C.  MBCI bases its answers to Plaintiff's Interrogatories on the assumption that they do not intend to seek information protected from discovery by the attorney-client privilege, the work product doctrine, or other applicable privileges or immunities from discovery. To the extent the Interrogatories call for such information, MBCI objects to them and claims the privileges and protections specified above to the fullest extent provided by law.

D.  MBCI objects to Plaintiff's Interrogatories to the extent the Interrogatories seek the disclosure of confidential business information that is not related to the subject matter of this lawsuit on the grounds that the Interrogatories are overly broad in terms of time and/or scope in that the Interrogatories seek information which is neither relevant nor material to the subject matter of this action and which are not reasonably calculated to lead to the discovery of admissible evidence.

E.  MBCI objects to Plaintiff's Interrogatories to the extent the Interrogatories seek disclosure of information pertaining to any facility other than the Auburn, Alabama facility where the Plaintiff was employed. MBCI declines to respond as to any facility other than the Auburn, Alabama facility.

F.  MBCI objects to the Interrogatories to the extent they seek documents or information not in MBCI's possession, custody, or control.

G.  These General Objections are incorporated by reference, as if fully stated therein, in each of MBCI's answers below.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each Request for Admission that you denied, state the factual basis for the denial and individual(s) with knowledge of those facts.

**ANSWER:** See Defendant's explanations provided within Defendant's Response to Plaintiff's First Request for Admissions. Persons with knowledge of such facts include those named in Defendant's Answer to Plaintiff's Interrogatory No. 2 below.

**INTERROGATORY NO. 2:** State the reason for Plaintiff's termination and the facts relating to Plaintiff's termination, including those individuals with knowledge of such facts.

**ANSWER:** Plaintiff was terminated for excessive absences in violation of MBCI's attendance policy. As of January 3, 2006, Plaintiff had accumulated 5.5 points under MBCI's attendance policy. Plaintiff left work early on January 4, 2006, which resulted in the assessment of another point. Plaintiff was then absent on January 5 and again on January 6, 2006, which resulted in the assessment of an additional 3 points, bringing his total to 9.5 points. Accumulation of 9 or more points warrants termination under MBCI's attendance policy. Individuals with knowledge of such facts include those identified by MBCI in Defendant's Initial Disclosures:

Perry Ezell, Human Resources Manager MBCI

Kim Couch, Human Resources Analyst MBCI

Kirsten Ray, Human Resources Assistant MBCI

3

Jon Oleinick, Former Team Leader, current Materials Manager MBCI

**INTERROGATORY NO. 3:** Describe fully the Defendant's policy relating to the Family Medical Leave Act; absentee policy; points system; progressive discipline; written and oral warnings regarding absences; sick leave (i.e. date of implementation, author, amendments, if any, and date of amendments, etc.; how it is disseminated to employees; and how leave is to be requested).

**ANSWER:** See the Attendance policies previously produced and the Leave of Absence policy produced in response to Request for Production No. 7. Defendant's attendance policy was effective July 18, 2005, replacing all prior attendance policies, Defendant's leave of absence policy was effective January 1, 2002. Both were distributed to employees at work.

**INTERROGATORY NO. 4:** State who had had any control over Plaintiff's job assignments, work schedule, absences, tardies, points under the absence policy, sick-leave, vacation, pay increases, and/or discipline. Include in your answer the above-referenced individuals' job titles, job duties, and what control said individual(s) had over Plaintiff.

**ANSWER:** Plaintiff's team leader was Jon Oleinick who, in conjunction with Human Resources, was responsible for administration of discipline and monitoring of Plaintiff's job assignments. Plaintiff was responsible for his absences and tardies, which in turn were recorded in the Company's computerized attendance tracking system.

**INTERROGATORY NO. 5:** For Plaintiff, state the following:

a. The date on which Plaintiff began and ceased working with Defendant;

b. Plaintiff's job duties and each job title held with applicable dates;

c. Dates of all absences of Plaintiff, whether excused or otherwise;

d. Date, reason, and nature of any and all disciplinary action(s), if any, taken against Plaintiff;

    e.    Plaintiff's rate(s) of pay while employed; together with the dates of any changes;

    f.    Name and job title of any and all person(s) making the decision(s) as to any disciplinary action taken against Plaintiff.

**ANSWER:** Objection. Plaintiff was employed for approximately six years. Defendant objects to providing a listing of Plaintiff's absences for the entire six year period and prior to the effective date of the attendance policy as irrelevant and not reasonably tailored to lead to the discovery of admissible evidence. Subject to and without waiving the above objections, Defendant agrees to provide Plaintiff's absences that led to his termination.

    a.    July 19, 1999; January 9, 2006

    b.    July 1999 – material handler/order puller

    c.    8/24/05 (tardy)
           9/1/05 (absent)
           9/8/05 (tardy)
           12/8/05 (absent)
           12/16/05 (early departure)
           1/4/05 (early departure)
           1/5/06 (absent)
           1/6/06 (absent)

    d.    November 2, 2005, verbal warning for excessive absenteeism; January 9, 2006, excessive absenteeism in violation of the company attendance policy, employment terminated.

    e.    7/19/99 - 1/24/00 $9.00/hr; 1/24/00 - 4/1/00 $9.50/hr; 4/1/00 - 7/24/00 $9.83/hr; 7/24/00 - 4/1/01 $10.35/hr; 4/1/01 - 7/30/01 $10.66/hr; 7/30/01 - 4/1/02 $11.20/hr; 4/1/02 - 4/7/03 $11.60/hr; 4/7/03 - 4/5/04 $12.35/hr; 4/5/04 - 1/9/06 $12.60/hr

    f.    Perry Ezell, HR Manager; Jon Oleinick, Team Leader.

**INTERROGATORY NO. 6:** State whether you have taken statements either orally or written or had any employees, including Plaintiff, fill out questionnaires

5

relating to Plaintiff's allegations. If so, state the name, address and home telephone number of each employee and provide a copy of same.

**ANSWER:** Objection. MBCI objects to this interrogatory to the extent it seeks documents protected by attorney-client privilege. Defendant has no documents responsive to this request not covered by the attorney-client privilege. Defendant declines to produce employee statements to counsel.

**INTERROGATORY NO. 7:** Please state whether **during** Plaintiff's employment or **after** Plaintiff's termination you received any complaint(s) relating to Plaintiff's performance. If your answer is in the affirmative, please state the name of the individual who complained about Plaintiff's job performance and the nature of said complaints.

**ANSWER:** None other than violation of the Attendance policy.

**INTERROGATORY NO. 8:** Describe in detail any and all lawsuits (including style of the case, case number and resolution of case, if applicable), internal grievances or other complaint(s) which have been filed against Defendant alleging violation of the FMLA since January 1, 2002.

**ANSWER:** Objection. MBCI objects to Interrogatory No. 8 on the basis that it is overly broad and unduly burdensome and seeks information that is neither relevant to the subject matter of this action nor reasonably likely to lead to the discovery of admissible evidence. Cooper v. Diversicare Mgmt. Svcs. Co., 115 F. Supp. 2d 1311, 1322 n.13 (M.D. Ala. 1999) (evidence relating to a pattern and practice of discrimination is only collateral to an individual discrimination claim); see also Gilty v. Village of Oak Park, 919 F.2d 1247 (7th Cir. 1990) (same) (quoting Williams v. Boorstin, 663 F.2d 109, 115 n.38 (D.C. Cir. 1980); White v. Money Store, 1997 WL 126847, *3 (N.D. Ill. 1997) (holding that whether other race discrimination claims have been filed against the defendant is totally irrelevant to establishing the elements of plaintiff's race

6

discrimination claim). Defendant further objects to this request to the extent that it seeks personnel information regarding individuals who are not parties to this litigation. See, Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994), cert. denied, 515 U.S. 1159 (1995) (holding personnel files non-discoverable in discrimination action based on irrelevance and employee privacy interest); Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D. Kan. 1995) (denying discovery of non-party personnel files); Giraudo v. Henkels & McCoy, Inc., 1993 WL 415613, at * 1 (D. Or. 1993) (holding non-party employee personnel file not discoverable); Griffiths v. CIGNA Corp., 1992 WL 13016, at *2 (E.D. Pa. 1992) (holding personnel file of plaintiff's supervisor non-discoverable); Koppman v. South Central Bell Telephone Co., 1991 WL 214034, at *2-3 (E.D. La. 1991) (holding personnel files of management personnel non-discoverable). Defendant declines to produce the requested information.

**INTERROGATORY NO. 9:** For John Olenick, state the following:

a. Dates of employment;

b. Title(s), including changes throughout Plaintiff's employment;

c. Supervisor(s);

d. Training relating to the FMLA;

e. Any other complaints, internal or formal, filed against Plaintiff.

**ANSWER:**

a. October 14, 2002 to present

b. Team Leader; Materials Manager

c.   Rick Worman, Manager-Materials; Alisha Still, Controller; Lori Bush, Manager-Materials; Anthony Zellars, General Manager-Auburn Operation

d.   None prior to Plaintiff's termination

e.   None.

**INTERROGATORY NO. 10:**   For the individual who replaced Plaintiff, state the following:

a.   Name

b.   Title

c.   Dates of employment with Defendant

d.   Rate of pay

**ANSWER:**   Defendant objects to Interrogatory No. 10 as not reasonably tailored to lead to the discovery of admissible evidence and to the extent it seeks personnel information regarding individuals not parties to this litigation. See also the response to Interrogatory No. 8. Defendant declines to produce the information requested.

**INTERROGATORY NO. 11:**   Identify any documents, facts, people or potential witnesses as defined herein, that may be utilized for impeachment purposes, and arguably an exception to Rule 26 of the Federal Rules of Civil Procedure.

**ANSWER:**   Defendant directs Plaintiff to Defendant's Initial Disclosure Statement and the documents provided therewith.

**INTERROGATORY NO. 12:**   Identify each person involved in Plaintiff's FMLA request, return and leave monitoring in December 2005 by name and job title and explain what role each had regarding Plaintiff's leave.

**ANSWER:**   Perry Ezell, HR Manager approved Plaintiff's leave. Jon Oleinick, Team Leader, coded Plaintiff's absences as approved leave in the computer system.

8

BDDB01 4519179v1

## **VERIFICATION**

I hereby affirm, under penalties of perjury, that I have read the foregoing Answers to Interrogatories, that I am authorized to sign such responses on behalf of MasterBrand Cabinets, Inc., that some of the matters stated in the answers are not within my personal knowledge, that some of the matters stated in the answers are based on information supplied by others, and that the facts stated in the answers are true to the best of my knowledge, information and belief, this \_\_11\_\_ day of October, 2006.

MASTERBRAND CABINETS, INC.

By: *(signature)*
Perry Ezell
Manager-Human Resources

AS TO OBJECTIONS ONLY

BAKER & DANIELS LLP

By: *(signature)*
Mark J. Romaniuk, 15255-49
Kelley Bertoux Creveling, 19309-49
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Phone: (317) 237-0300
Facsimile: (317) 237-1000
E-mail: mark.romaniuk@bakerd.com
E-mail: kelley.creveling@bakerd.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2006 a copy of the foregoing document was delivered via first class U.S. mail, postage prepaid, upon the following counsel of record:

David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203

_Kelley B/C_