IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**RONNIE GILES,**

    **PLAINTIFF,**

**V.**                  **CIVIL ACTION NO: 3:06-cv-00528-WKW-WC**

**MASTERBRAND CABINETS, INC.,**

                                            **OPPOSED**

**DEFENDANT.**

## PLAINTIFF'S MOTION TO STRIKE
## DEFENDANT'S EVIDENTIARY SUBMISSIONS ATTACHED TO ITS
## REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, by and through undersigned counsel and moves this Honorable Court to strike Defendant's Evidentiary Submissions in support of its Reply Brief in Support of Motion for Summary Judgment.

Defendant's need to submit irrelevant and confusing evidence following Plaintiff's Response to Defendant's summary judgment motion is a clear showing that the motion is meritless and due to be denied. Defendant submitted its motion and stated that the evidence before the Court was sufficient to grant summary judgment. After reading Plaintiff's Response, Defendant has now provided evidence stating that its original evidence in fact was not sufficient, and thus admits a question of fact does exist. Additionally, by seeking to add evidence after Plaintiff has opposed Defendant's motion, Plaintiff is not allowed to rebut or

provide any response, which is obviously unfairly prejudicial to Plaintiff.

Defendant is aware that Plaintiff has shown sufficient relevant and admissible evidence that a jury could reasonably conclude that Defendant violated the FMLA. Defendant is quick to ignore the facts present in its Answers to Interrogatories and the facts deemed admitted through its Answer and Requests for Admission. In response, Defendant has attempted to divert the Court's attention away from the relevant facts necessary to show a *prima facie* case and pretext for its discriminatory actions.

Defendant has submitted misleading and inappropriate evidence that further demonstrates that a question of fact exists in this matter. Defendant has submitted supplemental paragraphs 39 and 40 to his affidavit. These paragraphs are an ill conceived rebuttal to Plaintiff's Response to Defendant's Motion for Summary Judgment. This evidence does not conform with the Federal Rules of Evidence and is due to be struck.

**Perry Ezell's Affidavit ¶ 39**

Defendant's assertion that Plaintiff had 8 hours of scheduled time off that he did not use during 2005 is not relevant. "'Relevant Evidence' means evidence having any tendency to make the existence of any that fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not

admissible." Fed. R. Evid. 402.  Defendant awarded Plaintiff full scheduled time off and vacation on January 1, 2006.  (See Plaintiff's Evidentiary Submission No. 4).  The time off asserted by Defendant's affiant is irrelevant and misleading as it does not have anything to do with the related policies that were ignored in complicity with Plaintiff's retaliatory termination.  At the time of Plaintiff's termination, Plaintiff had 80 hours of unused vacation and 8 hours of personal time **for 2006**.  (See Plaintiff's Evidentiary Submission No. 4).  Defendant's Affidavit is stating a fact about Plaintiff's scheduled time off **for the year 2005** is completely irrelevant as it does not pertain to the 2006 year relevant to Plaintiff's termination.  Defendant's irrelevant information is due to be struck and should not considered by the Court in considering summary judgment.

**Perry Ezell's Affidavit ¶ 40**

Defendant has also cited paragraph 40 of Ezell's Affidavit.  Defendant cites irrelevant information regarding other employees who have used FMLA leave and were later terminated according to policy.  This information does not distinguish decision-makers, the nature of time-off, or sick leave.  "'Relevant Evidence' means evidence having any tendency to make the existence of any that fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401.  "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  This supplemental paragraph does

not make the existence of Defendant's decision-makers retaliatory intent more or less probable as there is no evidence of relationship between the 28 listed individual and the decision-makers who made the termination decision or coded the absences for these employees. Rather, Defendant's supplementation only shows that Defendant is trying to divert the Court's attention from the question of fact and need for a jury trial in this matter.

      WHEREFORE PREMISES CONSIDERED, Plaintiff moves this Court to strike Defendant's Supplemental Evidentiary Submissions.

      Respectfully submitted,

      /s/ Allen D. Arnold

      _____
      Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

**CERTIFICATE OF SERVICE**

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on May 15, 2007:

    Mark J. Romaniuk
    Kelley Bertoux Creveling


                                          /s/ Allen D. Arnold
                                    _____
                                    Of Counsel