UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06 CV 528-WKW |
| ) | |
| MASTERBRAND CABINETS, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
CLAIM FOR EMOTIONAL DISTRESS DAMAGES**

Defendant, MasterBrand Cabinets, Inc. ("MBCI"), pursuant to Rule 12(b)(6) and 12(h)(2) of the Federal Rules of Civil Procedure hereby files its Motion to Dismiss Plaintiff's claims for mental anguish damages and in support of its Motion states as follows:

1. This matter is set for trial by jury in the civil term beginning August 20, 2007. A final pre-trial conference in this matter is scheduled for July 18, 2007.

2. Plaintiff's cause of action alleges retaliation in violation of the Family and Medical Leave Act (FMLA). By way of his Amended Complaint, Plaintiff seeks relief including "mental anguish damages."

3. Plaintiff's claim for mental anguish damages fails to state a claim for which relief may be granted under the FMLA and should be dismissed.

4. "A Rule 12(b)(6) Motion to Dismiss challenges the legal sufficiency of a complaint, and should be granted, as a general rule, only when the movant

demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Tyus v. Hubbell Power Systems, Inc.*, 2005 WL 1270241 (M.D.Ala. 2005). The Court must accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. Id.

      5.      The claim for mental anguish damages is insufficient to state a claim as such damages are plainly not available under the FMLA. 29 U.S.C. § 2617(a).

      6.      The FMLA provides for "(i) damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee; (ii) the interest on the amount described in clause (i) calculated at the prevailing rate;" liquidated damages in certain circumstances as well as equitable relief including employment, reinstatement, and promotion. 29 U.S.C. § 2617 (a).

      7.      Similarly, it is without dispute within the courts of the Eleventh Circuit that mental/emotional type damages are not available under the FMLA. See, *McAnnally v. Wyn South Molded Products, Inc.*, 912 F.Supp. 512 (N.D. Ala 1996) ("the statutory provision does not demonstrate that Congress used the term "other compensation" in a fashion to encompass damages for mental distress."); Peters *v.* *Community Action Cmte., Inc. of Chambers-Tallapoosa-Coosa*, 977 F.Supp. 1428, 1433 (M.D. Ala. 1997) (the relief available under the FMLA includes "lost wages and other

benefits, actual damages, and liquidated damages."); Godwin *v. Rheem Manufacturing Co.*, 15 F.Supp.2d 1197, 1205 (M.D. Ala. 1998)("punitive and mental distress damages are not allowed under the FMLA."); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274 (11th Cir. 1999) ("the FMLA does not allow recovery for mental distress or the loss of job security.")

8. Under no set of facts may Plaintiff recover mental anguish damages in this lawsuit. Accordingly, Plaintiff's claim for mental anguish damages should be dismissed.

9. MBCI notes that its Motion for Summary Judgment remains pending before the Court but nevertheless files this motion in light of the upcoming final pre-trial conference and the need to place this issue before the Court in the event trial is necessary. This motion is not intended in any way to replace or undermine the pending Motion for Summary Judgment.

WHEREFORE, Defendant, MasterBrand Cabinets, Inc., respectfully requests that Plaintiff's claims for mental anguish damages be dismissed and for all other appropriate relief.

Respectfully submitted,

s/Kelley Bertoux Creveling
Mark J. Romaniuk (#15255-49)
Kelley Bertoux Creveling (#19309-49)
BAKER & DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax: (317) 237-1000

mark.romaniuk@bakerd.com
kelley.creveling@bakerd.com

*Attorneys for Defendant*

5

## CERTIFICATE OF SERVICE

I certify that on July 11, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203

*Attorney for Plaintiff*

s/Kelley Bertoux Creveling