UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06 CV 528-WKW |
| ) | |
| MASTERBRAND CABINETS, INC. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION IN LIMINE

Pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, the Defendant, MasterBrand Cabinets, Inc., ("MBCI"), respectfully moves the Court to enter an order in limine precluding the Plaintiff, Ronnie Giles ("Giles") from making any reference in his opening or closing statements and from offering any evidence in the form of statements, arguments, questions, testimony, writings, or documents regarding:

1. Evidence pertaining to MBCI's ability to maintain and enforce an Attendance Policy.

2. Evidence pertaining to the correctness, appropriateness, or fairness of the MBCI Attendance Policy;

3. Evidence pertaining to any claim or argument by Giles that he was wrongfully denied leave under the Family and Medical Leave Act;

    4.  Evidence challenging the validity and/or appropriateness of all points assessed against Giles by MBCI under its Attendance Policy up to and including January 4, 2005;

    5.  Evidence that the MBCI Attendance Policy required MBCI to automatically count unused vacation time toward consecutive absences or that MBCI has counted unused vacation time toward consecutive absences for other employees; and

    6.  Information concerning MBCI and its holding company, Fortune Brands, Inc., as well as the geographic location of MBCI's legal counsel.

  As explained below, such evidence has no relevance to the present action and would be prejudicial to MBCI, confuse the jurors and review of such evidence at trial would constitute a waste of this Court's time.

## I. Introduction

  Giles has brought this action against MBCI alleging that it terminated his employment in January 2006 in retaliation for his exercise of rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq* ("FMLA") during a two week period in December 2005. In addition to his retaliation claim, Giles initially advanced a claim alleging that MBCI failed to properly accord him medical leave for absences in January [2006 ?] ("FMLA interference claim"). The FMLA interference claim was dismissed on August 22, 2006, due to Giles' failure to allege facts sufficient to demonstrate that he suffered a "serious health condition" within the meaning of the FMLA during his January 4, 5 and 6, 2006 absences from work. (See Docket Nos. 16, 17)

MBCI terminated Giles' employment on January 7, 2006 because he exceeded the permitted amount of points assessed for (non-FMLA related) absences under MBCI's Attendance Policy. It is undisputed that MBCI employees are subject to termination of employment if they incur nine (9) or more points under the Attendance Policy. Giles does not dispute that as of his Partial Absence from work on January 4, 2006, he had accumulated 6.5 points under the Attendance Policy. Giles also does not dispute that he was again absent on January 5 and January 6, 2006. Instead, Giles argues that, rather than assess him points under the Attendance Policy for these absences, MBCI's Attendance Policy required MBCI to *automatically* attribute Giles' vacation time or scheduled time off to such absences. At the same time, however, Giles admits that (1) MBCI's Attendance Policy required employees to request such time in advance, and (2) that he failed to request such time off at any point before, during, or after his January 4, 5 and January 6, 2006 absences.

MBCI is concerned that this FMLA retaliation case may become an indictment of the Attendance Policy if Giles were allowed to offer evidence at trial that is irrelevant, not based on personal knowledge, and/or prejudicial. This case is about the FMLA and whether Giles was treated differently due to taking leave. Consequently, MBCI respectfully requests that the Court exclude evidence that is not probative on the issue of retaliation.

Only relevant evidence is admissible. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Under Federal Rule of Evidence 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the

3

determination of the action more probable or less probable than it would be without the evidence." However, the Court may exclude relevant evidence under Fed. R. Evid. 403. "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Decisions regarding the admissibility, relevancy and probative value of evidence are vested in the discretion of the district courts. *See United States v. Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006).

## II.  Evidence To Be Excluded

**A.    Testimony Of Giles and/or Giles' Witnesses Regarding The Fairness or Appropriateness of MBCI's Attendance Policy Should Not Be Admitted.**

Because Giles' counsel made extended argument as to the rightness or fairness of MBCI's Attendance Policy during the recent pre-trial conference before the Court, MBCI has reason to believe that Giles will advance evidence or argument to this effect at trial. Giles should be prohibited from offering evidence challenging the fairness or appropriateness of MBCI's Attendance Policy for several reasons.

Testimony regarding the opinion of Giles or any other witness as to the fairness of MBCI's Attendance Policy would violate Rule 701 of the Federal Rules of Evidence, which states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination

> of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Testimony in this case as to whether MBCI's evenly applied Attendance Policy is right, correct, or fair, would do nothing to assist the jury in determining the only relevant fact in issue: whether MBCI terminated Mr. Giles' employment in retaliation for his FMLA leave. Rather, such testimony would simply invite the jury to second-guess MBCI's business judgment regarding its Attendance Policy.

It is well-settled in the Eleventh Circuit that the job of the Court and jury in this context is not to second-guess the employer's business judgment, but rather to assess whether the evidence shows the employer was unlawfully motivated by the protected activity to take an adverse action:

> We have repeatedly and emphatically held that a defendant may terminate an employee for a good or bad reason without violating federal law. We are not in the business of adjudging whether employment decisions are prudent or fair. Instead our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision.

*Wascura v. City of South Miami*, 257 F.3d 1238, 1247, 1248 (11th Cir. 2001) (emphasis added) (quoting *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) ; *see also Rowell v. Bellsouth Corp.*, 433 F.3d 794, 798 (11th Cir. 2005) ("It is by now axiomatic that we cannot second-guess the business decisions of an employer."). Accordingly, while evidence that the employer has failed to follow its normal policy may be relevant to the question of the employer's motivation, evidence or argument that the employer's evenly applied policy is somehow unfair is not relevant. Giles has no evidence that MBCI failed to follow its normal policy, and he should not be permitted to

5

offer self-serving evidence of his belief that the Attendance Policy is unfair under Federal Rule of Evidence 402 and existing Eleventh Circuit case law.

Evidence challenging the appropriate application of MBCI's consistently applied Attendance Policy would not only be irrelevant, but would also confuse the jury, present unacceptable danger of unfair prejudice to MBCI, and waste the Court's time. Accordingly, such evidence should also be excluded under Federal Rule of Evidence 403.

**B.    Evidence Regarding Giles' Dismissed FMLA Interference Claim Should Not Be Admitted.**

Despite the dismissal of Giles' FMLA interference claim in August 2006, for Giles' failure to allege facts that could demonstrate a serious health condition, Giles nonetheless persisted in asserting in his discovery responses through November 2006 that he was absent from work in January 2006 due to a "serious health condition." Subsequently, Giles refused to stipulate that his absences of January 4, 2006 through January 6, 2006 were not covered by the FMLA.

Accordingly, MBCI is concerned that Giles may attempt to introduce evidence relating to his now-dismissed FMLA interference claim, such as evidence relating to the illness(es) causing his absences, evidence of the severity of such illness(es), whether such absences should have been counted as FMLA leave time not subject to points under the applicable Attendance Policy, and other such evidence. Any such testimony or evidence by Giles is not probative of the material issues in this case, would unnecessarily confuse the jurors, and should be excluded pursuant to Federal Rules of Evidence 402 and 403. Giles should not be permitted to confuse the facts underlying his

6

dismissed claim to his remaining, unrelated claim. *See Wingfield v. United Technologies Corp.*, 678 F.Supp. 973, 983 (D. Conn. 1988) (evidence of alleged discriminatory events that no longer were actionable and that were not part of a continuing violation excluded; such evidence would be likely to confuse the jury, unfairly prejudice the defendant, and unduly delay trial).

**C.** **Evidence Challenging The Appropriateness Of All Points Assessed By MBCI Up To And Including Giles' Absence on January 4, 2006 Should Not Be Admitted.**

Giles should not be permitted to offer evidence challenging the appropriateness of the 6.5 points MBCI assessed to him for absences up to and including January 4, 2006. Giles has consistently maintained, under oath, that he does not dispute these earlier points. He should not now be permitted to attempt and offer evidence contrary to this position at trial. Specifically Giles has testified under oath as follows with respect to his many absences:

Absences August 24, 2005 Through December 8, 2005[1]

> Q:   Okay.  And so assuming that the time clock is correct,
>       do you believe that the points from August 24 '05
>       through December 8 '05 were the correct points to
>       assess you under the attendance policy?
> **A:   Yes.**
> Q:   Okay.  I'm sorry.  I can't add upside down.  So as of
>       and including your absence on December 8, 2005, you
>       had 5 points?
> **A:   Yes.**

(Giles Deposition 93:15-23, 94:1-2)

---

[1] Giles also testified that he had no reason to believe that the time clock was not accurately recording his time for his days worked between August 24, 2005 and December 8, 2005.

7

Leave Early on December 16, 2005

> Q: There's no dispute that you left work early on December 16 right?
> **A: Right.**
> Q: Okay. And that you missed more than two - I'm sorry
> **A: No.**
> Q: It would have been less than two hours of work that day is that right?
> **A: Right.**
> Q: We're in agreement there?
> **A: Right.**
> Q: Okay. And that leaving work early by less than two hours under the attendance policy would ordinarily result in the assessment of a half a point is that right?
> **A: Yes.**
> Q: Okay. So then let's talk about that half point that you got on the 16th. Do you agree or disagree with that half point that you got?
> **A: I agree.**

(Giles Deposition 96:4-23)

Leave Early On January 4, 2006

With respect to his early departure on January 4, 2006, Giles admitted that he worked only 2.1 hours on January 4, 2006 and he had no reason to believe that the time clock was wrong for that day. (See Giles' Response to Defendant's Request for Admission No. 11 and Giles Deposition 97:14-23, 98:1-6) Furthermore, Giles was in agreement that the point he incurred for leaving work early on January 4, 2006 was appropriate. (Giles Deposition 98:7-13) Giles offered the following sworn testimony with respect to his absence on January 4.

> Q: Do you believe you should have been able to use a vacation day for the time you missed on January 4?
> A: No.
> Q: Okay. So how many points do you believe you should have received for January 4?

8

> **A:** **One.**
> **Q:** Do you know how many points you got for January 4?
> **A:** **As far as I know, one.**
> * * *
> **Q:** So we have no dispute with how that day was handled is that right?
> **A:** **Right.**

(Giles Deposition 71:14-23, 72:5-7)

Finally, Giles specifically testified as follows:

> **Q:** Okay. So let's add that to exhibit 5 here. So as a result of leaving early on January 4, 2006, you were up to 6.5 points. Are we in agreement with that?
> **A:** **That's through January 4th?**
> **Q:** Yes. Including January 4th.
> **A:** **Yes.**

(Giles Deposition 98:14-21)

In light of the above sworn testimony, Giles should not be allowed at trial to challenge the points MBCI assessed to him for his absences through and including January 4, 2006.

Finally, at least 5.5 points were assessed to Giles <u>before</u> he engaged in the protected activity at issue in this case. Giles should not be permitted to present evidence challenging the appropriateness, fairness, or propriety of the points assessed to him under the MBCI Attendance Policy for absences before he engaged in any protected activity on December 19, 2005 as these points cannot possibly be evidence of retaliation. Such evidence would be irrelevant and would distract the jury, cause confusion of the issues, and waste the Court's time.

9

Accordingly, evidence regarding the appropriateness, fairness, or propriety of the points assessed to him under the MBCI Attendance Policy for absences before he engaged in any protected activity and for any absences through January 4, 2006 should be excluded under Federal Rules of Evidence 402 and 403.

## D. Testimony Outside A Witness's Own Personal Knowledge Should Not Be Admitted.

Additionally, MBCI also has reason to believe Giles may attempt to offer evidence regarding opinions that are not based on personal knowledge in violation of the Federal Rules of Evidence. Giles has listed several employees on his witness list who could have no personal knowledge of the points assessed against him or why those points were assessed.

Moreover, during his deposition, Giles testified that he believed that MBCI had wrongly calculated the number of points he had accumulated under MBCI's Attendance Policy. Under the Attendance Policy, MBCI applies "points" to employees for absences from work. An employee who has accumulated nine or more points is subject to termination of employment. Giles does not dispute that as of January 4, 2006, he had accumulated 6.5 points. Giles also does not dispute that he failed to report to work on either January 5 or January 6, 2006. Despite MBCI's clear policy on this score, Giles testified during his deposition that he believed MBCI should have automatically allocated his available vacation time to his January 5 and January 6, 2006 absences, rather than assessing him three points under the Attendance Policy. Giles persists in advancing this position even though he acknowledges that MBCI required employees to

request vacation time in advance and even though Giles admits that he never asked to use vacation time to cover his absences in January 2006. (See Giles Deposition 70:3-16, 72:8-23, 77:3-21, 80:1-14.)

Giles further testified that he *believed* that MBCI had automatically allocated available vacation time to other employees in lieu of assessing points under the Attendance Policy although he could name no such employees. However, he also testified that he was not aware of any employee who was permitted to be absent from work without incurring points. (Giles Deposition 42:13-16) Giles' speculation about how other employees were treated is not based on his personal knowledge.

It is axiomatic that the Federal Rules of Evidence and underlying case law prohibit a lay witness from testifying as to any matters outside his or her personal knowledge. Fed. R. Evid. 602, 701; *KW Plastics v. United States Can Co.*, 131 F.Supp. 2d 1265, 1272 (M.D. Ala. 2001); *Maddox v. Cash Loans of Huntsville II*, 21 F. Supp. 2d 1336, 1339 (N.D. Ala. 1998) (excluding witness testimony there was no evidence that the witness had personal knowledge of the subject of his testimony); *HomeBingo Network v. Chayevsky*, 428 F. Supp. 2d 1232, 1238 (S.D. Ala. 2006) (non-expert witness testimony may not be considered unless it is based on the witness's personal knowledge); *Elizarras v. Bank of El Paso*, 631 F.2d 366, 373-74 (5th Cir. 1980) (Rule 602 prevents a witness from testifying to the subject matter of a hearsay statement, as such testimony would not be based on personal knowledge.); *see, e.g., Bogle v. Orange County Bd. of County Comm'ners*, 162 F.3d 653, 658-59 (11th Cir. 1998) (testimony from Plaintiff's coworkers alleging that other employees committed rule violations similar to Plaintiff but

were not disciplined created no issue of fact; coworkers had no personal knowledge of such events or of the disciplinary histories of other employees).

This Court has interpreted the personal knowledge requirement as mandating (1) that the witness "perceived with his senses the matters on which his opinion is based," and (2) that there is a "rational connection between the witness' opinion and his perceptions." *Id.* (quoting 29 Charles Alan Wright, Victor James Gold, Federal Practice and Procedure § 6254 at 126 (1977)).  Personal knowledge does not include mere speculation or statements of belief.  *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) (Information and belief is not equal to personal knowledge.); *Anthony Distributors, Inc. v. Miller Brewing Co.*, 941 F. Supp. 1567, 1580 (M.D. Fla. 1996) (Speculative expressions of belief or opinion not based on personal knowledge are insufficient to meet the standard of admissibility under Rules 602 and 701.); *Labadi v. Gemini Air Cargo, Inc.*, 350 F. Supp. 2d 1002, 1012-13 (S.D. Fla. 2004) (excluding plaintiff's self-serving speculation on a motion for summary judgment because his statements were not based on personal knowledge); *see also, e.g., Johnson v. Scotty's Inc.*, 119 F. Supp. 2d 1276, 1283 (M.D. Fla. 2000) (Statement of employee of defendant as to defendant's motivation for termination of plaintiff excluded on summary judgment; statement was not based on personal knowledge.).  Moreover, hearsay is not personal knowledge.  *United States v. That Certain Real Property Located at 632-636 Ninth Ave Calera, Ala.*, 798 F. Supp. 1540, 1555 (N.D. Ala. 1992); *see, e.g. Bozeman v. Orum*, 199 F. Supp. 2d 1216, 1224 (M.D. Ala. 2002) (excluding from consideration on summary

judgment testimony that was either hearsay or was not based on the witnesses' personal knowledge).

Giles' deposition testimony cited above makes clear that he has no personal knowledge of any instances when MBCI automatically allocated vacation time and/or scheduled time off to an employee's absences in lieu of assessing an employee points under the MBCI Attendance Policy. There is simply no rational connection between Giles' perceptions and his opinion on this score. Accordingly, MBCI respectfully requests that the Court prohibit Giles from presenting testimony as to MBCI's alleged practice or policy as applied to other employees because such testimony is not within his personal knowledge and is therefore inadmissible. For the same reason, MBCI also respectfully requests that the Court prohibit any other witness from presenting testimony that is not based on personal knowledge as to: (1) MBCI's decision to assess points to Giles, (2) the termination of Giles' employment, or (3) the application of MBCI's Attendance Policy. Admission of such evidence would violate Federal Rules of Evidence 602 and 701.

E. **Information Concerning MasterBrand Cabinets, Inc. And Its Holding Company, Fortune Brands, Inc., As Well As The Geographic Location Of MBCI's Legal Counsel.**

Giles should be prohibited from referencing in opening or closing statements and from offering any evidence in the form of statements, arguments, questions, testimony, writings, or documents relating to the identity of and affiliation of MBCI and Fortune Brands, Inc. Specifically, such information would include financial information about MBCI and Fortune Brands, Inc. as well as information about the

overall size and the geographical location of these companies. This prohibition would also include any reference regarding the geographical location of the office of MBCI's counsel. Such information bears no relevance to the issue of whether management at MBCI's Auburn, Alabama plant violated the law with respect to Giles. On the other hand, such information could be highly prejudicial to the jury. Accordingly, MBCI respectfully moves the Court to prohibit references, testimony, and evidence regarding these subjects at trial.

WHEREFORE, MasterBrand Cabinets, Inc. respectfully requests that its Motion in Limine be granted on all points and for all other appropriate relief.

Respectfully submitted,

s/Kelley Bertoux Creveling
Mark J. Romaniuk (#15255-49)
Kelley Bertoux Creveling (#19309-49)
BAKER & DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax: (317) 237-1000
mark.romaniuk@bakerd.com
kelley.creveling@bakerd.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on August 6, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203

*Attorney for Plaintiff*

                                                    s/Kelley Bertoux Creveling