UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE GILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.  3:06 CV 528-WKW |
| | ) | |
| MASTERBRAND CABINETS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **PROPOSED JURY INSTRUCTIONS**

Defendant, MasterBrand Cabinets, Inc. ("MBCI"), by counsel, respectfully submits the following proposed jury instructions.

<u>Proposed Jury Instruction No. 1</u>

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished and the lawyers have made their closing arguments, you will go to the jury room and begin your discussions – what we call your deliberations.

A jury trial has, in effect, two judges. I am one of the judges; the other judge is the jury. My duty is to preside over the trial and to decide what evidence is proper for your consideration. My duty at the end of the trial is to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give some general instructions that apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Your duty will be to decide whether the plaintiff, Ronnie Giles, has proved by a preponderance of the evidence the specific facts necessary to find the defendant, MasterBrand Cabinets, Inc. liable on the claim asserted. I will give you more instructions about the specific claims in a minute.

As I have already told you, you must make your decision only on the basis of the testimony and other evidence presented here during the trial. You must not be influenced in any way by either sympathy or prejudice, for or against either party.

You, as jurors, are the judges of the facts.  But in determining what actually happened–that is, in reaching your decision as to the facts–your sworn duty is to follow all of the rules of law as I explain them to you.

Remember that anything the lawyers say is not evidence in the case.  Your own recollection and interpretation of the evidence controls.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  Your duty is to apply the law as I explain it to you, regardless of whether you like the law or its consequences.

Your duty also is to base your verdict solely upon the evidence, without prejudice or sympathy for or against anyone.  You made that promise and took that oath before being accepted by the parties as jurors, and they have the right to expect nothing less.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 2.2, as modified

Taken From Judge Bowdre's Standard Civil Jury Instructions from the Northern District of Alabama

Proposed Jury Instruction No. 2

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record. As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make. In other words, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of your common experience. You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. I was there, I saw it, this is what happened. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. If someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining. The law makes

no distinction between the weight you may give to either direct or circumstantial

evidence, or to the reasonable inferences you draw from direct or circumstantial

evidence.


Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 2.2, as modified

Proposed Jury Instruction No. 3

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of this case or a related case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things about which he or she testified?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 3

<u>Defendant's Proposed Jury Instruction No. 4</u>

You should also ask yourself whether evidence was offered tending to prove that a witness testified falsely concerning some important fact; or, whether evidence was offered that at some other time a witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that consideration may depend on whether the misstatement relates to an important fact or with only an unimportant detail.

When a witness is questioned about an earlier statement he or she may have made, or earlier testimony he or she may have given, such questioning is permitted to aid you in evaluating the truth or accuracy of the witness' testimony here *at this trial*.

Earlier statements made by a witness or earlier testimony given by a witness are not ordinarily offered or received as evidence of the truth or accuracy of *those* statements, but are referred to for the purpose of giving you a comparison and aiding you in making your decision as to whether you believe or disbelieve the witness' testimony that you hear *at trial*.  However, if the prior inconsistent statement of the witness was made under oath, you may also consider it as evidence.

Whether such prior statements of a witness are, in fact, consistent or inconsistent with his or her trial testimony is entirely for you to determine.  You can also decide whether to believe the earlier testimony given under oath, or the testimony given in this trial, or you can disregard both.

You are the sole judge of the credibility of witnesses.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 4.1, as modified

<u>Proposed Jury Instruction No. 5</u>

This is a civil case.  In this case it is the responsibility of the Plaintiff, Mr. Giles, to prove every essential part of his claim against the Defendant, MBCI, by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Giles's claim is more likely true than not true.  To put it differently, if you were to put Mr. Giles' evidence and MBCI's evidence on opposite sides of the scale, the Plaintiff's evidence would have to make the scale tip to his side.  If Mr. Giles fails to meet this burden, the verdict must be for MBCI.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Giles' claim by a preponderance of the evidence, you should find for MBCI.

Given _____

Refused _____

Given as Modified _____

<u>Eleventh Circuit Pattern Jury Instruction No. 6.2, as modified</u>.

Proposed Jury Instruction No. 6

Evidence

The evidence from which you are to decide the facts consist of:

1.      the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness or whether the witness testified in person or by deposition;

2.      the exhibits that have been received into evidence; and

3.      any facts to which all the attorneys have agreed or stipulated.

Given _____

Refused _____

Given as Modified _____

9th Circuit Pattern Instruction No. 12.02, portions omitted.

<u>Proposed Jury Instruction No. 7</u>

Certain things are not evidence.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or document.  If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence.  If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  If this does occur during the trial, I will try to clarify this for you at that time.

3.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the Courtroom.

4.      At times during the trial, I may ask questions of the witnesses.  This does not mean that I have an opinion about the facts of the case.

Given _____

Refused _____

Given as Modified _____

Fed. R. Evid. 614; Connell v. Sears, Roebuck & Co., 559 F. Supp. 229 (N.D. Ala.), Aff'd
in part, Modified in part, Vacated in part; 722 F.2d 1542 (Fed. Cir. 1983); Stoutmire v.
Strickland, 599 F. Supp. 314, 318 (N.D. Ill. 1984) (witness credibility is for jury);
American Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350 (Fed. Cir.), cert.
denied, 469 U.S. 821, 105 S. Ct. 95 (1984); Henn v. National Geographic Soc'y, 819 F.2d
824, 831 (7th Cir.), cert. denied, 484 U.S. 964, 108 S. Ct. 454 (1987).

Proposed Jury Instruction No. 8

In this case Mr. Giles claims MBCI violated a federal law commonly known as the Family and Medical Leave Act (the "FMLA"). The FMLA entitles eligible employees to take up to 12 weeks of leave during a 12-month period for a serious health condition and further gives employees the right following leave either to be restored by the employer to the position held when leave began or to be given an equivalent position. The FMLA also prohibits an employer from taking retaliatory action against an employee because the employee asserted rights under the FMLA.

Mr. Giles claims he was discharged from employment because he took leave under the FMLA. MBCI denies that it violated the FMLA in any way. MBCI maintains that Mr. Giles was discharged from employment because his absences (unrelated to his FMLA leave) between August 2005 through and including his absences on January 4, 5, and 6, 2006, caused him to exceed the number of points allowed under the company's Attendance Policy.

In order to prevail on this claim, Mr. Giles must prove each of the following facts by a preponderance of the evidence:

First: That he engaged in a statutorily protected activity;

Second: That he was discharged from employment;

Third: That the decision to discharge him from employment was causally related to the protected activity.

In other words, to prevail on his claim, Mr. Giles must prove that MBCI was motivated to discharge him from employment by an impermissible retaliatory

animus.  MBCI denies that it took any adverse action against Mr. Giles because of a protected activity, in this case the taking of FMLA.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred.  Stated another way, it must be shown that the protected activity by the Plaintiff was a substantial motivating cause that made a difference in the Defendant's decision.

In the verdict form I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues as well as other issues in the case.

Damages

If you find in favor of Mr. Giles against MBCI with regard to each of the above issues, you then must decide the issue of Mr. Giles' damages.

If Mr. Giles has proven by a preponderance of the evidence that he lost pay or benefits because of MBCI's alleged violation of the FMLA, then Mr. Giles may recover damages in an amount equal to the net pay or benefits shown by the evidence to have been lost from the time of implementation of MBCI's employment decision that violated the FMLA until the date of your verdict.  It is Mr. Giles' burden to prove by a preponderance of the evidence that he actually suffered damages and that such damages were caused by MBCI.  The FMLA does not permit you to award Mr. Giles damages for emotional distress, mental anguish, or pain and suffering.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

For example, with regard to Mr. Giles' claim for lost wages, if you should find from a preponderance of the evidence that he failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Mr. Giles's lost pay by the amount that could have been reasonably realized if Mr. Giles had taken advantage of such opportunity.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 1.8.1, as modified, and Annotations and Comments

Eleventh Circuit Pattern Jury Instruction No. 1.10.3, as modified

29 U.S.C 2617(1) (West 2004); McAnnally v. Wyn South Moulded Prods., Inc., 912 F.Supp. 512, 513 (N.D. Ala. 1996).

<u>Proposed Jury Instruction No. 9</u>

Business Judgment

You should be mindful, however, that the law applicable to this case is concerned only with whether an employer caused an employee to suffer an adverse employment action because the employee took leave under the FMLA. So as far as you are concerned in this case, MBCI may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for Mr. Giles lead you to substitute your own judgment for that of MBCI even though you personally may not approve of the action taken and would have acted differently under the circumstances.

Given _____

Refused _____

Given as Modified _____

<u>Eleventh Circuit Pattern Jury Instruction No. 1.8.1, as modified.</u>

<u>Proposed Jury Instruction No. 10</u>

A plaintiff's belief that he was treated unfairly, in and of itself, is insufficient to prove a violation of the FMLA.

Given _____

Refused _____

Given as Modified _____

<u>Faulkner v. Super Valu Stores, Inc.</u>, 3 F.3d 1419 (10th Cir. 1993).

Proposed Jury Instruction No. 11

In all actions for damages, it is the duty of the Court to instruct the jury as to the proper measure of damages.  Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.  Instructions as to the measure of damages are given for your guidance, to be used only in the event that you should find in favor of the Plaintiff by a preponderance of the evidence in this case in accordance with the other instructions.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Given _____

Refused _____

Given as Modified _____

<u>Eleventh Circuit Pattern Jury Instruction No. 7.1, as modified</u>.

Proposed Jury Instruction No. 12

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.  You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 8, as modified.

Respectfully submitted,


s/Kelley Bertoux Creveling
Mark J. Romaniuk (#15255-49)
Kelley Bertoux Creveling (#19309-49)
BAKER & DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax:  (317) 237-1000
mark.romaniuk@bakerd.com
kelley.creveling@bakerd.com

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I certify that on August 6, 2007, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following party by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203


s/Kelley Bertoux Creveling

BDDB01 4830437v1