IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**RONNIE GILES,**

    **PLAINTIFF,**

**V.**        **CIVIL ACTION NO: 3:06-cv-00528-WKW-WC**

**MASTERBRAND CABINETS, INC.,**

**DEFENDANT.**

### PLAINTIFF'S TRIAL BRIEF

**I.    Plaintiff's Burden of Proof**

After reviewing the Court's Memorandum Order and Opinion on Defendant's Motion for Summary Judgment, it is clear that the Court needs no guidance or further information regarding the applicable law.

**II.    Jury Selection**

Recently, the U. S. Supreme Court recommended and re-emphasized *Batson v. Kentucky,* 476 U.S. 90 (1986) in its decision, *Miller-El v. Dretke,* 125 S. Ct. 2317 (2005). *Miller-El v. Dretke* has not altered the law of *Batson,* but rather provided further guidance for a trial court to evaluate the intent behind a party's preemptory challenges. 125 S. Ct. 2317 (2005). Like their criminal attorney counterparts, the attorneys in a civil litigation may not use preemptory challenges to exclude jurors on account of race. *Edmondson v. Leesville Concrete,* 500 U.S.

1

614, 631 (1991). These decisions could become relevant to the case at issue considering the Plaintiff is black, and Defendant's decision-maker is white.

The *Batson* Court enumerated a process for a party making a claim that the opposition has discriminatory intent during jury selection. During jury selection, a party may establish a prima facie case of deliberate discrimination solely on evidence concerning the opposition's exercise of peremptory challenges to remove various persons of the defendant's race. The opposition then bears the burden "to explain adequately the racial exclusion." *Batson,* 476 U.S. at 94-95. The opposition cannot meet its burden simply by asserting it has not discriminated, but rather must demonstrate a "permissible racially neutral selection criteria and procedures have precluded the monochromatic result." *Id.* The opposition cannot meet its burden due to its own "failure to engage in any meaningful voir dire examination on a subject the [opposition] alleges it is concerned about." *Miller-El,* 125 S. Ct. at 2329 (quoting *Ex Parte Travis,* 776 So. 2d 874, 881 (Ala. 2000)). Failure to engage in adequate voir dire and then providing an explanation that is not based on a thorough examination is "evidence suggesting that the explanation is a sham and a pretext for discrimination." *Id.*

*Miller-El v. Dretke* is a matter regarding habeas corpus relief. The defendant in *Miller-El* was accused of robbing a hotel and killing one of its clerks. *Id.* at 2322. The District Attorney in this case questioned 100 potential jurors;

2

twenty of whom were black. Nine blacks were excused and another 10 were struck through preemptory challenges. *Id.* at 2325. The voir dire transcript indicated that potential juror's answers were comparatively similar regarding their thoughts in regard to rehabilitation and the death penalty. *Id.* at 2332. The District Attorney retained many white venire members who were less inclined to recommend the death penalty than black venire members who were in favor of such a punishment. However, white venire members who were equally likely to recommend a death sentence were retained. *Id.* The *Miller-El* decision does not alter the decision of *Batson,* but rather provides a new method for trial courts to assess "the totality of the relevant facts." *Id.* The trial court can, and arguably should, compare and evaluate voir dire answers of jurors and the striking parties' similar questions to each jurors and the reasons for peremptory challenges.

      Respectfully submitted,

      /s/ Allen D. Arnold
      _____
      Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 – Facsimile

## **CERTIFICATE OF SERVICE**

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 6, 2007, which will forward a copy to:

Mark J. Romaniuk
Kelley Bertoux Creveling

/s/ Allen D. Arnold
_____
Of Counsel

4