IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**RONNIE GILES,**

    **PLAINTIFF,**

**V.**                      **CIVIL ACTION NO: 3:06-cv-00528-WKW-WC**

**MASTERBRAND CABINETS, INC.,**

**DEFENDANT.**

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S LISTED EXHIBITS

COMES NOW the Plaintiff, by and through undersigned counsel, and objects to Defendant's proposed listed exhibits anticipated for use at trial in this matter.

**Defendant's Exhibit List No. 6**

1. Defendant has listed Plaintiff's Acknowledgement and Receipt of Standards of Business Conduct as an exhibit. Plaintiff objects to this exhibit pursuant to Federal Rule of Evidence 401, 402, and 403. Plaintiff and Defendant have already stipulated to a very virtually identical document "Employee Acknowledgement and Receipt of Standards of Business Conduct." The Standards of Business Conduct Book does not contain the relevant Attendance and Vacation policies. These policies are contained in the Employee Handbook; Plaintiff has stipulated that his receipt of this handbook is an admissible exhibit. Defendant

1

requests this Court preclude Defendant from introducing this unnecessary and irrelevant document. The document will waste the jury's time and has no probative value in terms of asserting any defense by the Defendant or establishing Plaintiff's claims.

**Defendant's Exhibit List No. 15**

2.      Defendant has listed as No. 15: "All documents showing income earned by Plaintiff from Area Realty LLC" as an Exhibit for trial. Plaintiff has filed a motion in limine on this issue, and the Court's ruling on Plaintiff's supplemental income will likely govern the introduction of this Exhibit at trial.

**Defendant's Exhibit List No. 17 & 18**

3.      Defendant has created a list of employees terminated for attendance and a list of employees that received written warnings for attendance. These documents should not be admitted into evidence as each violates Rule 401, 402, and 403. The documents are lawyer created and are demonstrative. Plaintiff has filed a motion in limine to preclude presentation of evidence on similarly treated employees by Defendant. If the Court chooses to allow such testimony, Plaintiff objects to the presentation of these documents as evidence for the jury to consider during their deliberations.

**Defendant's Exhibit Nos. 20, 21, 22, 25, 26**

4.      Out of an abundance of caution, Plaintiff objects to the introduction

Plaintiff's Deposition and attached Exhibits (No. 20), the Deposition of Perry Ezell and attached exhibits (No. 21), Affidavit of Perry Ezell (No. 25), and Supplemental Affidavit of Perry Ezell (No. 26) into evidence as both witnesses will be available for testimony.  Plaintiff and Perry Ezell will be testifying on the Court's witness stand.  The introduction of these Deposition items can contain potentially irrelevant material that will waste the jury's time and create confusion in violation of Rules 401, 402, and 403.

**Defendant's Exhibit No. 23**

5.    Plaintiff objects to Defendant's Introduction of Requests for Admission as evidence in this case.  The introduction of this Exhibit will violate Rule 401, 402, and 403.  The Requests for Admission by both parties have resulted in stipulations that will be governed by the Court.  Both parties have entered into Pre-Trial stipulations that have made part of this Court's Pre-Trial Order, thus making the Requests for Admission irrelevant and therefore inadmissible.  The stipulations should govern as they have been agreed upon by counsel and approved by the Court.  The language and wording of the Requests for Admission are different than the stipulations, contain various objections, and potentially could confuse the jury on issues that the parties do not dispute.  Plaintiff requests this Honorable Court preclude introduction of this document to the jury as an exhibit.

**Defendant's Exhibit No. 24**

6. Defendant has identified as an Exhibit any document produced by Defendant in the course of discovery. This listing does not provide Plaintiff fair warning of what Exhibit Defendant may "pull out of its hat" during the trial and is not in compliance with Rule 26(a)(3)(C). The party's have listed and agreed on the admission of several exhibits. At this point in the case, a surprise document that slinked through discovery is not sufficient or reasonable.

Respectfully submitted,

/s/ Allen D. Arnold
_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

**CERTIFICATE OF SERVICE**

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on July 13, 2007, which will forward a copy to:

Mark J. Romaniuk
Kelley Bertoux Creveling

/s/ Allen D. Arnold
_____
Of Counsel

4