**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

**RONNIE GILES,**

    **PLAINTIFF,**

**V.**　　　　　　　　　　**CIVIL ACTION NO: 3:06-cv-00528-WKW-WC**

**MASTERBRAND CABINETS, INC.,**

**DEFENDANT.**

**PLAINTIFF'S MOTION IN LIMINE**

**I.  Limitations on Cross Examination and Defendant's Presentation of Evidence**

The parties have gone to considerable effort to agree on several factual stipulations regarding the facts of this case. The Court has recognized these fifteen factual stipulations in its Pre-Trial Order. (Doc. 46). Plaintiff is assuming the Court will read the stipulations to the jury prior to the presentation of evidence. Plaintiff will present evidence and testimony consistent and in context to these stipulations agreed upon by the parties.

Plaintiff requests this Honorable Court preclude Defendant's witnesses, counsel, and any other person from giving presentation of testimony and/or documentary evidence, contradicting any stipulated fact in its presentation of evidence. (See Fed. R. Evid. 401, 402, and 403).

## II.     Plaintiff's Second Job

Defendant has asserted the affirmative defense that Plaintiff has failed to mitigate his damages. (See Doc. 12). Plaintiff anticipates that Defendant will try to introduce evidence regarding Plaintiff's second job as a real estate agent in an effort to argue that even if Defendant broke the law, Plaintiff is due a minimal amount of back pay. Plaintiff possessed a real estate license during his employment with Defendant and worked this job to supplement his income while with Defendant. Plaintiff continued to supplement his income as a real estate agent after he found employment with Weidman Plastics doing suitable, similar labor.

Defendant should be precluded from introducing evidence of Plaintiff's second job. Plaintiff's supplemental income is not relevant to any defense. The Pre-Trial stipulations of the parties show that Defendant's burden of proof regarding mitigation cannot be met. "While it is the plaintiff's duty to mitigate, it is the defendant who has the evidentiary burden of demonstrating at trial that a plaintiff has failed to satisfy this duty. This may be done by establishing (1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it." *Palma v. Pharmedica Communs., Inc*., 2003 U.S. Dist. LEXIS 21160 at [*50] (Conn. D.C. 2003) (citing *Clark v. Franke*, 960 F.2d 1146, 1152 (2nd Cir. 1992)). The parties have stipulated that suitable work existed. (See Doc. 46. ¶ 5(o)). Plaintiff made reasonable efforts to seek employment as he was unemployed

for a very short period of time and then took a job making as much as he did with the Defendant.

The introduction of Plaintiff's real-estate supplemental income could potentially confuse the jury on irrelevant issues. The remedy of the FMLA is to make an aggrieved party whole again. Plaintiff's income status has remained constant except for the short period of unemployment following his termination and subsequent hiring at Weidman Plastics. Evidence of this real estate job is not relevant to the claims of the Plaintiff and cannot be relevant to any of Defendant's affirmative defenses.

Plaintiff requests this Honorable Court preclude Defendant's witnesses, counsel, and any other person from giving presentation of testimony and/or documentary evidence, regarding Plaintiff's real estate income as such evidence is not relevant and could potentially confuse the jury. (See Fed. R. Evid. 401, 402, and 403).

### III.   Similarly Situated Treated Identically

Defendant's defense appears to be based solely on "routine application of the Company's vacation and attendance vacation policies." Defendant intends to introduce a composite exhibit of a list of employees terminated for attendance and a composite list of employees that received written warnings for attendance. These composite exhibits set forth irrelevant material that does not accurately reflect the

comparative information it purports to set forth. Defendant intends to argue it follows its policies without fail. However, Defendant cannot produce a virtually identical comparator: a person who missed three consecutive days in which absentee points were used to terminate them, when there was failure to send a warning letter; and that employee had vacation and scheduled time off yet did not used it; and, who had not returned from approved FMLA leave within the last eight days. Defendant is held to the same standard as any other plaintiff trying this defense of "nearly identical" conduct. *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). Defendant's produced documentation in support of its two composite exhibits. These two exhibits do not accurately reflect nearly identical circumstances suffered by the Plaintiff. Defendant cannot rely upon this information as it has not supplemented its Initial Disclosures as required by Rule 26.

      Plaintiff requests this Honorable Court preclude Defendant's witnesses, counsel, and any other person from giving presentation of testimony and or argument that Defendant's application of its attendance and vacation policy in regard to any other employee other than the Plaintiff as it cannot produce a nearly identical comparator to support its contention that it follows the policy in a uniform manner.

Respectfully submitted,

/s/ Allen D. Arnold

_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 – Facsimile

## **CERTIFICATE OF SERVICE**

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 6, 2007, which will forward a copy to:

Mark J. Romaniuk
Kelley Bertoux Creveling

/s/ Allen D. Arnold

_____
Of Counsel