**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

**RONNIE GILES,**

    **PLAINTIFF,**

**V.**                  **CIVIL ACTION NO: 3:06-cv-00528-WKW-WC**

**MASTERBRAND CABINETS, INC.,**

        **PLAINTIFF'S PROPOSED COURT
INSTRUCTIONSTO THE JURY**

COMES NOW Plaintiff, by and through counsel of record, and hereby respectfully requests that this Court utilize the following Jury Instructions in the trial of this cause:

<u>Preliminary Instruction</u>

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

**Consideration Of The Evidence**
**Duty to Follow Instructions**
**Corporation Involved[1] (Modified)**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law

---

1 Except where noted, all Jury Instructions were taken from the Eleventh Circuit Pattern Jury Instructions (2005) found on the Eleventh Circuit's website. Certain portions of these instructions have been modified.

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## Credibility Of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

## Impeachment Of Witnesses
## Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Burden Of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## 1.8.1
## Family And Medical Leave Act
## Substantive Claims And Retaliation Claims
## 29 USC §§ 2601-26542

In this case the Plaintiff claims that the Defendant violated a federal law known as the Family and Medical Leave Act. More specifically, the Plaintiff claims that he resulted in his discharge from employment because of his taking leave.

The Defendant denies that it violated the Act in any way and asserts that it followed its company policy regarding Plaintiff's attendance and subsequent termination.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

    First:    The parties have agreed that the Plaintiff suffered from a "serious health condition;"

    Second:    The parties have agreed that the Plaintiff was an "eligible employee" under the FMLA;

    Third:    The parties have agreed that the Plaintiff gave Defendant the proper "notice" of the need to be absent from work;

---

2 Portions of the Pattern Instruction have not been included as the language pertains to items not in dispute by the parties, or language relating to a claim of FMLA interference.

    Fourth:        The parties have agreed that the Plaintiff was discharged from Defendant's employment;

    Fifth          The parties do not agree that the Plaintiff's absence from work was a substantial or motivating factor that prompted the Defendant to take action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues as well as other issues in the case.

Because the parties have agreed on several elements of the Plaintiff' burden, I will address the one definition at issue in this case.

### Definition of "Substantial or Motivating Factor"

The Plaintiff must prove by a preponderance of the evidence that the Plaintiff's leave was a substantial or motivating factor that prompted the Defendant to take the challenged adverse employment action.

It is not necessary for the Plaintiff to prove that leave or the request for leave was the sole or exclusive reason for Defendant's decision. It is sufficient if the Plaintiff proves that taking the leave was a determining factor that made a difference to the employer's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer cause an employee to suffer an adverse employment action because of an employee's taking leave.

So as far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in favor of the Plaintiff and against the Defendant with regard to each of the above issues, you must then decide the issue of Plaintiff's damages.

If the Plaintiff has proven by a preponderance of the evidence that he lost pay or benefits because of the Defendant's alleged violation of the FMLA, then the Plaintiff may recover damages in an amount equal to the net pay or benefits shown by the evidence to have been lost from the time of implementation of Defendant's employment decision which violated the FMLA until the date of your verdict.

If the Plaintiff has not directly lost pay or other employment benefits as a result of Defendant's alleged wrong, he may recover any other actual monetary loss sustained as a direct result of the Defendant's actions, but the total of any such recovery cannot be greater than twelve weeks of Plaintiff's wages or salary.

Plaintiff may recover either lost wages and benefits or other expenses sustained due to the Defendant's actions but not both.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

For example, with regard to the Plaintiff's claim for lost pay, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's lost pay by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

## TEST IN CONSTRUING AMBIGUOUS PROVISIONS OF POLICY, OR OTHER DOCUMENTS USED BY COMPANY AFFECTING POLICY

The language used in Defendant's attendance and vacation policies was framed by the company and is to be construed favorably to the employee.

Ambiguous provisions of a company policy will be construed most strongly against the company and in favor of the employee.

These principles should be considered in construing other documents prepared and used by the company affecting the attendance and vacation policy.

*See Alabama Pattern Jury Instructions* § 20.31 "Test in Construing Contract, Ambiguous Provisions of Policy, or Other Documents Used by Insurance Company Affecting Policy.

## Company Policy Instruction

Company policies cannot be based upon the secret or unexpressed intention of one party which has not been conveyed to the other party.

See Todd J. McNamara and J. Alfred Southerland, *Federal Employment Jury Instructions* § 10.90 (James Publishing Inc. 2001).

**Duty To Deliberate
When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Election Of Foreperson**
**Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one or your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## 1.8.1
## Family And Medical Leave Act
## Substantive Claims And Retaliation Claims
## 29 USC §§ 2601-2654

### SPECIAL INTERROGATORIES
### TO THE JURY[3]

**Do you find from a preponderance of the evidence:**

1. That the Plaintiff suffered from a "serious health condition," as defined in the Court's instructions?

Answer Yes __X__ or No _____

The parties have agreed to this element of the Plaintiff's burden of proof.

2. That the Plaintiff was an "eligible employee," as defined in the Court's instructions?

Answer Yes __X__ or No _____

The parties have agreed to this element of the Plaintiff's burden of proof.

3. That the Plaintiff gave Defendant the proper "notice" of the need to be absent from work, as defined in the Court's instructions?

Answer Yes __X__ or No _____

The parties have agreed to this element of the Plaintiff's burden of proof.

4. That the Plaintiff was discharged from employment?

Answer Yes __X__ or No _____

The parties have agreed to this element of the Plaintiff's burden of proof.

---

[3] Questions 6 and 7 have been modified to eliminate confusion between remedies available under an FMLA interference claim.

5. The Plaintiff's absence from work was a substantial or motivating factor that prompted the Defendant to take action?

Answer Yes_____ or No _____

Note: If you answered No to question No. 5 you need not answer any of the remaining questions.

6. What amount of back pay and lost wages do you award to Plaintiff due to Defendant's retaliatory action?

Answer Yes_____ or No _____

If your answer is Yes, in what amount: $_____

7. Based on the evidence, do you find that the Defendant's actions were willful and/or reckless?

Answer Yes_____ or No _____

If your answer is Yes, in what amount: $_____

SO SAY WE ALL,

_____
Foreperson

_____
DATED

        Respectfully submitted,

        /s/ Allen D. Arnold

        _____
        Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

## CERTIFICATE OF SERVICE

    I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 6, 2007, which will forward a copy to:

    Mark J. Romaniuk
    Kelley Bertoux Creveling

        /s/ Allen D. Arnold

        _____
        Of Counsel