IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**RONNIE GILES,**

    **PLAINTIFF,**

**V.**　　　　　　　　　　**CIVIL ACTION NO: 3:06-cv-00528-WKW-WC**

**MASTERBRAND CABINETS, INC.,**

    **DEFENDANT.**

**PLAINTIFF'S OBJECTION TO DEFENDANT'S
PROPOSED COURT INSTRUCTIONS TO THE JURY**

**COMES NOW** the plaintiff, by and through undersigned counsel, and objects to Defendant's Proposed Court Instructions to the Jury as follows:

**Proposed Jury Instruction No. 5**

Unless Defendant has waived all of its affirmative defenses, then Instruction No. 5 is erroneous and may mislead the jury into believing that Plaintiff also has the burden of disproving any of Defendant's affirmative defenses. Plaintiff has no such burden. Defendant is required to prove the elements of the mitigation of damages affirmative defense, or any other affirmative defense.

**Proposed Jury Instruction No. 6**

Plaintiff objects to this instruction as it is unnecessary and a waste of the Court's time. This is not a complicated case and neither party is expecting to

provide testimony through depositions. The jury can reasonably understand what is comprised of the evidence. The witnesses and the jury notebooks will sufficiently provide the party's with the correct information.

**Proposed Jury Instruction No. 8**

Plaintiff objects to this Instruction as it includes language regarding the specific facts of this case. The jury's job is to consider the evidence and any recitation by the Court regarding Defendant's factual basis for its defense will unduly prejudice the jury. Defendant requests this Court make an announcement regarding the attendance policy and the dates of Plaintiff's absences that lead to his termination. This factual inference by the Court will have a profound effect on the jury that could potentially mislead the venire to rule against the Plaintiff and in favor of the Defendant because the Court has recited such facts. Defendant will have the opportunity to give a closing argument and argue the facts of its defense.

Defendant's instruction is also confusing because two of the three elements of the case have been stipulated to by the parties. There is no dispute Plaintiff engaged in a protected activity or that he was discharged. Defendant's proposed instruction fails to acknowledge the stipulated facts of this case. The Pattern Jury instructions, submitted by Plaintiff, better instruct the jury on the one fact in dispute. Plaintiff's instruction properly asserts the agreed upon and stipulated

2

facts. Defendant should not be able to stipulate to facts and then request an instruction that does give acknowledgement to those facts.

Plaintiff's instruction also does not misstate the law regarding the retaliatory animus. Plaintiff's burden is to show that his FMLA leave has a substantial or motivating factor in his termination. Defendant's instruction requires that the jury consider an "impermissible retaliatory motive" which is potentially confusing to a jury as it leaves open the question that a "permissible" retaliatory motive in fact exists. Defendant's instruction misstates the law of "causally related." As noted by the Court in its order on summary judgment, the "causal connection" element of the Plaintiff's prima facie case is to show temporal proximity and the knowledge of the decision-maker. Defendant's instruction misstates the law as the prima facie case is not an issue for the jury to consider.

Defendant's instruction is improper because at "the end of a trial it is the question of whether plaintiff made out a prima facie case is no longer relevant." *Collado v. United Parcel Service, Co.*, 419 F.3d 1143, 1153 (11th Cir. 2005) (citing *Combs v. Plantation Patterns*, 106 F.3d 1519, 1539 11th Cir. 1997). "What counts once a case is past the Rule 50(a) stage is not whether the case should be past that [prima facie] stage, but whether the defendant intentionally discriminated against the plaintiff. *Collado*, 419 F.3d at 1153-54. See also *Joseph v. Publix Super Markets, Inc.*, 151 Fed. Appx. 760, 764 (11th Cir. 2005) ("the question whether a

3

plaintiff has failed to establish a prima facie case is not relevant when the defendant fails to persuade the district court for lack of a prima facie case, and responds to the plaintiff's proof by offering evidence of the reason for plaintiff's rejection."). Defendant's instruction is erroneous and misleads the jury on what facts should be determined during their deliberations.

Plaintiff has dismissed his claim for mental anguish damages and Defendant's instruction regarding such damages is not relevant and should be removed. As Plaintiff will not argue that he suffered mental anguish, the use of this instruction could potentially mislead the jury into rendering mental anguish damages and create unnecessary error. Plaintiff urges the Court to utilize the pattern jury instruction, written and approved by the Eleventh Circuit, submitted in the Plaintiff's proposed jury instructions.

**Proposed Jury Instruction No. 9**

Plaintiff objects to Defendant's selective use of the Eleventh Circuit Pattern Jury Instruction regarding the FMLA. Defendant has ignored the proper instruction, except where it is solely beneficial to its purposes, and wishes to assert its Instruction No. 8 above. Plaintiff has already submitted the proper and complete jury instruction, in context, to the Court.

**Proposed Jury Instruction No. 10**

Plaintiff objects to this Instruction as it is irrelevant to his burden of proof or Defendant's legitimate non-discriminatory reason for Plaintiff's termination.

**Proposed Verdict Form**

Plaintiff objects to Defendant's proposed verdict form as it is inconsistent on its face.  Question No. 1 does not reflect the law.  Plaintiff's burden is to show his FMLA was a substantial or motivating factor in Defendant's termination decision.  The Eleventh Circuit has enumerated the proper verdict form for the jury.  If the jury answers "Yes" to Defendant's Question No. 1, which is the main point of this case, and then answers "Yes" to Defendant's Question No. 2, stating that Defendant acted in "good faith" an inconsistent verdict will be rendered.  As noted below, Defendant's question, which is also a defense, goes to liquidated damages only.  While Plaintiff's counsel cannot speak for the Defendant, it is a safe bet no party wants to try this case a second time due to an inconsistent jury form.

Question No. 3 is too complicated.  Plaintiff will provide testimony for his damages with mitigation.  Defendant will have the opportunity to cross-examine the Plaintiff on this topic.  Both parties will argue to the jury the amount of damages that Plaintiff should receive.  While the overall mathematics proposed by Defendant are not complicated, Defendant is well aware that the Plaintiff is

5

seeking mitigated damages through the date of trial and the mathematics will already be performed by the jury.

Plaintiff objects to Defendant's Verdict Form Question No. 4 and No. 5 are unnecessary and misleading. "Liquidated damages are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA." *Cooper v. Fulton County, Ga.*, 458 F.3d 1282, 1287 (11th Cir 2006). The Court, not the jury, is the proper fact finder for determining if FMLA damages are due to the Plaintiff. The issue of good faith requires an objective and reasonable standard that only the Court can analyze. *Cooper*, 458 F.3d at 1287. The proper question for the jury in other causes of action allowing for liquidated damages is whether the Defendant "willfully" violated the law or acted "recklessly" in violation of the law. (See Eleventh Circuit Pattern Jury Instruction No. Age Discrimination in Employment § 1.4.1; Fair Labor Standards Act § 1.7.1). The verdict questions requested by Defendant are unnecessary and are not helpful to the Court in determining whether Plaintiff's presumptive award of liquidated damages should be denied.

WHEREFORE PREMISES CONSIDERED, Plaintiff requests that the Court strike Defendant's Proposed Jury Instructions as noted above and Defendant's Proposed Verdict Form in its entirety.

Respectfully submitted,

/s/ Allen D. Arnold
_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

### CERTIFICATE OF SERVICE

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 8, 2007, which will forward a copy to:

Mark J. Romaniuk
Kelley Bertoux Creveling

/s/ Allen D. Arnold
_____
Of Counsel

7