## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

RONNIE GILES,

     PLAINTIFF,

V.                            **CIVIL ACTION NO: 3:06-cv-00528-WKW-WC**

MASTERBRAND CABINETS, INC.,

     DEFENDANT.

### PLAINTIFF'S MOTION TO QUASH

COMES NOW the Plaintiff and submits this motion to quash Defendant's subpoena of Ms. Iris Hendrix for purposes of trial testimony in the above title matter:

1.     Defendant issued a Subpoena of Ms. Iris Hendrix on August 3, 2007.

2.     Ms. Hendrix is an employee or agent for Area Realty L.L.C.  Plaintiff anticipates that she will provide testimony regarding Plaintiff's real estate agent income.

3.     Plaintiff has already addressed in its motion in limine the issue of Defendant's burden of proof regarding its "mitigation of damages" affirmative defense.

4.     Ms. Hendrix has no relevant testimony regarding the crucial elements of Defendant's affirmative defense.  Ms. Hendrix's potential testimony is unlikely

to have any bearing on whether (1) suitable work existed, and (2) that the Plaintiff did not make reasonable efforts to obtain such suitable work." *Palma v. Pharmedica Communs., Inc.*, 2003 U.S. Dist. LEXIS 21160 at [*50] (Conn. D.C. 2003) (citing *Clark v. Franke*, 960 F.2d 1146, 1152 (2nd Cir. 1992)).

5. Ms. Hendrix's likely testimony and authentication of documents is on a tangential and irrelevant issue that violates Federal Rule of Evidence 401, 402, and 403.[1]

WHEREFORE PREMISES CONSIDERED, Plaintiff requests this Honorable Court quash the subpoena of Ms. Iris Hendrix as she cannot provide any relevant testimony that tends to prove or disprove any fact relevant to Plaintiff's claims or Defendant's affirmative defenses.

Respectfully submitted,

/s/ Allen D. Arnold

_____

Allen D. Arnold

---

[1] Plaintiff anticipates Defendant will argue that Plaintiff has waived his objection to this Witness. Plaintiff has not waived his objections as the above motion is the proper means to object to a subpoenaed witness. Furthermore, the Court's Scheduling Order did not require objections to witness lists 14 days prior to trial, but did require objections for deposition testimony and exhibits. As such, Plaintiff did not wish to flood the Court's docket with paper that was not requested in the Scheduling or Pre-Trial Orders.

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 – Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I have filed the foregoing with the Clerk of the Court using the CM/ECF
system on August 8, 2007, which will forward a copy to:

Mark J. Romaniuk
Kelley Bertoux Creveling


/s/ Allen D. Arnold
_____

Allen D. Arnold