IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**RONNIE GILES,**

    **PLAINTIFF,**

**V.**                                 **CIVIL ACTION NO:**
                                        **3:06-cv-00528-WKW-VPM**

**MASTERBRAND CABINETS, INC.,**

    **DEFENDANT.**

### RESPONSE TO DEFENDANT'S MOTION IN LIMINE

COMES NOW the Plaintiff and responds to Defendant's Motion in Limine as follows:

Defendant's Motion is little more than asking the Court to prohibit Plaintiff from introducing any probative evidence at trial that reflects negatively on Defendant. The specific points raised by Defendant are addressed below.

    A.    *Testimony regarding "fairness."*

Defendant has the opportunity at trial to object to a question that is not consistent with the Rules of Evidence, and have the Court rule on that objection prior to the witness answering. Defendant's Motion in regards to this issue is, seemingly, based upon its interpretation of Plaintiff's counsel's remarks at pre-trial. That is hardly one and the same as soliciting inadmissible evidence from a

1

witness. To the extent Defendant believes it has a valid objection at trial to a question propounded to a witness by Plaintiff's counsel on any subject, without doubt, Defendant will make such objection and get a ruling from the Court. Defendant's subpart "A" is due to be denied.

  B. *FMLA Interference Claim.*

Again, Defendant seeks to have this Court pre-judge evidence and questions that have not been offered. The undersigned certainly understands what the case is about and will be focused on the issue. Plaintiff requests that the Court deny Defendant's Motion and subpart "B" that no evidence specifically limited to a dismissed claim has or will be offered. Defendant's real point in filing this subpart is to try to restrict Plaintiff's ability to put on evidence regarding facts that are relevant to his retaliation claim, but which might also have been relevant to an interference claim. Plaintiff is not prosecuting an interference claim, but to the extent facts related to Plaintiff's retaliation claim are relevant, they are due to be admitted.

  C. *Defendant doesn't understand the point of stipulated facts.*

The parties have agreed that Plaintiff was properly assessed 6.5 points through January 4, 2006 pursuant to Defendant's policy. Plaintiff has no intention of offering any evidence contrary to stipulated facts, or those facts never would have been agreed prior to submitting the draft of the Pre-Trial Order. The Court is

2

specifically referred to stipulated facts # 5(c) and 5(h) in the Pre-Trial Order. Both parties are held to the letter of those stipulated facts, and Plaintiff will comply with the Pre-Trial Order, as, Defendant is certainly required to do as well.

    D.    *Defendant simply argues "hearsay" is inadmissible.*

Defendant seeks to re-argue its Motion for Summary Judgment under this subpart, asking the Court to not allow Plaintiff to submit evidence at trial that contradicts the way that Defendant wants its ambiguous policies to be interpreted for its benefit. Defendant's purpose is obvious, to avoid the fact finder ever looking at the facts. Defendant again argues about questions not asked. The Court dealt with the policy's ambiguous language in its Memorandum Opinion denying Summary Judgment. This is a completely frivolous point raised by Defendant in its Motion in Limine, and is due to be summarily denied.

    E.    *Defendant wants to take advantage of the geographic location of Masterbrand Cabinets, Inc. while hiding the location of counsel it chose.*

The FMLA provides for back pay. The undersigned has provided Plaintiff's back pay calculations to Defendant, which equal approximately $13,000. With liquidated damages that is a potential exposure of $26,000, not including attorneys' fees and costs. As Plaintiff has acknowledged, there is no claim for emotional damages. As a result, with this small amount at issue, there is no point in discussing financial information of either Masterbrand or its parent company.

3

As far as the geographic location of Defendant's counsel is concerned, while certainly not a primary theme of the case, it is not inadmissible or prohibited as shown by the fact that Defendant has cited no case law to support this portion of its Motion. Defendant chose its counsel knowing where this trial would be. Defendant could easily have chosen local counsel to either handle this matter, or to sit at trial; but chose neither. Plaintiff certainly has a right to inquire if anybody in the venire during voir dire has ever heard of or used this law firm for any purpose. Some inadvertent reference counsel of either party may make to defense counsel's physical location would not be unfair to Masterbrand or it would not have chosen out of state counsel. Defendant's request of silence on this point in this Motion implies that it has very little respect for the ability of the venire to make a decision based on the evidence, as opposed to whether defense counsel hails from north of the Mason-Dixon Line. Defendant's unrealistic concern may have been true in the latter part of the 19th Century, but it is hardly true in Alabama today.

WHEREFORE, PREMISES CONSIDERED, Defendant's Motion in Limine is due to be denied.

Respectfully submitted,

/s/ David R. Arendall

_____

David R. Arendall

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

## CERTIFICATE OF SERVICE

    I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 8, 2007, which will forward a copy to:

    Mark J. Romaniuk
    Kelley Bertoux Creveling


                       /s/ David R. Arendall
                       _____
                       Of Counsel