UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06 CV 528-WKW |
| ) | |
| MASTERBRAND CABINETS, INC. ) | |
| ) | |
| Defendant. ) | |

### **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

Comes now the Defendant, MasterBrand Cabinets, Inc., ("MBCI"), and responds to Plaintiff's Motion in Limine as follows:

### I. **Evidence Regarding Plaintiff's Work Through Area Realty**

While working for MBCI, Plaintiff also worked as a realtor through Area Realty. Plaintiff argues in his Motion in Limine that all evidence relating to income earned through his job at Area Realty LLC ("Area Realty") since his termination from MBCI should be excluded. Plaintiff's argument misses the mark. Because such evidence is highly relevant to, among other things, the calculation of damages in this matter and MBCI's mitigation defense and is otherwise admissible, Plaintiff's objection to such evidence should be overruled.

In the employment discrimination context, "moonlighting" earnings or "interim" earnings are those earnings that will offset a backpay award where the plaintiff would have been unable to earn the interim income had he kept the job he lost. *Chesser v. State of Ill.*, 895 F.2d 330, 338 (7th Cir. 1990); *Whatley v. Skaggs Cos.*, 707 F.2d 1129,

1139 (10th Cir. 1983); *Rodriguez v. Taylor*, 569 F.2d 1231, (3d Cir. 1977) (reversing and remanding district court's award of back pay to prevailing ADEA plaintiff that omitted an offset for earnings from interim part-time job; that ADEA did not contain a specific provision requiring an offset for interim work did not undermine the propriety of so offsetting Plaintiff's backpay award in light of the underlying "make whole" approach of damages awarded in employment discrimination matters), *cert. denied*, 436 U.S. 913 (1978); *Horton v Lawrence County Bd. of Educ.*, 449 F.2d 793, 795 (5th Cir. 1971); *Pickering v. USX Corp.*, 1995 WL 584372, * 44 (D. Utah May 8, 1995); *Courtney v. Safelite Glass Corp.*, 811 F. Supp. 1466, 1472 (D. Kan. 1992) (ADEA case); *Watlington v. Univ. of Puerto Rico*, 751 F. Supp. 318, 331 (D.P.R. 1990); *Whatley v. Skaggs Companies, Inc.*, 508 F. Supp. 302 (D. Colo. 1981); *see, e.g. Nord v. United States Steel Corp.*, 758 F.2d 1462, 1472-72 (11th Cir. 1985) (reversing district court's backpay award in a Title VII case for failure to deduct interim earnings); *Darnell v. City of Jasper*, 730 F.2d 653, 656 (11th Cir. 1984) (holding in a Title VII case that "backpay awards are limited to proven economic loss"); *Laughsen v. Anaconda Co.*, 510 F.2d 307, 317-18 (6th Cir. 1975) (ADEA plaintiff's backpay award could be offset by amounts earned in a second job that exceeded those earned by plaintiff from the same second job while plaintiff was employed by defendant).  Defendant has the burden of showing Plaintiff could not have earned the interim income if he had not been terminated. *Gaworski v. ITT Commercial Finance Corp.*, 17 F.3d 1104, 1112 (8th Cir. 1994).[1]

---

[1]  In the alternative, Defendant questions whether the Court must assume that the Area Realty income is interim income given that it is Plaintiff's primary source of income.  Given this, the Area Realty income evidence becomes even more critical.

Accordingly, any back pay award to Plaintiff should be offset by post-termination income Plaintiff earned from his second job at Area Realty that Plaintiff would not have been able to earn had he remained employed at MBCI. While Plaintiff will likely claim that he worked the same number of hours per week for Area Realty before and after the termination of his employment at MBCI, MBCI does not accept this assertion as uncontested fact, and MBCI should be entitled to test the credibility of any such assertion by using Area Realty documents and testimony from Area Realty representative Iris Hendrix.

Even accepting, however, Plaintiff's assertion on this score, the above-cited precedent shows that any back pay award should be offset by Plaintiff's post-termination Area Realty income that he would not have earned but-for his termination from MBCI. Plaintiff has worked at Area Realty since 2003. (Pl. Dep. at 16: 17-18. Applicable portions of Plaintiff's deposition are attached hereto as Exhibit A.) A comparison of 1099 Forms from Area Realty shows that after the termination of Plaintiff's employment from MBCI, Plaintiff's income from Area Realty jumped approximately $ 10, 513.26, or 27.8%. Copies of Plaintiff's 1099 Forms for 2005 and 2006 obtained from Area Realty are attached hereto at Exhibit B collectively. Plaintiff also worked at Area Realty during the month between the termination of his employment with MBCI and the beginning of his current employment at Weidman Plastics. (Pl. Dep. at 10:12-20.) Although Plaintiff was a first shift employee at MBCI, he now works the third shift at his current job. (Pl. Dep. at 12:10-11, 20:3-4, 23:3-12, 31:22-23.) Plaintiff's deposition testimony demonstrates that while employed by MBCI, he was limited to performing his real estate

3

work after his day shifts on week days and on weekends when he was not working overtime, but that now in his current night shift position at Weidman Plastics, he is able to perform his Area Realty work during the daytime hours of virtually any day of the week. (*See* Pl. Dep. at 19:9-14: 20:11-23, 21:1-18, 23:2-23.) The dramatic post-termination increase in Plaintiff's Area Realty income coupled with the dramatic increase in the daytime hours that he has been able to pursue this income since the termination of his employment at MBCI, raises a substantial issue of fact as to whether the Plaintiff could have earned these thousands of dollars in additional income while employed by MBCI.

        This evidence is also relevant to MBCI's mitigation defense. Plaintiff's growing real estate career, which he was able to pursue with greater free time during common daytime business hours after the termination of his employment with MBCI, is highly relevant to the issue of whether Plaintiff made reasonable efforts to pursue suitable employment after the termination of his employment from MBCI.

        Accordingly, evidence pertaining to Plaintiff's employment at Area Realty is highly relevant to the contested issues in this case and MBCI should be permitted to offer any such otherwise admissible evidence.

## II. Evidence of Identical Comparators

        Plaintiff also argues that, because MBCI has not offered evidence of a "nearly identical" comparator, none of MBCI's evidence regarding the consistent application of its attendance and vacation policies should be admitted. Plaintiff's assessment confuses the burdens and standards applicable to this evidentiary

determination. Because MBCI's evidence of the uniform application of its attendance and vacation policies is relevant, Plaintiff's objection to this evidence should be overruled.

In support of his misguided proposition, Plaintiff cites *Burke-Fowler v. Orange County, Fla.*, 447, F.3d 1319, 1323 (11th Cir. 2006), in which the Eleventh Circuit considered an appeal from a grant of summary judgment in favor of the employer on the plaintiff's claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The court affirmed the district court's grant of summary judgment because the <u>plaintiff</u> in that case <u>failed to meet his burden</u> under the prima facie case to offer evidence sufficient to convince a reasonable jury that he was treated less favorably than a similarly situated individual outside the protected class. *Burke-Fowler*, 447 F.3d at 1323-25 ("Because [plaintiff] failed to establish valid comparators and presented no other circumstantial evidence suggesting racial discrimination, [plaintiff] did not establish a prima facie case of race discrimination.") This authority does not stand for the proposition that "Defendant is held to the same standard as any other plaintiff trying this defense of 'nearly identical' conduct." (Pl. Br. Motion in Limine, at 4.) To the contrary, *Burke-Fowler* and scores of other cases state the well-settled rule that the plaintiff – not the defendant – carries the burden of offering evidence of similarly situated individuals under the familiar burden-shifting method of proof commonly used in employment discrimination cases and first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316-19 (11th Cir. 2003) (affirming summary judgment in favor of employer where plaintiff failed to offer evidence of a similarly situated comparator). Accordingly, Plaintiff's argument that

MBCI may not offer evidence of its uniformly enforced policy because MBCI carries a burden to offer evidence of nearly identical comparators is a clear misstatement of the law.  Any burden of proof regarding comparators is Plaintiff's alone.  That Plaintiff carries this burden does not bar MBCI from offering evidence tending to show that it applied its policies uniformly.

Plaintiff's argument on this score has also confused the proper standard used to determine admissibility under the Federal Rules of Evidence.  Plaintiff has claimed that MBCI terminated his employment in retaliation for his FMLA leave.  At the heart of this claim is the assertion that MBCI treated him differently from others who did not file FMLA leave by terminating his employment.  One aspect of MBCI's defense is that Plaintiff's employment was terminated not because of his FMLA leave, but because the termination of Plaintiff's employment was warranted due to his excessive absences under its uniformly enforced attendance policy.  Plaintiff will likely argue that his unused vacation time should have been automatically allocated to his absences, but MBCI will offer evidence showing that its uniformly applied vacation policy required employees to request use of vacation time, which Plaintiff failed to do.  As part of its argument, MBCI will offer evidence that MBCI uniformly applied its attendance and vacation policies by terminating the employment of others who, like Plaintiff, exceeded the permitted number of absences under the Company's policy.  This evidence tends to support MBCI's proffered legitimate non-retaliatory reason for its actions in this case, and undermines

Plaintiff's allegations that MBCI terminated his employment because of a retaliatory motive.[2]

The evidence of MBCI's uniformly applied attendance and vacation policies is highly relevant to the claim at issue and should therefore be admitted. See Fed. R. Evid. 401; *see also Vasquez v. Claire's Accessories, Inc.*, 392 F. Supp. 2d 342, 354 (D. Conn. 2005) (plaintiff could not show that defendant's proffered legitimate reason for the adverse employment action was a pretext for gender discrimination in light of evidence that plaintiff violated defendant's employment policy and evidence that the policy was uniformly enforced); *Mascorro v. Am. Funds Svc. Co.*, 2006 WL 3782861, *11 (W.D. Tex. Nov. 20, 2006) (evidence of defendant's uniformly applied attendance policy undermined plaintiff's employment discrimination claim); *Druia v. Delta Airlines, Inc.*, 1976 WL 688, *13 (E.D. Mich. Sept. 29, 1976) (concluding after bench trial on plaintiff's retaliation claim that he was terminated for refusal to comply with employer's uniformly applied policy, not for discriminatory or retaliatory reasons).[3]

---

[2] Plaintiff appears to argue that the only admissible evidence of uniform application of its attendance policy is that which relates to those who "missed three consecutive days in which absentee points were used to terminate them, when there was a failure to send a warning letter; and [] the employee had vacation and scheduled time off yet did not use[] it; and, [the employee] had [] returned from FMLA leave within the last eight days." (See Pl. Br. Motion in Limine, at 4.)  This argument would require a relevancy standard far greater than that required by Rule 401.  Rather, the argument goes to the weight, not the admissibility, of the evidence in this case.

[3] Plaintiff has offered no argument that evidence relating to MBCI's uniformly applied policies is irrelevant under Federal Rule of Evidence 403.  Any such argument should fail, however, as this evidence is highly relevant and presents no risk of prejudice to plaintiff.

WHEREFORE, Defendant, MasterBrand Cabinets, Inc., respectfully requests that Plaintiff's Motion in Limine be denied on all points and for all other appropriate relief.

Respectfully submitted,

s/Kelley Bertoux Creveling
Mark J. Romaniuk (#15255-49)
Kelley Bertoux Creveling (#19309-49)
BAKER & DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax:  (317) 237-1000
mark.romaniuk@bakerd.com
kelley.creveling@bakerd.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on August 16, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203

*Attorney for Plaintiff*

s/Kelley Bertoux Creveling

8

BDDB01 4854772v1