UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  3:06 CV 528-WKW |
| ) | |
| MASTERBRAND CABINETS, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS**

Defendant Masterbrand Cabinets, Inc. ("MBCI") respectfully submits the following response and objections to the plaintiff's proposed jury instructions.

District courts have broad discretion in fashioning jury instructions. However, reversible error is committed where jury instructions are confusing, prejudicial, or where they misstate the law or mislead the jury.  *See Johnson v. Breeden*, 280 F.3d 1308, 1314 (11th Cir. 2002); *Roberts & Schafer Co. v. Hardaway Co.*, 152 F.3d 1283, 1295 (11th Cir. 1998); 9A Charles Allen Wright & Arhtur R. Miller, Federal Practice and Procedure § 2558 (2d ed. 1987).

Plaintiff's instructions identified below are the sort of misleading, confusing prejudicial and inaccurate instructions that should not be presented to the jury.

**Plaintiff's Proposed Final Jury Instruction No. 4: Burden of Proof[1]**

MBCI objects to the third paragraph of this proposed jury instruction because it is irrelevant and therefore will confuse and mislead the jury. As discussed at length at pages 6 and 7 of Defendant's Motion *in Limine*, the circumstances of this case present significant danger of juror confusion and prejudice of the issues. Although Plaintiff's FMLA interference claim was dismissed in this matter, there is a substantial likelihood that Plaintiff will attempt to present to the jury evidence relating to the FMLA interference claim and irrelevant to the surviving claim. This evidence, which will include but is not limited to evidence of Plaintiff's health condition and the cause of his absences from work on January 4, 5, and 6, 2006, presents substantial potential for confusing the jury into believing that there is a valid FMLA interference at issue in this case. Indeed, Plaintiff's instructions attempt to guide the jurors in how to analyze such evidence.

Despite Plaintiff's repeated attempts to revive his FMLA interference claim, his FMLA retaliation claim is the only claim at issue in this case. Accordingly, the third paragraph of Plaintiff's proposed instruction relating to the burden of proof in this case, which references multiple claims and defenses, is irrelevant and will confuse and mislead

---

[1] With few exceptions, Plaintiff failed to number or specifically cite the authority for his Proposed Jury Instructions. Rather, Plaintiff merely generally stated that his proposed instructions were derived from the Eleventh Circuit Pattern Civil Jury Instructions and that "certain portions" of his proposed instructions "may be modified" from the Pattern Instructions, thereby wasting Defendant's and the Court's time in determining precisely which language varied from the Pattern Instructions. For clarity, Defendant will refer to Plaintiff's Proposed Jury Instructions by their number order and title.

the jury and should therefore be omitted. Defendant's proposed instruction number 5 provides a simpler and more applicable version of this instruction.

**Plaintiff's Proposed Final Jury Instruction No. 5: 1.8.1 Family and Medical Leave Act, Substantive Claims and Retaliation Claims, 29 U.S.C. §§ 2601-26542**

MBCI objects to this proposed jury instruction because it will confuse and mislead the jury. The first through fourth "facts" referenced by Plaintiff in this paragraph are not in dispute in this case nor are they the legal elements of Plaintiff's retaliation claim. There is significant danger under the particular circumstances of the present matter that the jury will be confused by the recitation of these facts. This case is not about whether Plaintiff qualified for leave in December 2005. At issue in this matter is whether MBCI terminated Plaintiff's employment on January 9, 2006 because he took FMLA leave in December 2005. As previously discussed, although Plaintiff's FMLA interference claim based on his absences from January 4-6, 2007 was dismissed by this Court, Plaintiff persists in attempting to raise issues surrounding this long disposed of claim. (See Defendant's argument to this effect in Defendant's Motion *in Limine* at pp. 6-7.) In light of Plaintiff's repeated attempts to resurrect his defeated FMLA interference claim based on his January 2006 absences, issuing this jury instruction as Plaintiff proposes presents significant danger of inviting the jury to improperly consider whether Plaintiff was somehow entitled to, and denied, FMLA leave for these January 2006 absences.[2] This pattern instruction is appropriate for cases in which the jury must

---

[2] This attempt to revive his FMLA interference claim is also reflected in the title Plaintiff provides for this proposed jury instruction, which references "substantive claims." There are no substantive FMLA claims before the jury.

consider both an interference (or "substantive") and a retaliation claim or for retaliation cases in which there is a dispute as to whether the plaintiff engaged in a protected activity, whether the employer is a covered entity, etc. For a relatively simple case such as the one now before the Court, which involves only a single retaliation claim where the defendant's motivation is the only issue of fact in dispute, the five "facts" referenced by Plaintiff are a misstatement of the applicable legal test and are unnecessary, cumbersome, and will confuse and mislead the jury.

The precise language and wording used by the plaintiff in this instruction is also unnecessarily confusing. The third paragraph begins by stating that the plaintiff must prove certain facts. However, these facts are explained not as statements that must be proven, but instead as statements of what the parties have or have not agreed to. This word and phrase choice exacerbates the already unnecessarily confusing inclusion of these additional and undisputed items.

For these reasons, the Eleventh Circuit Pattern Instruction relating to retaliation claims generally, included in Defendant's Proposed Instruction No. 8, meets the legal standards applicable to Plaintiff's claim without presenting such danger of prejudice and confusion of the jury. *Cf. Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001) (in non-direct evidence cases, courts apply the same framework to FMLA retaliation claims as in Title VII retaliation claims); *Matthews v. Village Center Cmty. Dev. Dist.*, 2006 WL 3422416, * 19 (M.D. Fla. Nov. 28, 2006) (Hodges, J.) (FMLA retaliation claims are also assessed under the same

4

framework as Title VII retaliation claims."); Eleventh Circuit Pattern Instruction Nos. 1.8.1, 1.10.3.

**Plaintiff's Proposed Final Jury Instruction No. 6: Test In Construing Ambiguous Provisions of a Policy, Or Other Documents Used By Company Affecting Policy**

MBCI objects to this proposed jury instruction because it misstates the law and will confuse and mislead the jury. Plaintiff's only viable claim in this case is his retaliation claim under the Family and Medical Leave Act. Plaintiff has advanced no state common law contract claim based on the MBCI employee handbook or any other MBCI policy. Nor could he. *Harper v. Winston County*, 892 So.2d 346, 351-52 (Ala. 2004) (explaining that general statements of policy in an employee handbook do not displace the "well-settled" principle of at-will employment under Alabama law).

This instruction, plucked from the "Insurance" section of the Alabama Pattern Jury Instructions, simply does not apply to this FMLA retaliation case. The "Notes On Use" following this provision of the Alabama Pattern Jury Instructions state that the instruction is "[to] be used where the jury construes [a] contract of insurance, ambiguous provisions of [a] policy, or other documents used by [an] insurance company affecting the policy used." Alabama Pattern Jury Instructions § 20.31. That this provision applies only to insurance policies and agreements would have been more obvious if Plaintiff had included the proposed instruction in its original form, which states:

> The language used in a policy *of insurance* is framed by the company and is to be construed favorably to the party *insured*.

> The contract *of insurance* will be construed strictly against the company and liberally in favor of the party *insured*.
>
> Ambiguous provisions of an *insurance policy* will be construed most strongly against the *insurance company* and in favor of the *insured*.
>
> These principles should be employed in construing other documents prepared and used by the *insurance company* affecting the *policy of insurance*.

Alabama Pattern Jury Instructions Civil § 20.31 (2d ed.) (emphasis added). Plaintiff failed to do so, and also failed to state that his proposed version of this pattern instruction was modified. In any case, it is plain that this instruction, aimed at state common law contract claims based on insurance contracts, does not apply to MBCI's attendance or vacation policies or any issue in this FMLA retaliation case.

Most important, this instruction, which would require the jury to construe against MBCI the meaning of its attendance and vacation policies whether they are ambiguous or not, is not supported by any authority construing the FMLA or like claims. On the contrary, the principles articulated in this instruction undermine the well-settled rule that the Court and the jury must not second guess the employer's business judgment. *Rowell v. Bellsouth Corp.*, 433 F.3d 794, 798 (11th Cir. 2005) ("It is by now axiomatic that we cannot second-guess the business decisions of an employer."). Accordingly, this jury instruction, which is aimed at state common law claims based on contracts of adhesion, particularly insurance agreements, is wholly inapplicable to Plaintiff's federal statutory retaliation claim. Application of this proposed jury instruction to Plaintiff's

FMLA claim would most certainly confuse and mislead the jury as it clearly misstates the law applicable to Plaintiff's sole claim in this case.

**Plaintiff's Proposed Final Instruction No. 7: Company Policy Instruction**

Defendant objects to this proposed instruction because it misstates the law and will confuse and mislead the jury. This proposed instruction for which Plaintiff cites to *Federal Employment Jury Instructions* § 10.90, does not state a principle of federal law under the FMLA. Additionally, this instruction is irrelevant to the sole issue in this case: whether MBCI terminated Plaintiff's employment *because* he engaged in protected activity. 29 U.S.C. § 2615.

As with Plaintiff's proposed instruction number 6, MBCI's objections to which are discussed above, Plaintiff's proposed "Company Policy Instruction" is plainly inapplicable to this case. The instruction derives from the chapter of the *Federal Employment Jury Instructions* pertaining to actions for breach of contract and breach of fiduciary duty. Plaintiff advances no such claim in this case. That this provision applies only to breach of contract and breach of fiduciary duty claims would have been more obvious if Plaintiff had included the proposed instruction in its original form, which states:

> *Contracts* cannot be based on the secret or unexpressed intention of one party which has not been conveyed to the other party. Nor can a *contract* be based on the unexpressed, subjective understanding of one party as to the *contract's* meaning, which was not conveyed by that party to the other party.

7

*Federal Employment Jury Instructions* § 10.90 (emphasis added). A true and accurate copy of the instruction cited by Plaintiff in his proposed instruction number 7 is attached hereto as Exhibit A. Again, Plaintiff failed to either provide this instruction in the form of the cited source and also failed to state that his proposed version of this pattern instruction was modified. This proposed instruction, aimed at state common law contract claims, does not apply to any issue in this case.

Even if the instruction was somehow relevant to the jury's determination in an FMLA retaliation action – which it is not – this proposed instruction does not apply to the facts of this case. There is no evidence or argument in this case relating to any "secret" or "unexpressed" MBCI policy. Rather, the only policies at issue are those published and distributed – its vacation and attendance policies. The inclusion of such an instruction implies that there is a secret or unexpressed MBCI policy at issue and would unfairly sway the jury by casting baseless suspicion about the existence of a secret or unexpressed policy.

**Plaintiff's Proposed Verdict Form**

MBCI objects to Plaintiff's proposed verdict form as it misstates the law and will therefore likely confuse and mislead the jury. As previously explained, the only factual issue in dispute, and therefore the only issue for determination by the jury, is whether MBCI terminated Plaintiff's employment *because of* his FMLA leave in December 2005. There is no dispute between the parties regarding the subject of the first four questions on the form: Plaintiff's entitlement to his December 2005 FMLA leave and the adverse action of termination of Plaintiff's employment. Plaintiff's proposed verdict

form literally presents these items as questions to the jury as though the items are in dispute and therefore to be determined by them, but then provides a given answer to such questions, indicating that there is nothing for the jury to decide on these points. Accordingly, the first four questions provided on Plaintiff's Proposed Verdict Form are unnecessary, cumbersome, and confusing.

      Defendant also objects to Special Interrogatory No. 7 on Plaintiff's proposed verdict form. This question clearly calls for an award of punitive damages. Although a prevailing FMLA plaintiff is normally entitled to liquidated damages unless the court finds that an employer's violation was in good faith and that it had a reasonable basis for believing that its conduct was not an FMLA violation, this Court has made clear that punitive damages are not permitted on an FMLA claim. *Cooper v. Fulton County Georgia*, 458 F.3d 1282, 1287 (11th Cir. 2006); *Goodwin v. Rheem Mfg. Co.*, 15 F. Supp. 2d 1197, 1210 (M.D. Ala. 1998); *see also McAnally v. Wyn South Molded Products, Inc.*, 912 F. Supp. 512, 513 (N.D. Ala. 1996).

      Respectfully submitted,

s/Kelley Bertoux Creveling
Mark J. Romaniuk (#15255-49)
Kelley Bertoux Creveling (#19309-49)
BAKER & DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax: (317) 237-1000
mark.romaniuk@bakerd.com
kelley.creveling@bakerd.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on August 16, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203

*Attorney for Plaintiff*

                                            s/Kelley Bertoux Creveling