# Exhibit A

# Federal Employment Jury Instructions

## Todd J. McNamara

## J. Alfred Southerland

### Contributors:

### Lara Cardin de Leon

### Kristina James



JAMES
PUBLISHING
INCORPORATED

LAW PUBLISHERS

**Contact us at (800) 440-4780 or www.jamespublishing.com**

(Rev. 7, 3/07)

# Chapter 10

# Section 301 Breach of Contract/Breach of Fiduciary Duty Claims

**Author**
J. Alfred Southerland
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Houston, Texas

(Rev. 7, 3/07)

## §10:70 Illusory Promises— Collective Bargaining Agreement

As in all contracts, a collective bargaining agreement's terms must be construed so as to render none nugatory or meaningless, and to avoid illusory promises.

#### Comments

Source of Instruction: *Webb v. GAF Corp.*, 936 F. Supp. 1109, 1119-20 (N.D.N.Y. 1996).

## §10:80 Nature of Retiree Benefits

Another factor which you many wish to consider is the nature of the benefits at issue in this case. Retiree benefits are, in a sense, status benefits which, as such, carry with them an expectation that they continue so long as the prerequisite status is maintained.

This is not to say the retiree insurance benefits are necessarily interminable by their nature. Nor does any federal labor policy presumptively favor the finding of interminable rights to retiree insurance benefits when the collective bargaining agreement is silent. Rather, as part of the context from which the collective bargaining agreement

arose, the nature of such benefits simply provides another inference of intent.

Standing alone, this factor or expectation would be insufficient to find an intent of the parties to create interminable benefits. However, this contextual factor may, in your view, buttress other indicators of such intent which you many find in the language of the agreements and in other evidence in the record.

#### Comments

Source of Instruction: *Webb v. GAF Corp.*, 936 F. Supp. 1109, 1121-22 (N.D.N.Y. 1996).

## §10:90 Understanding of Contract

Contracts cannot be based upon the secret or unexpressed intention of one party which has not been conveyed to the other party. Nor can a contract be based on the unexpressed, subjective understanding of one party as to the contract's meaning which was not conveyed by that party to the other party.

#### Comments

Source of Instruction: *Webb v. GAF Corp.*, 936 F. Supp. 1109, 1123 (N.D.N.Y. 1996).