IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**RONNIE GILES,**

    **PLAINTIFF,**

**V.**                         **CIVIL ACTION NO: 3:06-cv-00528-WKW-WC**

**MASTERBRAND CABINETS, INC.,**

    **DEFENDANT.**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED COURT INSTRUCTIONSTO THE JURY**

COMES NOW the Plaintiff, by and through undersigned counsel and responds to Defendant's Objections to Plaintiff's proposed jury instructions

**Proposed Jury Instruction: Burden of Proof**

Plaintiff has supplied a verbatim copy of the Eleventh Circuit Pattern Jury Instructions: Burden of Proof 6.2. Interestingly enough, Defendant's instruction on the burden of proof comes from Eleventh Circuit Pattern Jury instructions where only the Plaintiff bears the burden of proof. (See 11th PJI: 6.1). Defendant has also provided a visualization of the scales of justice. Defendant intends to assert an affirmative defense to prove to the jury. The language of the instructions is virtually identical, with the exception that Court places the jury on notice that Defendant must prove its affirmative defenses. Unless Defendant is waiving its affirmative defenses, Plaintiff's instruction is the proper charge.

**Proposed Jury Instruction: Family and Medical Leave Act, Substantive Claims and Retaliation Claims, 29 U.S.C. §§ 2601-2654.**

Defendant's objection is without merit. Plaintiff properly omitted all instructions and definitions related to FMLA interference claims and/or elements of the case not in dispute. Defendant's stipulation to four or the five elements necessary to demonstrate Plaintiff's burden was its choice. Defendant should live with its decision. Plaintiff is unsure why Defendant's counsel keep asserting Plaintiff is trying to revive a dismissed claim other than to sway the Court that counsel is acting improperly or trying to create an issue on appeal. FMLA Interference claims do not require a "motivating" factor. FMLA Retaliation claims do require a "motivating or substantial factor." The jury instruction proposed by the Plaintiff directs the jury to the exact question of fact it is present to decide and gives the instruction of the law, drafted by the Eleventh Circuit, regarding exactly what the jury should consider to make that factual determination.

**Proposed Jury Instruction: Test in Construing Ambiguous Provisions of Policy, or other Documents used by Company Affecting Policy**
**&**
**Proposed Jury Instructions: Company Policy Instruction:**

Defendant's objection appears to be that Plaintiff failed to place "modified" in its citation of these instructions. However, the citations clearly indicate that such the instruction governs insurance policies and contracts. These two proposed instructions have a legal basis, as opposed to those created out of thin air or

containing such factual narrations that mislead the jury into believing the Court wants the fact finder to rule for the Defendant. The vacation and attendance policies are very much an issue in this case and the fact-finder should have some guidance as to how to properly and legally consider these policies. The Defendant created these written documents and the jury should be provided some guidance as to interpretation of these written documents. Every law school in the United States in its Contracts courses teaches that the document is to be construed against the drafter. Defendant's objections to any instruction involving creativity are spurious, as Defendant's proposed instructions follow the same initiative in an effort to advocate its position.

**Proposed Jury Verdict Form:**

Plaintiff reincorporates its argument regarding the FMLA instruction. Defendant stipulated to four of the elements of the Plaintiff's burden of proof. The jury is present to decide the fifth element.

Defendant's objection to Special Interrogatory No. 7 is for the Court's benefit. Liquidated damages are presumptive in this case, however, the fact finder's answer to this question provides the Court with guidance as to whether the facts indicate willfulness. The undersigned admits not properly citing the question in the jury instruction, but constructed the form with the presumption that the document would be seen by the jury "as is." Plaintiff's Special Interrogatory No. 7

is derived from the ADEA's and FLSA Special Interrogatory found in the Eleventh Circuit Pattern Jury Instruction. (See Eleventh Circuit Pattern Jury Instruction §§ 1.4.1, 1.7.1). These two statutes are also found under Title 29 and allow for the awarding of liquidated damages. A closer look at the FMLA instruction provided by the Eleventh Circuit shows the use of the "good faith" interrogatory proposed by Defendant. However, Defendant failed to include the instruction that correlates with its proposed interrogatory.

As noted in the Pattern Instruction annotation, the Eleventh Circuit has not ruled on the issue of "good faith." Should the Court find it need guidance from the jury on the issue of "good faith" and any award or *presumptive* liquidated damages, Plaintiff requests that this Court utilize the Special Interrogatory and proper instruction suggested in the FMLA Instruction or Plaintiff's Special Interrogatory based on the premise that the FMLA borrows remedial measures from the FLSA. (See Eleventh Circuit Pattern Jury Instruction § 1.8.1, Annotations).

                                              Respectfully submitted,

                                              /s/ Allen D. Arnold
                                              _____
                                              Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

## CERTIFICATE OF SERVICE

    I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 17, 2007, which will forward a copy to:

    Mark J. Romaniuk
    Kelley Bertoux Creveling

/s/ Allen D. Arnold
_____
Of Counsel