IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**RONNIE GILES,**

    **PLAINTIFF,**

**V.**                      **CIVIL ACTION NO: 3:06-cv-00528-WKW-WC**

**MASTERBRAND CABINETS, INC.,**

    **DEFENDANT.**

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

COMES NOW the Plaintiff, by and through undersigned counsel and replies to Defendant's Response to Plaintiff's Motion in Limine:

**I.**    **Evidence Regarding Plaintiff's Second Job Should Be Excluded**

Defendant has cited several cases in support of its argument that Plaintiff's second job is relevant to its mitigation of damages affirmative defense. Defendant refers to "moonlighting" earnings as if such a term is the same as "interim" earnings. "Moonlighting" is defined as "to work at another job, often at night, **in addition** to one's full-time job." (See www.dictionary.com < http://dictionary.reference.com/browse/moonlighting> (accessed August 17, 2007)). Defendant's motion notes that Plaintiff's additional job is a constant. To make Plaintiff whole again would be to supply the additional income he did not earn through subsequent employment.

Defendant's cited cases betray its position that Plaintiff's second job is relevant information. *Whatley v. Skaggs Co.*, supports the proposition that Plaintiff's income from his real estate work is not relevant. 707 F.2d 1129, 1140 n. 10 (10th Cir. 1983).

> "If a supplemental or moonlight job is one that the discrimnatee cannot perform when he wins his new position, the supplemental job is necessarily temporary, provisional or 'interim.' By contrast, if one can hold his supplemental job and his desired full time job simultaneously and there is a reason to believe he will do so, the supplemental job assumes a permanent rather than interim nature. Those earnings would be independent of the position sought and should not be taken into account in back pay calculations."

*Id.* at 1140. Citing *Bing v. Roadway Express, Inc.*, 485 F.2d 441, 454 (5th Cir. 1973). The undersigned has Shepardized **Bing** and finds no Fifth or Eleventh Circuit case changing or overruling this case law. *Bing* is controlling Fifth Circuit law that was in effect prior to the creation of Eleventh Circuit.[1] The District Court in *Somers v. Aldine Independent School Dist.* did not apply a plaintiff's moonlighting job earnings to mitigation because the position could be held, and was held, simultaneously with the desired full time job. 464 F. Supp. 900, 903 (S.D. Tex. 1979). *Bing* still appears to be controlling law in this Circuit and Defendant's introduction of evidence regarding this second should be excluded.

---

[1] "The decisions of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Defendant has relied upon Plaintiff's deposition testimony in support of its motion. This testimony shows Plaintiff in fact worked at Area Realty prior to his termination; he continued working during his unemployment; and continued to work when he resumed his desired full time job with Weidman Plastics. Plaintiff's job with Area Realty appears to be permanent, and not interim in nature. In light of the controlling Circuit law, Plaintiff's motion in limine is due to be granted.

## II.   Defendant's Comparative Evidence

Defendant's argument regarding the uniform application of policy is essentially the following: a plaintiff's burden regarding comparative evidence is to compare apples to apples, but a defendant's burden regarding comparative evidence allows for a comparison of apples to oranges. If a defendant wants to offer a list of employees who were uniformly treated the same under the practice, the practice has to be applied the same way in which the plaintiff was victimized; that is the proper standard of comparative evidence. Plaintiff reasserts its original argument of relying upon *Burke-Fowler*.

                                      Respectfully submitted,

                                      /s/ Allen D. Arnold
                                      _____
                                      Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

## CERTIFICATE OF SERVICE

 I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 17, 2007, which will forward a copy to:

 Mark J. Romaniuk
 Kelley Bertoux Creveling

             /s/ Allen D. Arnold
             _____
             Of Counsel