IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RONNIE GILES,

    PLAINTIFF,

V.                    CIVIL ACTION NO: 3:06-cv-00528-WKW-WC

MASTERBRAND CABINETS, INC.,

DEFENDANT.

### PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50 OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW the Plaintiff, by and through undersigned counsel, and this Motion for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure.

1.    "Defendant admits that Plaintiff was approved for Family and Medical Leave from December 19, 2005 through and including January 2, 2006." (See Pl. Ex. 1: RFA No. 2).

2.    "MBCI also admits that Plaintiff's employment was terminated on Monday, January 9, 2006. (See Pl. Ex. 1: RFA No. 8).

3.    Defendant terminated Plaintiff within seven days of his return from FMLA leave.

4.    Perry Ezell, Defendant's HR Manager, approved Plaintiff's FMLA

leave.

5.  Jon Oleinick, Team Leader, coded Plaintiff's absences as approved leave in the computer system.

6.  Following Plaintiff's leave, he returned to work for one day on January 3, 2006.

7.  Mr. Ezell and Mr. Oleinick are the persons making the decisions regarding disciplinary actions, including Plaintiff's termination.

8.  Defendant states that Plaintiff's termination was the result of absenteeism in violation of the company attendance policy.

9.  Defendant's records indicate that Plaintiff has 80 hours of unused vacation on January 5 and 6.

10.  On January 4, 2006, Plaintiff informed his supervisor, Jon Oleinick, he was sick and needed to go home. Oleinick then stated "we're in the same fix as we were before."

11.  Defendant's policy addresses "Related Consecutive Absences."

> The Company understands that in limited circumstances, this policy could substantially impact an employee with otherwise good attendance. An employee who is required to miss consecutive work days due to their own medical condition or that of a dependent child shall be assessed one point per day following the initial absence. An employee shall only be entitled to a reduced point schedule provide the employee timely reports such day's absence on the Absence Line and the employee has exhausted all Schedule Time Off and Vacation."

12. Giles incurred 1 point for leaving work early on January 4, 2006.

13. Giles attendance point total was 6.5 points. Pursuant to Defendant's policy, Giles should have received a written warning. Defendant, in violation of its policy, issued no such warning to Giles.

14. Giles called off work on January 5, 2006 reporting that he was running a fever and would not be in.

15. Giles called off work on January 6, 2006 reporting that he would not be in.

16. "Defendant admits that Plaintiff called in to report his absences on January 5 and 6, 2006 and accordingly complied with Defendant's Attendance Policy." (Pl. Ex. 1: RFA No. 11) (emphasis added).

17. Defendant claims that Giles incurred 2 points on January 5, 2006 and 1 point on January 6, 2006 pursuant to policy. Defendant calculated Giles's attendance point total so that is exceeded 9 points. This calculation resulted in Giles's termination.

18. Pursuant to Defendant's policy as written, Plaintiff should have been able to apply his vacation days for January 5 and 6. Plaintiff should have incurred zero points for those absences, and arguably at best only incurred 8.5 points. An employer's violation of its own procedures can be evidence of pretext. *Bass v. Bd. of County Comm'rs, Orange County*, Fla., 256 F.3d 1095, 1108 (11th Cir. 2001).

*See also Rudin v. Lincoln Land Community Coll.*, 420 F.3d 712, 727 (7th Cir. 2005) ("An employer's failure to follow its own internal procedures can constitute evidence of pretext.").

19. Ezell testified that Defendant attendance policy does not refer or cross-reference to Defendant's vacation policy.

20. Defendant did not calculate the attendance point total of Mr. Christopher Wright in a similar manner. On consecutive days, Mr. Wright left early from work and incurred 1 point. Mr. Wright incurred only 1 point for each of the those next two days. Mr. Wright was eventually terminated, but Defendant gave Wright the benefit of having the policy properly applied in regard to his attendance.

21. Mr. Wright did not take FMLA leave.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Honorable Court grant Plaintiff's Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50.

                                            Respectfully submitted,

                                            /s/ Allen D. Arnold

                                            _____
                                            Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

## CERTIFICATE OF SERVICE

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 21, 2007, which will forward a copy to:

Mark J. Romaniuk
Kelley Bertoux Creveling

/s/ Allen D. Arnold
_____
Of Counsel