IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE GILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-cv-528-WKW |
| | ) | |
| MASTERBRAND CABINETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

**Introduction**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

**Consideration of the Evidence**
**Duty to Follow Instructions**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its

1

employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses, the exhibits I have admitted in the record, and any facts to which all the attorneys have agreed or stipulated - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. In other words, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of your common experience. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. For example, I was there, I saw it, this is what happened. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. If someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

### Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

### Impeachment Of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a

3

misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When a witness is questioned about an earlier statement he or she may have made, or earlier testimony he or she may have given, such questioning is permitted to aid you in evaluating the truth or accuracy of the witness' testimony here.

Earlier statements made by a witness or earlier testimony given by a witness are not ordinarily offered or received as evidence of the truth or accuracy of those statements, but are referred to for the purpose of giving you a comparison and aiding you in making your decision as to whether you believe or disbelieve the witness' testimony that you hear at trial.

Where such prior statements of a witness are, in fact, consistent or inconsistent with his or her trial testimony is entirely for you to determine.

You are the sole judge of the credibility of witnesses.

### Burden Of Proof

In this case each party asserting a claim or an affirmative defense has the responsibility to prove every essential part of the claim or affirmative defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance

4

of the evidence you should find against the party making that claim or contention.

## Family and Medical Leave Act

In this case the Plaintiff claims that the Defendant violated a federal law known as the Family and Medical Leave Act. More specifically, the Plaintiff claims that he was discharged from employment because of his taking leave. The Defendant denies that it violated the Act in any way and maintains that Mr. Giles was discharged from employment because his absences (unrelated to his FMLA leave) caused him to exceed the number of points allowed under the company's Attendance Policy.

In order to prevail on this claim, Mr. Giles must prove each of the following facts by a preponderance of the evidence:

<u>First:</u>    That he engaged in a statutorily protected activity;

<u>Second:</u>   That he was discharged from employment;

<u>Third:</u>    That the decision to discharge him from employment was causally related to the protected activity. For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Stated another way, it must be shown that the protected activity by the Plaintiff was a substantial motivating cause that made a difference in the Defendant's decision.

The parties have stipulated the first element, that Mr. Giles engaged in a statutorily protected activity, namely taking FMLA leave from his employment. The parties have further stipulated the second element, that Mr. Giles was discharged from his employment with MCBI. Therefore, the third element, causal relationship between the Plaintiff's use of FMLA leave and his termination, is left for your determination. Mr. Giles must prove by a preponderance of the evidence that his use of FMLA leave was a substantial motivating cause that prompted the Defendant to terminate his employment with the company.

It is not necessary for the Plaintiff to prove that leave or the request for leave was the sole or exclusive reason for Defendant's decision. It is sufficient if the Plaintiff proves that taking the leave was a determining factor that made a difference to the employer's decision.

You have heard testimony regarding the attendance and vacation policies of the Defendant. Under the circumstances of this case, it is for you to decide whether the Defendant followed its policies with respect to the termination of the Plaintiff. A violation of its own policies by a Defendant is a factor which may be considered by you in determining whether the Defendant's use of FMLA leave was a substantial motivating cause in the Defendant's decision to terminate the Plaintiff.

You should be mindful, however, that the law applicable to this case requires only that an employer cause an employee to suffer an adverse employment action because of an employee's taking leave. So as far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

### Damages

If you find in favor of the Plaintiff and against the Defendant with regard to whether the Defendant terminated the Plaintiff because he took FMLA leave, you must then decide the issue of Plaintiff's damages.

If the Plaintiff has proven by a preponderance of the evidence that he lost pay or benefits because of the Defendant's alleged violation of the FMLA, then the Plaintiff may recover damages in an amount equal to the net pay or benefits shown by the evidence to have been lost from the time of implementation of Defendant's employment decision which violated the FMLA until the date of your verdict.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

For example, with regard to the Plaintiff's claim for lost pay, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's lost pay by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

### Duty To Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Election of Foreperson**
**Explanation of Verdict Form**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.