UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  3:06 CV 528-WKW |
| ) | |
| MASTERBRAND CABINETS, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S BRIEF IN OPPOSITION TO
AN AWARD OF LIQUIDATED DAMAGES**

Pursuant to the Court's Order, Defendant, MasterBrand Cabinets, Inc., ("MBCI"), respectfully moves the Court to reject any request by Plaintiff ("Giles") for an award of liquidated damages in this matter and in support of this position submits the following.

### I.   INTRODUCTION

On July 18, 2005, MBCI implemented a new Attendance policy in its plant in Auburn, Alabama.  Under the new policy, points were allocated to employees for absences not due to an approved leave, vacation, or scheduled time off.  MBCI's vacation policy required employees to request such time as far in advance as possible, while employees were to request scheduled time off at least one day in advance.  In December 2005, just six months after MBCI implemented its new Attendance policy, Plaintiff Ronnie Giles applied for FMLA leave.  MBCI approved Giles's request and he took leave from December 19, 2005 until he returned to work full-time on January 3, 2006.  Giles

left work early on January 4, 2006, complaining of an illness, not covered by the FMLA, a decision that resulted in the accumulation by Giles of a total of 6.5 undisputed points under the Attendance policy. Giles also missed work on January 5 and 6, 2007 and was assessed three points for these absences, which warranted the termination of his employment under MBCI's interpretation of its Attendance policy. Giles filed a Complaint against MBCI alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 *et seq.* After trial of this matter, the jury found in Giles's favor.

Now before the Court is the issue of whether an award of liquidated damages are proper in this matter under 29 U.S.C. § 2617.

## II.  DISCUSSION

Despite the jury's verdict in this case, the question of whether liquidated damages are due is entirely within the discretion of this Court. Liquidated damages are not a proper remedy in this matter because MBCI acted in good faith and with a reasonable belief that its actions were within the law. Giles's evidence, at best, demonstrated nothing more than that MBCI made an error in applying its new Attendance policy and the policy was ambiguous. Accordingly, Giles's request for liquidated damages should be rejected by this Court.

The FMLA specifically permits a district court to reject a prevailing plaintiff's request for a liquidated damages. The court must be satisfied that the act or omission at issue was in good faith and that the defendant had reasonably, if wrongly,

believed that the act or omission was not a violation of the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

The plain language of the statute demonstrates that Congress reserved for the court alone the question of whether a prevailing plaintiff is entitled to liquidated damages on a retaliation claim. *Hall v. Meadwestvaco Corp.*, 2005 WL 1205554, * 3 (D. Mass May 18, 2005) ("[I]t is not uncommon for courts to deny a plaintiff liquidated damages despite a finding of liability in his favor.")[1] (citing *Dierlam v. Wesley Jessen Corp.*, 222 F. Supp. 2d 1052, 1057 (N.D. Ill. 2002); *Cavin v. Honda of Am. Mfg., Inc.*, 138 F. Supp. 2d 987, 992 (S.D. Ohio 2001)). Accordingly, the issue of whether a liquidated damages award is warranted in an FMLA case is a question for the court to determine. *Medley v. Polk Co.*, 260 F.3d 1202, 1208-09 (10th Cir. 2000); Eleventh Circuit Pattern Civil Jury Instructions, § 1.8.1 (explaining that the issue of liquidated damages "is a question for the judge, not the jury").

A.  **The Jury Verdict Does Not Require An Award Of Liquidated Damages**

The jury verdict in this case does not preclude this Court from rejecting Giles's request for liquidated damages. Any suggestion that the jury's verdict somehow binds the Court undermines and ignores this Court's power to decide the appropriateness of liquidated damages on an FMLA claim. *See, e.g.,* 29 U.S.C. §§ 2615, 2617; *Hall*, 2005 WL 1205554, at * 3 (rejecting the plaintiff's argument that jury verdict finding retaliation in an FMLA case required the court to order liquidated damages; such a result

---

[1] This unpublished opinion is attached hereto for the Court's convenience.

3

would cause a "turnabout" that "would remove the question of liquidated damages from the court's purview").

A relatively recent opinion by the District of Massachusetts illustrates of this point.  In *Hall*, the plaintiff brought a claim against his employer alleging that the employer discharged him from employment because he took FMLA leave.  The jury returned a verdict in favor of the plaintiff on the FMLA retaliation claim but the Court declined to award liquidated damages.  2005 WL 1205554, * 2-3.  The Court rejected the plaintiff's argument that the jury's finding of retaliation precluded any finding of good faith and reasonableness by the court.  *Id.* at *3; *see also Johnson v. City of Monroe*, 2007 WL 2479658 (W.D. La. Aug. 28, 2007) (rejecting plaintiff's claim for liquidated damages despite jury's finding that plaintiff's FMLA leave was a motivating factor in the termination of employment).  Accordingly, any claim by Giles that the jury's verdict precludes this Court from finding that MBCI, albeit mistakenly, acted in good faith and with a reasonable belief of the lawfulness of its actions is incorrect.

### B. <u>MBCI Acted In Good Faith and Reasonably In Terminating Giles's Employment</u>

In making its decision to terminate Giles's employment due to the accumulation of points under the Company's Attendance policy, MBCI acted in subjective good faith and with a reasonable belief that it was complying with the FMLA. In this regard, this case is similar to *Hall* where the employer never questioned the employee's right to leave but based termination on application of a separate sick leave

policy. In that case, as the Court should do here, the Court declined to award liquidated damages.

### 1. MBCI Acted In Good Faith

Giles does not dispute that MBCI's Attendance policy warrants termination after accumulation of 9 points or more. Nor does Giles dispute that he was absent during a partial work day on January 4, 2006 which brought him to 6.5 points. Giles also does not dispute that he was absent. The sole dispute is whether MBCI should have assessed 0, 1 or 2 points for these last two absences for full work days on January 5 and 6, 2006. The uncontested evidence that MBCI introduced at trial demonstrated that the sole decision-maker with respect to the termination of Giles's employment was MBCI Human Resources Manager Perry Ezell and that the person responsible for points calculations was Kim Couch. Giles failed to offer any evidence that Ezell or Couch harbored any retaliatory animus against him.

At most, Giles's trial evidence, even if accepted as true, demonstrates only that MBCI's attendance and vacation policies were ambiguous. MBCI's implemented its new Attendance policy in July 2005. Its vacation policy clearly states that employees should request vacation time "as far in advance as possible." The Company's scheduled time off policy requires that an employee request such time, at minimum, twenty-four hours in advance of taking the time. The undisputed evidence in this matter demonstrates that Giles failed to timely request (on or before his absences in January 2006) that his vacation time or scheduled time off be allotted to cover such absences. Nor does Giles dispute that he failed to request at any time that his vacation or scheduled time off be

5

applied to his January 2006 absences.  Rather, Giles alleged that he believed MBCI's policy was to automatically allocate vacation and scheduled time off to cover absences.  Giles offered no evidence of any employee whose vacation or scheduled time off was automatically applied to cover absences.

In the alternative, Giles offered a different calculation of the number of points he should have received for his January 2006 absences.  At best Giles established that MBCI had an ambiguous Attendance policy that was subject to differing interpretations.  MBCI's termination of Giles was based on its interpretation of its Attendance policy for consecutive absences unrelated to Giles's FMLA absences.  MBCI's calculation yielded 3 points; Giles's calculation yielded 2 points.

MBCI established that it made a reasonable and good faith effort to comply with the FMLA.  It granted Giles all FMLA time requested.  There is no evidence Ezell had discriminatory animus based on the FMLA.  An established ambiguity in a separate Attendance policy does not prove otherwise.  Even viewing evidence in a light most favorable to Giles, the record as a whole most clearly demonstrates nothing more than mistaken application of an ambiguous and new policy.

Finally, that the termination of Giles's employment in this matter occurred within a relatively short period after Giles returned from his FMLA leave does not demonstrate any bad faith by MBCI.  This is especially so given the relative newness of the Attendance policy and that the events leading to Giles's accumulation of points, namely Giles's absences from work in January 2006, were entirely within Giles's control.

MBCI has met the good faith prong of its defense to liquidated damages.

### 2.  **MBCI Reasonably, Albeit Incorrectly, Believed That Its Actions Were Within The Law**

Additionally, MBCI reasonably believed that its actions were within the law. In the liquidated damages context, a party need not have acted correctly to nonetheless be found to have acted with a reasonable belief that it acted lawfully. *See Dierlam v. Wesley Jessen Corp.*, 222 F. Supp. 2d 1052, 1057 (N.D. Ill. 2002); *Cavin v. Honda of Am. Mfg., Inc.*, 138 F. Supp. 2d 987, 992 (S.D. Ohio 2001). To the contrary, the liquidated damages question arises, and the reasonableness test is applied, in only those circumstances where an employer is found to have violated the FMLA. *See* 29 U.S.C. § 2617. The question before the Court on this prong of the liquidated damages determination is whether MBCI acted with a reasonable, albeit incorrect, belief that its actions were proper and within the law. *Id.*

The evidence before the Court demonstrates that MBCI's belief in the lawfulness of its actions was reasonable. MBCI's policy permitted employees to take FMLA leave within the requirements of the law and prohibited retaliation against individuals for engaging in protected activities under the FMLA. (Jt. Exh. 15, Employee Handbook) Ezell, the sole decision-maker with respect to the termination of Giles's employment, had no involvement in the single mistake with respect to points calculation introduced by Giles. It was Kim Couch, not Ezell, who was tasked with applying the new Attendance policy and calculating points for consecutive days absences. This single mistake was made shortly after implementation of the Attendance policy. Additionally,

7

even if MBCI mistakenly misapplied its Attendance policy, its error was not unreasonable, given the relative newness of the policy.

Accordingly, because MBCI acted in good faith and with a reasonable belief that its actions were within the requirements of the FMLA, this Court should deny Giles's request for liquidated damages.

C. **Alternatively, If The Court Awards Liquidated Damages, The Court Should Not Award Front Pay Or Prejudgment Interest As Such Awards Would Provide Giles With The Improper Windfall Of Double Recovery**

Alternatively, if this Court chooses to award Giles liquidated damages, MBCI objects to any additional award of front pay or prejudgment interest. The FLSA damages provision is analogous to the FMLA damages provision and therefore FLSA cases may be used to interpret the FMLA damages provision. *Jordan v. United States Postal Service*, 379 F.3rd 1196, 1201-02 (10th Cir. 2004). Under the FLSA, liquidated damages are not a penalty exacted by the law, but rather compensation to the employee for the delay and other incidental inconveniences and troubles caused by an employer's violation of the FLSA. *Jordan*, 379 F.3rd at 1202. Under the FLSA, therefore, awards of front pay and prejudgment interest are duplicative of a liquidated damages award. *See Miller v. Paradise of Port Richey Inc.*, 75 F. Supp. 2d 1342 (M.D. Fla. 1999) (addressing awards of front pay); *Parker v. Burnley*, 703 F.Sup. 925 (N.D. Ga. 1988) (addressing awards of prejudgment interest). Accordingly, to the extent that the Court awards liquidated damages, it would be improper to award in addition any amount for front pay and/or prejudgment interest.

8

WHEREFORE, MasterBrand Cabinets, Inc. respectfully requests that the court deny Giles's motion for an award of liquidated damages in this matter.

Respectfully submitted,

s/Kelley Bertoux Creveling
Mark J. Romaniuk (#15255-49)
Kelley Bertoux Creveling (#19309-49)
BAKER & DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax:  (317) 237-1000
mark.romaniuk@bakerd.com
kelley.creveling@bakerd.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on September 25, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue, Suite 300
Birmingham, Alabama 35203

*Attorney for Plaintiff*

                                          s/Kelley Bertoux Creveling