IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RONNIE GILES,

    PLAINTIFF,

V.                              CIVIL ACTION NO:
                                  3:06-cv-00528-WKW-VPM

MASTERBRAND CABINETS, INC.,

    DEFENDANT.

## PLAINTIFF'S BRIEF REGARDING LIQUIDATED DAMAGES AND PREJUDGMENT INTEREST

COMES NOW the Plaintiff, by and through undersigned counsel, and submits this brief pursuant to the Court's Order of August 22, 2007 regarding the awarding of liquidated damages to the Plaintiff.

**I.    Liquidated Damages**

    1.    <u>Award of Liquidated Damages is favored.</u>  "Liquidated damages are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA." *Cooper v. Fulton County, Ga.*, 458 F.3d 1282, 1287 (11th Cir. 2006). Appellate courts only review an award of liquidated damages for an abuse of discretion and

1

may be reversed only if the finding is clearly erroneous. *Id.* "Doubling of an award is the norm under the FMLA, because a plaintiff is awarded liquidated damages in addition to compensation lost. The district court's discretion to reduce the liquidated damages must be exercised consistently with the strong presumption under the statute in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999).

    2.    <u>Defendant's burden.</u> The defendant must show that it acted in good faith <u>and</u> had a reasonable basis for believing that its conduct was lawful. *Cooper*, 458 F.3d at 1287. The Court may correctly find that a defendant may act in good faith, but have no reasonable basis to believe its conduct did not violate the law and properly award liquidated damages. *Id.*

    3.    <u>Court's Discretion</u>. "The legislative history of the FMLA reveals that Congress intended the remedial provisions of the FMLA to mirror those in the FLSA." *Frizzell v. Southwest Motor Freight*, 154 F.3d 641, 644 (6th Cir. 1998) "Even assuming that [a defendant] acted in good faith, the decision to award liquidated damages is still within the discretion of the trial court. We stated in the FLSA context that, "even if a trial court is satisfied that an employer acted both in good faith and reasonably, it may still award liquidated damages at its discretion in any amount up to that allowed by 29 U.S.C. § 216(b)." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (citing *Mireles v. Frio Foods, Inc.*, 899

F.2d 1407, 1416 n.8 (5th Cir. 1990)).

    4.    <u>Lack of Good Faith</u>.  Defendant cannot show good faith in this case. Plaintiff submitted to the jury, and based upon the jury's verdict, it is clear that they found four policy violations by Defendant in regard to Plaintiff.  When a company has clear policies that its management does not follow, that is evidence of pretext/causal connection.

An employer's violation of its own procedures can be evidence of pretext. *Bass v. Bd. of County Comm'rs, Orange County*, Fla., 256 F.3d 1095, 1108 (11th Cir. 2001). *See also Rudin v. Lincoln Land Community Coll.*, 420 F.3d 712, 727 (7th Cir. 2005) ("An employer's failure to follow its own internal procedures can constitute evidence of pretext."). "Departures from normal procedures may be suggestive of discrimination." *Brown v. Marriott Int'l, Inc.*, 2006 U.S. Dist. LEXIS 56246 at [*32] (N.D. Ga. 2006) (citing *Morrison v. Booth* , 763 F.2d 1366, 1374 (11th Cir. 1985)).  Defendant's termination decision of Plaintiff was made in utter disregard to its internal policies.

    There could be no good faith basis for not applying the clear provisions of the example of the policy that Plaintiff relied on; for not providing him the written warning called for under the policy, particularly when he was present at work on the day he hit six points.  In light of the close temporal proximity of Plaintiff returning from his FMLA leave (December 19-January 2), only working one shift,

plus two hours before he is fired, particularly coupled with the comment by Plaintiff's supervisor, Jon Olenick that "we're in the same shape we were before," shows that Plaintiff's FMLA leave was a motivating factor in the decision to terminate his employment. This point was argued to the jury, and the jury's finding that Defendant violated the FMLA is affirmation of their clear finding that this was factual, and showed a lack of good faith basis on behalf of Defendant. Defendant wrote ambiguous policies that it interpreted for its own benefit to achieve its purpose of retaliation, ignoring clear provisions favorable to Plaintiff. The jury has spoken, and a finding in favor of the Plaintiff for the full amount requested with forty-five minutes of deliberations speaks volumes regarding the lack of good faith that it found in regards to Defendant's actions.

5. <u>No Reasonable Basis.</u> There was no reasonable basis for Defendant's actions toward Plaintiff. As noted in 4 above, the temporal proximity could not have been closer. Failure to follow clear policy provisions, while violating its own policies in four instances does not provide a reasonable basis for Defendant's actions towards Plaintiff. Defendant has no factual support of its claim of liquidated damages are not due and owing in this matter based upon the jury verdict. The comments of its agent, Jon Olenick, show the intent of Defendant to retaliate. Defendant cannot offer any reasonable basis for why it did not provide Plaintiff any notice regarding how it chose to interpret its policies for its benefit in

4

order to form a basis for the termination of Plaintiff's employment. Defendant's actions were without good faith or a reasonable basis, and it does not have any basis in law or fact to ask that liquidated damages not be awarded this case.

## II.    Prejudgment Interest

6.    Plaintiff requests that this Honorable Court award prejudgment interest. The decision to award prejudgment is in the Court's discretion. *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000). The FMLA states that an employee shall recover wages at "the interest rate on the amount…calculated at the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). The "interest rate for prejudgment interest on back pay awards under Title VII depends on the IRS prime rates calculated in accordance with 28 U.S.C. § 1961." *Id.* Several courts apply a presumption of entitlement to prejudgment interest on a Title VII back pay award. *Richardson v. Tricom Pictures & Productions, Inc.* 334 F. Supp. 2d 1303, 1317 (S.D. Fla. 2004); *Drews v. Social Dev. Com'n*, 95 F. Supp. 2d 985, 991 (E.D. Wis. 1998); *Robinson v. Southeastern Pa. Transp. Auth.*, 1993 WL 126449, [*2] (E.D. Pa. 1993). "In determining whether to award prejudgment interest, courts take into account both the failure to mitigate damages and whether the back pay amount is easily ascertainable." *Tucker v. Hous. Auth. of the Birmingham Dist.*, 2006 U.S. Dist. LEXIS 96727 at [*65] (N.D. Al. 2006) (internal citations omitted).

7. Plaintiff received the full amount of her back pay at trial. She began work within a month of her termination and the Defendant stipulated to the mitigation dollar figures prior to trial. (See Pre-Trial Order). Plaintiff's back pay was easily ascertainable and the jury returned the full amount at trial.

8. Plaintiff requests this Honorable award prejudgment interest in the amount of $1,071.69. Plaintiff calculates this award as follows: (($14,698.23 * 1.0444% for 1.62 years) - $14,698.23) = $1,071.69.[1] The interest rate is derived from the Federal Reserve Bank for the week ending August 17, 2007. (See Exhibit A).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Court award liquidated damages and prejudgment interest pursuant to the FMLA.

Respectfully submitted,

/s/ David R. Arendall

David R. Arendall

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

---

[1] http://www.moneychimp.com/calculator/compound_interest_calculator.htm

## CERTIFICATE OF SERVICE

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on September 25, 2007, which will forward a copy to:

Mark J. Romaniuk
Kelley Bertoux Creveling

/s/ David R. Arendall
_____
Of Counsel