IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-528-WKW |
| ) | |
| MASTERBRAND CABINETS, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

On August 22, 2007, the parties were ordered to brief (Doc. # 74), and the court now considers, the issue of whether liquidated damages should be awarded under 29 U.S.C. § 2617 of the Family and Medical Leave Act ("FMLA"). In addition to providing for an award of back pay, the statute states that an employer who violates the FMLA shall also be liable to the affected employee for "the interest on the [backpay] amount . . . calculated at the prevailing rate" and "an additional amount as liquidated damages equal to the sum of [the back pay and interest]." 28 U.S.C. § 2617(a)(1)(A). However, there is an exception to the liquidated damages provision:

> [I]f an employer . . . proves to the satisfaction of the court that the act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA], such court may, in the discretion of the court, reduce the amount of the liability to the [back pay and interest], respectively.

*Id.* The employer's burden is in the conjunctive: it "'must . . . show *both* good faith *and* reasonable grounds for the act or omission' to rebut the presumption in favor of liquidated damages." *Cooper v. Fulton County, Ga.*, 458 F.3d 1282, 1287-88 (11th Cir. 2006) (quoting *Chandler v. Specialty Tires of Am. (Tenn.), Inc.*, 283 F.3d 818, 827 (6th Cir. 2002)).

Liquidated damages are due to be granted because the defendant did not act under a reasonable belief that its actions were within the law. The policies in question were written and promulgated by the defendant, were clearly ambiguous, and were interpreted by the defendant strictly in its favor. The policy illustrations contained in the defendant's "Attendance Policy" clearly allowed for "banking" of vacation time and Scheduled Time Off, and did not require the employee to ask to use banked time. (*See* Doc. # 48 at 7-9.) Additionally, the defendant has not overcome its burden of proving to the satisfaction of the court that it acted in good faith in light of the temporal proximity of the plaintiff's termination to his FMLA leave combined with his supervisor's statement that "we're in the same fix as we were before" upon learning the plaintiff had to leave work soon after coming off his FMLA leave. The verdict of the jury, finding retaliation, cannot be ignored when weighing the good faith issue. Therefore, the plaintiff is entitled to liquidated damages, in addition to the amount of back pay and prejudgment interest, pursuant to 28 U.S.C. § 2617(a)(1)(A).

Prejudgment interest accrues from the date of termination until the date of judgment and should be computed daily and compounded annually. *See Hite v. Vermeer Mfg. Co.*, 361 F. Supp. 2d 935, 949-50 (S.D. Iowa 2005). Accordingly, the period for calculating prejudgment interest is from Giles's termination date of January 9, 2006, until the date of the jury verdict on August 21, 2007, which equals 598 days, or 1.61 years. The plaintiff's proposed interest rate is 4.44%, which is derived from the Federal Reserve Bank for the week ending August 17, 2007. (*See* Doc. # 81-2 at 2.) The defendant does not contest this interest rate or propose an alternative and the court finds the rate to be appropriate. Therefore, the amount of prejudgment interest due is **$1,064.84**, based on principal of $14,698.23 at a rate of 4.44% for a period of 1.61 years.

Liquidated damages are calculated as the sum of the back pay and the interest on the back

pay. *See* 29 U.S.C. § 2617(a)(1)(A)(iii). The jury verdict for back pay was in the amount of **$14,698.23**. Therefore, the amount of liquidated damages to be awarded is **$15,763.07**, and the grand total of damages to be awarded is **$31,526.14**.

Accordingly, it is ORDERED that:

1. The plaintiff's request for an award of liquidated damages and prejudgment interest pursuant to the FMLA is GRANTED; and

2. The plaintiff is awarded total damages in the amount of **$31,526.14** to be paid by the defendant, which shall accrue at a rate of **$3.83 per day** from the date of the jury verdict; and

3. Judgment in the amount of $31,526.14 is entered in favor of the plaintiff and against the defendant, together with interest from August 21, 2007, until paid in full, for which let execution issue.

DONE this 16th day of November, 2007.

                                             /s/ W. Keith Watkins
                                       UNITED STATES DISTRICT JUDGE