# EXHIBIT B

# TO

# PLAINTIFF'S PETITION

# FOR ATTORNEYS' FEES

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RONNIE GILES,

    PLAINTIFF,

V.                                             CIVIL ACTION NO:
                                             3:06-cv-00528-WKW-VPM

MASTERBRAND CABINETS, INC.,

    DEFENDANT.

## AFFIDAVIT OF ALICIA HAYNES
## IN SUPPORT OF ATTONEY'S FEES

Alicia Haynes, who being first duly sworn, deposes and says as follows:

1.    My name is Alicia K. Haynes. I am an attorney admitted to practice law in the State of Alabama. I have been licensed in this state since October of 1987 and am an attorney with the firm of Haynes & Haynes, P.C. My office is located in Birmingham, Alabama, where I have primarily practiced law for the past 20 years. I submit this affidavit in support of Plaintiff's Motion for Attorney Fees in Giles v. Masterbrand Cabinets, Inc., 3:06-cv-00528-WKW-VPM.

2.    My practice deals strictly with matters involving plaintiff's civil rights litigation. The last sixteen years of my practice have been devoted exclusively to plaintiff's employment discrimination and civil rights litigation and other related employment matters. It is my belief I have tried 40-50 jury cases in

my 18 years of practice. Further, it is my belief that I have personally been involved in approximately 1000 employment discrimination and civil rights cases at various stages in the last 14 years. I am regularly referred such cases by attorneys in the State of Alabama and outside the state with respect to these matters. Additionally, I have been retained by other law firms in this state and outside the state to assist as co-counsel in employment matters or to conduct independent investigations of harassment and discrimination. I also regularly speak at continuing legal education seminars within the State of Alabama, as well as for National seminars on civil rights matters. As such, I am generally familiar with the practice of civil rights and labor and employment law in Alabama, and specifically with the lawyer for the plaintiff in the above-styled action.

3. From my own personal experience and from my knowledge of what attorney's charge for federal litigation in civil rights and the labor and employment area, I am familiar with fees normally charged by attorneys practicing within this jurisdiction. I am also familiar with the rates charged to clients for non-contingent, litigation-related work at rates ranging between $200 and $350 per hour.

4. I have spoken to the attorneys about the issues in this case, and I have examined the application for attorneys' fees and the accompanying documents. I have been asked by Plaintiff's attorneys to give an opinion on the reasonableness of their fee request.

5. I am familiar with rates billed and paid in the Birmingham, Montgomery and Opelika area in employment discrimination litigation and similar cases requiring comparable skill, effort and responsibility. In 2006, the prevailing market rate in Alabama for plaintiffs' attorneys in cases such as the current case ranged from $200.00 to $450.00 per hour. The prevailing rate varies within that range, depending upon the skill level of the attorney (as measured by the attorney's quality and quantity of experience in handling cases of this nature, length of experience, and by his or her reputation derived therefrom), the sophistication of the client, and the attorney's ability to negotiate a compensatory rate.

6. I am familiar with the skill and reputation of the plaintiff's attorneys, David R. Arendall and Allen D. Arnold, and believe that I can evaluate them based on the following factors:

    a. Overall skill in litigation;

    b. Knowledge of trial and appellate practice;

    c. Knowledge of substantive law;

    d. Persuasiveness and advocacy skills; and

    e. Analysis of the case and theories and procedural avenues available to obtain a satisfactory result for their client.

7. I have reviewed the hourly rates proposed to be charged by Attorneys David R. Arendall and Allen D. Arnold in this case against the background of the

foregoing factors as explained in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1300-1301 (11th Cir. 1988). Based on my knowledge of the prevailing hourly rates charged for similar litigation by attorneys with comparable skill and experience, the hourly rates requested are reasonable and well within the range of appropriate hourly charges in the local market for legal services. Accordingly, I am of the opinion that attorney fees for Attorney David R. Arendall should be established at no less than an hourly rate of $400.00 per hour. I am also of the opinion that fees for Attorney Allen D. Arnold should be established at no less than an hourly rate of $235.00 per hour.

8. While my opinion is based to a degree on the experience and reputation of these attorneys in prosecuting cases of this nature, it is also based upon my observation of the skill level of Attorneys David R. Arendall and Allen D. Arnold, as compared to other attorneys prosecuting such cases in this state. In reaching my opinion, I have considered the knowledge of these lawyers and their extensive knowledge of trial practice and the substantive law of employment discrimination. In addition, I have taken into account the skills and efficiency of the attorneys' efforts to seek resolution of disputes without litigation; the attorneys' ability to make appropriate decisions regarding which legal theories to pursue and which parties to sue; and the attorneys' ability to make an effective and persuasive presentation of their client's best claims and positions.

9. Specifically, my opinion is that the Plaintiff's attorneys, David R. Arendall and Allen D. Arnold, have a level of skill commensurate with, or significantly exceeding, their years of experience in handling employment discrimination cases. They are adept in organizing their thoughts, work and presentation in a logical and orderly way. Finally, I have found them to be capable in presenting their clients' legal positions and claims in a persuasive manner.

10. I have referred clients to David R. Arendall with employment discrimination claims which my firm could not handle because of scheduling conflicts or for other reasons.

11. Also, I have reviewed the hours expended by plaintiffs counsel in this case and, based upon the complexity of the case, the length of time involved in preparation and trial, and the efforts of the opposing parties, the hours expended and the expenses included in the itemization were reasonable and necessary to prosecute the lawsuit.

12. Based on my experience, cases under the Family and Medical Leave Act ("FMLA") are not as desirable as cases under Title VII because the FMLA limits damages to lost wages and liquidated damages. The opportunity for an attorney to recoup his or her financial investment in a case brought under the FMLA is very limited. For this reason, most attorneys who accept plaintiff's FMLA cases do so with the understanding that they should be able to recoup their

investment in the case through an award of a reasonable attorney's fee.

12.  Based on my knowledge of the experience, reputation and practice of Mr. Arendall and Mr. Arnold, I believe a reasonable hourly rate for their services would be $400 and $235 an hour, respectively.

_____
Alicia Haynes

State of Alabama       )
County of Jefferson    )

The foregoing instrument was acknowledged before me on this 28th day of September, 2007, by Alicia Haynes.

_____
Notary Public
My Commission Expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: June 19, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS