# EXHIBIT L

# TO

# PLAINTIFF'S PETITION

# FOR ATTORNEYS' FEES

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RONNIE GILES,
    PLAINTIFF,

V.                                       CIVIL ACTION NO:
                                         3:06-cv-00528-WKW-VPM

MASTERBRAND CABINETS, INC.,
    DEFENDANT.

### DECLARATION OF DAVID R. ARENDALL

COMES NOW David R. Arendall, who first duly acknowledges that she is declaring under penalty of perjury, deposes and states as follows:

I.     My name is David R. Arendall. I am an attorney practicing throughout the State of Alabama. I am an attorney of record for plaintiff Ronnie Giles in this case. I make this declaration in support of my Motion for an Award of Attorney's Fees.

II.     The fee itemization which is submitted in connection with this fee application consists of true and accurate records which I kept contemporaneously with the work expended. (See Exhibits D, E, G, I & J to Plaintiff's Petition for Attorneys' Fees).

III.     Based on my experience in the area of employment law in both the trial and appellate courts, the amount of time expended by me was reasonable. I have

avoided seeking payment for undue duplication of time or effort. I seek reimbursement for 143.8 hours for attorney time.

IV. The applicable current rate for my legal services appropriate to the local market as of the date of this Application is $350 per hour (from January 1, 2006 through December 31, 2006); $400.00 per hour (January 1, 2007 to date).

V. The qualifications of the undersigned are as follows:

  A. Counsel for the plaintiff graduated from the Samford University, Cumberland School of Law in 1975, and was admitted to the Alabama State Bar in 1975.

  B. Counsel for the plaintiff has practiced for over thirty years, in state courts, as well as in the United States District Courts for the Northern, Middle, and Southern Districts of Alabama; the United States Court of Appeals for the Eleventh Circuit; and the United States Supreme Court.

  C. Since 1993, counsel for the plaintiff has focused his practice of law exclusively in the area of employment litigation, yet has practiced employment law for over thirty years. I have represented both plaintiffs and defendants in employment related cases. I have tried numerous jury and non-jury cases in the District Courts of Alabama,

and have argued numerous appellate cases before the Eleventh Circuit, some of which have been published.

D. I have maintained an AV Rating in Martindale-Hubbell for almost twenty years. I am a member of the Best Lawyers of America, Outstanding Lawyers of America, and other similar honoraries. I was invited to attend the 2007 Eleventh Circuit Judicial Conference in Atlanta. This firm (composed of two lawyers) currently has some fifteen overtime collective actions in litigation, two of which involve over a thousand plaintiffs, testifying to the organization, efficiency, and professionalism of counsel for the plaintiff.

E. In addition to serving as adjunct faculty at the University of Alabama at Birmingham in 2002 and 2003 (teaching trial advocacy, mediation, and mock trial), I have taught numerous seminars through the years, including on matters dealing with Plaintiff's employment issues, as well as the specific laws incorporating employment law. At the request of Judge Karon Bowdre, I served on the panel for the American Civil Justice presentation to visiting Russian judges on September 18, 2007. I recently spoke at a seminar on overtime collective actions next week.

F.     I frequently serve as a mediator for employment matters, giving me the opportunity to evaluate other plaintiff's cases in worth, time expended, as well as prevailing market rates for both sides of the Bar in this area.

VI.     The services required and provided in the current case included, in my opinion, the following: (1) organization and efficiency in the marshaling of facts, evidence and theories of liability so that false starts or wasted efforts were minimized; (2) a thorough comprehension of the substantive and procedural law and policy arguments; (3) case assessment weeding out unproductive theories and claims, and which concentrates energies on the points which are most likely to prevail; and (4) experience in presenting evidence and theories to the Court. Based on my knowledge of the local market for legal services, these characteristics command the requested hourly rates for the current case.

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this, the 30th day of November, 2007.

_____
David R. Arendall