IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RONNIE GILES,

    PLAINTIFF,

V.                                       CIVIL ACTION NO:
                                            3:06-cv-00528-WKW-VPM

MASTERBRAND CABINETS, INC.,

    DEFENDANT.

### PLAINTIFF'S PETITION FOR ATTORNEYS' FEES

COMES NOW the Plaintiff, by and through undersigned counsel, and moves this Court to enter an award of attorneys' fees and expenses, as mandated by 29 U.S.C. § 2617(a)(3) and pursuant to Federal Rule of Civil Procedure 54(d)(1) & (2), in this matter and states the following in support thereof:

**I.**    **Procedural Background**

1.    Plaintiff, Ronnie Giles, brought this action pursuant to the Federal Family and Medical Leave Act, 29 U.S.C. § 2617.

2.    On August 21, 2007, a jury verdict was entered in favor of the Plaintiff and against the Defendant on the sole count of FMLA retaliatory discharge. The jury awarded back pay to the Plaintiff in the amount of $14,698.23. This amount was the highest of the three options presented to the jury, which

1

returned its verdict in 45 minutes.

3.  On November 16, 2007, this Honorable Court entered judgment in favor of the Plaintiff. The Court awarded Plaintiff the jury's finding of back pay, liquidated damages, and prejudgment interest. (See Doc. 82).

## II.  The "Lodestar"

4.  The Federal Family and Medical Leave Act provides that the "court in such an action **shall**, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3) (emphasis added). The FMLA fee provision, 29 U.S.C. § 2617(a)(3), differs from traditional civil rights fee provisions under Title VII in two respects: (1) the FMLA uses the word "shall" rather than "may"; and (2) the Plaintiff need not be a "prevailing party" in order to be awarded fees. "Therefore, under the FMLA the court must award reasonable attorney's fees." *Sherry v. Protection, Inc.*, 14 F. Supp. 2d 1055, 1057 (N.D. Ill. 1998). "A second differentiating characteristic of the FMLA's attorney's fee provision is that the FMLA mandates that fees shall be awarded "in addition to any judgment awarded to the plaintiff." *Id.*

5.  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Steirheim*, 10 F.3d 776 (11th Cir. 1994), citing *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983) and *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The product of this calculation is known as the "lodestar."

6. The United States Supreme Court indicated that there is a <u>presumption of reasonableness</u> of the lodestar calculation in the decisions of *Blum v. Steeson*, 465 U.S. 886, 897 (1984) and *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986).

7. The Court may also determine the appropriate lodestar by consideration of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Loranger*, 10 F.3d at 781. Those facts as applied to this case are:

A. <u>Time and Labor Involved.</u> Paragraph 9 *supra* sets forth the time and labor expended by the undersigned and co-counsel in a summary format for each stage of the litigation.

B. <u>The novelty and difficulty of the questions.</u> Claims brought under the FMLA present both difficult and novel questions due to the fact that it is a relatively new law with less case law interpreting its application of Federal Regulations (as compared to other employment statutes such as the Fair Labor Standards Act with numerous interpretations of Federal Regulations), and because FMLA cases call for fact intensive inquiries.

C. <u>Skill required to perform properly the legal services.</u> Plaintiff's counsel submit that they have the skill and experience in litigating claims in federal court and that such factors justify the hourly rates requested.

D. <u>Preclusion of other employment.</u> The undersigned attorneys were not precluded from accepting other representation because of this case.

E. <u>The customary fee.</u> The fees customarily awarded in this type of case are discussed *supra* in paragraph 10.

F. <u>Whether the fee is fixed or contingent.</u> The fee arrangement in this case was contingent.

G. <u>Time limitations imposed.</u> This case went to trial less than two (2) years after it was filed.

H. <u>Results obtained.</u> The plaintiff prevailed to the fullest extent allowed by the law on his legal claim; the result was therefore the best result possible for both the plaintiff and public interest.

I. <u>Attorney's experience, reputation and ability.</u> The declarations attached hereto as "Exhibit A" and "Exhibit B" set forth the experience, reputation, and ability of plaintiff's counsel.

J. <u>"Undesirability" of the case.</u> Due to the complicated nature of FMLA case which often involves proving a case when the majority of witnesses and documents remain under the exclusive control of a defendant, many members of

4

the segment of the bar find this type of case to be undesirable. Due to the fact that the damages under the FMLA do not include compensation for emotional injuries or punitive damages, the limited nature of awards under FMLA leads many members of the employment bar to find FMLA cases undesirable. Plaintiff refers the Court to Exhibit C which is the attorneys' listing for the Opelika phone book. Plaintiff's counsel is the only firm or attorney advertising a practice regarding the FMLA. (See Exhibit C, document p. 17).

Representing plaintiffs in employment litigation, such as FMLA litigation, is undesirable for several reasons which are applicable to this case: (1) the plaintiffs almost always lack the financial resources to pay for even routine expenses and attorney's fees; (2) many cases are lost without compensation or reimbursement for even out-of-pocket expenses; and (3) considerable time can pass before any attorney's fees are even considered. The most undesirable part of an employment case is the attorney fee phase. The plaintiff's attorney is often required to expose to the critical scrutiny of his adversary and the court every aspect of his work in the particular case. The hearing on the fee petition may also require plaintiff's attorney to call on other attorneys to examine and scrutinize his work. This inspection is highly undesirable.

K. <u>Nature and length of professional relationship with client.</u> The undersigned have no prior professional relationship with this client and expect to have no professional relationship with him in the future.

L. <u>Awards in similar cases.</u> The declarations attached hereto set forth that judges in this district have awarded, or approved, fee awards of $200-$450 per hour depending upon the skill and experience of the attorneys involved.

8. Although the U.S. Supreme Court in *City of Burlington v. Dague* precluded risk enhancement, the Court observed that the market rate for contingent cases is <u>always greater</u> than for the defense of the same type of case. 505 U.S. 557, 567 (1992) (Blackmun & Stevens dissenting).

9. "A well prepared fee petition also would include a summary," that is a "grouping the time entries by the nature of the activity or the stage of the case." *Norman*, 836 F.2d at 1303. The undersigned has summarized the various stages of the litigation into five distinct stages of litigation: Complaint & Pre-Discovery; Discovery; Pre-Trial Preparation; Trial; and Post-Trial stages. The exhibits correspond with the summary provided. Each entry of billable activity notes the attorney performing the work, the client, the project (always labeled as the Defendant); activity performed; the subproject (often relevant to the stage of the litigation); the fee; and the duration of time for the labor. The line immediately below each entry is a general description of the activity performed.

*A. Complaint & Pre-Discovery: January 18, 2006 – August 28, 2006*

Mr. Arendall consulted with Plaintiff, prepared the Complaint, and conducted Report of Parties Planning Meeting during this stage of the litigation. Mr. Arendall requests fees for 3.5 hours of labor.[1] (See Exhibit D). Additionally, the firm requests expenses of $363.00 for the filing fee and copies for this period.

*B. Discovery: August 29, 2006 – July 9, 2007*

Mr. Arendall and the undersigned participated in the discovery process. Mr. Arendall participated in the drafting of discovery sent to the Defendant and a review of the various discovery documents sent in response. Mr. Arendall requests fees for 7.1 hours of labor as set out in Exhibit E. The undersigned participated in the preparation of the Plaintiff's written discovery responses, defended the Plaintiff's deposition, and responded to Defendant's Motion for Summary Judgment. The undersigned requests fees for 40.3 hours of labor as set out in Exhibit F. Additionally, Plaintiff requests fees for copying costs in the amount of $14.25. The undersigned and co-counsel conducted almost the entire discovery process, survived a motion for summary judgment, and expended only 47.4 hours of efficient labor in accomplishing such tasks.

*C. Pre-Trial Preparation: July 10, 2007 – August 19, 2007*

The Pre-Trial preparation included some minimal discovery as the Court

---

[1] Labor performed prior to filing a lawsuit is compensable. *Dowdell v. City of Apopka, Florida*, 698 F.2d 181 (11th Cir. 1983).

7

allowed the undersigned to take the deposition of Defendant's decision-maker outside the designated discovery period. Both attorneys' attended the Court's Pre-Trial hearing. Plaintiff's trial preparation was divided in half with Mr. Arendall performing the labor of all witness preparation and argument for the purposes of trial, and the undersigned performing the majority of labor for pleadings necessary for trial. The attorney's travel time was limited to one round trip of Birmingham to Opelika, with both attorneys' preparing for the Pre-Trial Hearing, deposition, and subsequent trial. Trial preparation for Mr. Arendall consisted of 102.6 hours of labor. (See Exhibit G). Additionally, the firm incurred expenses of $377.75 for copies in the prosecution of this case. Trial preparation for the undersigned consisted of 52.50 hours of labor. (See Exhibit H).

   *D. Trial: August 20, 2007 – August 21, 2007*

Mr. Arendall conducted the trial of this matter without the assistance of a second chair. The trial was conducted over two full days. The firm incurred various expenses in prosecution of the case. Mr. Arendall is requesting 26.5 hours in fees for the labor of conducting the trial. (See Exhibit I). He performed every aspect of the trial proceedings. Plaintiff's total expenses for trial are included on this exhibit, including motel charges, deposition costs, trial notebooks, and "blow-up" exhibits. Plaintiff's requested reimbursement of his expenses in the amount of

$1,190.85.[2]

*E.   Post Trial: August 22, 2007 – November 30, 2007*

The post trial activity has been limited at this time. The Court requested briefings on the issues of Plaintiff's request for liquidated damages and prejudgment interest. The Court entered an order regarding these items on November 16, 2007. The briefing required research and initial drafting by the undersigned and completion by Mr. Arendall, as he was the attorney in attendance at trial. The remaining requested fees by the undersigned are for labor expended preparing the fee petition.[3] Plaintiff's counsel requests permission for leave to amend this petition and allow supplementation should the Defendant file any post-trial motions. Mr. Arendall is requesting 4.1 hours in fees for the labor of conducting the trial. (See Exhibit J). The undersigned is requesting 18.60 hours in fees for the labor of conducting the trial. (See Exhibit K). Plaintiff will supplement this fee petition if it becomes necessary to respond to any post-trial motions that may be submitted by the Defendant.

---

[2] Plaintiff's counsel did not separate its travel time on the exhibits: Mr. Arendall and the undersigned attended the pre-trial conference, and Mr. Arendall attended the trial. Both excursions were round trips from Birmingham to Opelika and back. "Compensation for travel time to the litigation site is proper." *Gay Lesbian Bisexual Alliance v. Sessions*, 930 F. Supp. 1492, 1497 (M.D. Ala. 1996) (citing *Johnson v. Univ. College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983).

[3] Time spent preparing fee application is compensable. *Burett v. Cohen*, 790 F.2d 363 (3rd Cir. 1986).

9

10. *Reasonable Hourly Rate*

Plaintiff has produced Affidavits in support of the reasonable market rate for Mr. Arendall and the undersigned. In addition, Mr. Arendall has been paid $350.00 per hour and the undersigned has been paid $235.00 per hour by private clients in the market place of attorney fees in the State of Alabama. Plaintiff's counsel maintains an office in Birmingham, Alabama. The undersigned anticipates that Defendant will argue that the Montgomery market rate for attorney's should govern. However, as seen in Exhibit C, the entire section of the Opelika phone book provides listings for attorneys in several distinct areas of law. The only listing for Family Medical Leave is the undersigned's firm. (Exhibit C, document pp. 17, 36). Only two other firms in the Opelika area list discrimination cases as an area of practice, and such a term in relationship to the FMLA is not widely known outside of the legal field. (Exhibit C, document pp. 23, 33). As Plaintiff's only reasonable option for an attorney with expertise in the field he needed assistance with maintained offices in Birmingham, the reasonable market for the undersigned and co-counsel is the State of Alabama. (*See Gay Lesbian Bisexual Alliance v. Sessions*, 930 F. Supp. 1492, 1495 (M.D. Ala 1996)).

The undersigned also directs the Court's attention to the fact that paralegal hours are not requested. The primary practice of Arendall & Associates is labor and employment law through representation of plaintiffs on contingency fee

contracts. The hourly rates claimed reflect an incorporation of paralegal work into the attorneys' total hourly rate. Our firm's practice is to have paralegals record time for labor worked on FLSA collective actions, where often times, the paralegals billable hours overwhelming exceed the attorneys' billable hours.

11. **Hours Expended by David Arendall**:

Attached hereto as "Exhibit L" is the Declaration of David R. Arendall with a summary of the time incurred by David Arendall through trial of this cause of action. Attorney David Arendall has incurred 143.8 billable hours through the conclusion of this matter. The time expended was reasonably necessary for the successful prosecution of the Plaintiff's claims. Mr. Arendall made settlement overtures to the Defendant's counsel, but no response has occurred as of this filing.

12. **Hours Expended by Allen Arnold:**

Attached hereto as "Exhibit M" is the Declaration of Allen D. Arnold with a summary of the time incurred by Allen Arnold, through discovery and the trial of this cause of action. Attorney Allen Arnold has incurred 109.6 billable hours through the conclusion of this matter. The time expended was reasonably necessary for the successful prosecution of the Plaintiff's claims. Mr. Arnold made settlement overtures to the Defendant's counsel, but no response has occurred as of this filing.

13. **Hourly Rate for David Arendall:**

The hourly rate sought by Attorney David Arendall is $400.00 per hour for 2007 and $350.00 per hour for 2006. This hourly rate is reasonable and consistent with fee awards for attorneys with similar skills and experience. (See Exhibits D, E, G, I, & J). Total fees for David Arendall are $57,055.00.

14. **Hourly Rate for Allen Arnold:**

The hourly rate sought by Attorney Allen Arnold is $235.00 per hour for 2007 and $200.00 per hour for 2006. This hourly rate is reasonable and consistent with fee awards for attorneys with similar skills and experience. (See Exhibits F, H, & K). Total fees for Allen Arnold are $25,948.00.

15. Attached hereto as "Exhibit B" is the Affidavit of Alicia Haynes in Support of Attorney Fees. Attached hereto as "Exhibit A" is the Affidavit of Mike Quinn in Support of Attorney Fees.

16. Plaintiff has incurred expenses and costs in this matter, totaling $1,945.85. Attached hereto in "Exhibit N," are the time summary sheets which show an itemized Expense and Cost Report.

17. Based on the hours expended in the case, the hourly rates appropriate to the attorney involved, and the application of the standards set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Pennsylvania v.*

*Delaware Valley Citizens' Council for Clean Air*, 107 S. Ct. 3078 (1987), to the facts of this case, plaintiff's attorneys request an award of **$83,003.00** in attorney's fees. The plaintiff further incurred expenses in the total amount of **$1,945.85**;[4] as set forth in the Bill of Costs filed with this Court. *See Dowdell v. City of Apopka, Florida*, 698 F.2d 181 (11th Cir. 1983). This amount requested is reasonable considering plaintiff's counsel's skill and reputation and the prevailing rates in the market.

18.  Plaintiff requests to leave to supplement this motion in order to address any issues which may be raised by the Defendant.

WHEREFORE, PREMISES CONSIDERED, plaintiff requests the entry of judgment awarding her the foregoing amounts as attorneys' fees and expenses pursuant to 29 U.S.C. §2617(a) and (b).

Respectfully submitted,

/s/ David R. Arendall

---
David R. Arendall

/s/ Allen D. Arnold

---
Allen D. Arnold

---

[4] The summary Exhibits E-K also contain expenses recorded at each summary stage. However, Exhibit M is restating the expenses in a combined format are already stated in the Exhibits E-K for the summary stage.

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

## **CERTIFICATE OF SERVICE**

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on November 30, 2007, which will forward a copy to:

Mark J. Romaniuk
Kelley Bertoux Creveling

/s/ David R. Arendall
―――――――――――――――――――
Of Counsel