IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**RONNIE GILES,**

    **PLAINTIFF,**

V.　　　　　　　　　　　　　　　　　**CIVIL ACTION NO: 3:06-cv-00528-WKW-VPM**

**MASTERBRAND CABINETS, INC.,**

**DEFENDANT.**

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S PETITION FOR ATTORNEYS' FEES

COMES NOW the Plaintiff and moves this Court for an Order extending the discovery deadline in this matter:

### I.   Introduction:

Plaintiff's counsel should be awarded full fees for trial preparation time and labor. Plaintiff requests that the hourly rates be set, at a minimum, at the amounts agreed to by Defendant, represented by the same counsel, in trials in Opelika, Alabama, separated by three weeks, and that Plaintiffs be paid for all hour expended onthis case which was brought to a successful conclusion for Plaintiff.

### II.   Argument:

    **A.   Billable Hours**

Defendant takes issue with Plaintiff's billing records for both the

undersigned and Mr. Arendall.

### 1. Mr. Arnold

The undersigned completely disagrees with the Defendant's arguments regarding billing judgment, however in the spirit of compromise, the undersigned will stipulate to the 103.7 hours proposed in the Defendant's opposition.

### 2. Mr. Arendall

Defendant's argument for reducing fees rests in part upon the theory that because Plaintiff's interference claim was dismissed at the onset of this case, all time simultaneously exerted on the retaliation claim cannot be paid as well Defendant seeks to exclude the initial client conference with Plaintiff and the initial pleading. Defendant argues that Plaintiff's counsel is required to differentiate the time spent on each claim at the client conference for fee purposes. However, the facts of the claims are so invariably intertwined that to submit a billable record of how a client conference was separated out on each claim or how much time was spent on drafting one count of a complaint is impractical. Defendant's argument of reducing Mr. Arendall's time 3.0 hours lacks any substantive practicality.

Defendant also takes issue with Mr. Arendall's travel time in this case. Defendant sets forth the ludicrous argument that Mr. Arendall's travel time from Auburn to Opelika and back requires the Court to mandate a 21.0 hour reduction

because the line item in the Exhibit doesn't explain what was accomplished by counsel during the 5.0 hours of driving. Defendant's proposed 21.0 hour reduction is an arbitrary number picked out of thin air. Simply put, the travel time isn't wasted when used to prepare for the various trial functions of opening and closing statements or post trial motions.

Apparently, Defendant has argued that to attend the trial, Mr. Arendall drove the entire outlining border of the Middle District starting from Birmingham, hitting the Florida and Georgia state line and then made a second lap before arriving at the trial. Defendant cites a case from the Middle District denying the entire travel time for a journey from Alabama to Ohio because there was no other description of work performed during the period of time. Defendant provides no legitimate case law to support the blanket 21.0 hour reduction in travel time. Defendant's sole basis for objection is that travel, trial preparation time, and client conferencing under the heading Trial Preparation are in the same line item on the exhibit in the fee petition. Unlike Defendant's cited case, Mr. Arendall has presented other work performed in the line item.

Additionally, Plaintiff's counsel also represented another client against Defendant in Opelika, Alabama within a month of the trial in this matter. Simply put, the journey from Birmingham to Opelika is 2.5 hours. Mr. Arendall's one round trip of 5.0 hours is not due for reduction as attending the trial and returning

3

to his office are necessary parts of attending any trial. The undersigned notes that the return journey on the trip discussed the outcome of the trial by telephone, and the eventual post trial motions to be filed by Plaintiff and opposing counsel. Five hours of productive travel time is not unreasonable for a case in which no party's counsel or the Court officers resided in the same community as the Courthouse where the trial was conducted.

Defendant takes issue with an additional 28.8 hours of Mr. Arendall's trial preparation time.[1] As the fee petition exhibits clearly show, the pre-trial matters were handled primarily by the undersigned, the trial by Mr. Arendall, and the post-trial by the undersigned. Defendant does not make an argument about duplicative work by the two counsel, because it did not occur. One lawyer prepared for the entire trial presentation of this matter. Defendant cites case law from the Eleventh Circuit that has inapplicable facts to the case before this Court. In *Kenny v. Perdue*, the Court was analyzing a $6,000,000 fee petition with vague entries that appeared to be administrative tasks. 454 F. Supp. 2d 1260, 1274 (N.D. Ga. 2006). Likewise in *Am. Charities for Reasonable Fundraising Reg., Inc. v. Pinellas*

---

[1] Defendant's objection of 21.0 hours in regard to trial time is covered twice. Defendant objects in its brief to travel time in section calling for a 100% reduction, then counts the time again in its section objecting to trial preparation time in an attempt to reduce the trial preparation for a total reduction of 49.8 hours. Defendant's objections and meritless reduction would result in counsel recovering only 36.2% of his labor expended in preparing for trial. Defendant's affidavits do not provide any opinion as to whether the time expended on trial preparation is unreasonable; therefore, there is no evidence before this Court to contradict the sworn testimony of Mr. Arendall on the reasonableness and necessity of the time.

4

*County*, the plaintiff's counsels' fee reduction was the result of vague time entries from aspects of the case such as telephone calls and conferences with attorneys. 278 F. Supp. 2d 1301, 1318-19 (M.D. Fla. 2003). Neither case addresses trial preparation, where trial strategy dictates that one statement or piece of evidence mentioned during the opening statement can change the flow of all other parts, or one question asked on a witness' examination can affect the remainder of the voir dire, closing, and Rule 50 motions.

In trial of this case, one attorney conducted the voir dire, the opening statement, the direct examinations, the cross-examinations, the Rule 50 motions, the closing arguments, and all the preparation that was required to adequately prepare for trial. As an officer of the Court, Mr. Arendall has affirmed that such time was reasonable to obtain the trial results. (See Doc. 83-13, ¶ II). Furthermore, the entering of what witness' exam was prepared on a given day and time; what opening was rehearsed on a given day and time; or any other specific detail does not assist the Court as to whether the time expended was reasonable. Defendant's unsupported wish for a reduction based on trial preparation time is just that: a wish. No evidence is supported to justify the reduction.[2] The judgment

---

[2] Defendant's counsel argues that her travel time is not charged to Defendant. While Plaintiff's counsel maintains how defense counsel bills its client is not relevant, the door is now opened for Defendant to produce all billing records for both attorneys' to determine whether the trial preparation time was reasonable in comparison. Defendant had two attorneys representing it at trial and Plaintiff suggests that Defendant have made a point to the Court in its opposition brief if their attorneys' trial preparation hours were fewer than those sough herein.

5

entered in this case resulted in the full amount of back pay requested from the jury, as well as full liquidated damages and interest. Given these results, the trial preparation time and the overall hours are more than reasonable.

### B. Reasonable Hourly Rate Requested

The undersigned and co-counsel represented a plaintiff, Kim Foreman in her Title VII claim against this same Defendant, Masterbrand Cabinets, Inc that concluded with a trial on September 9, 2007, in Opelika, Alabama. See *Foreman v. Masterbrand, Inc.*, 3:06cv00449 (J. Thompson). The undersigned and co-counsel filed a fee petition in the *Foreman* case. Defendant filed an opposition brief in *Foreman* that essentially is a "cut and paste" argument of its opposition to the counsel's proposed reasonable hourly rate. Following the briefings, Judge Thompson ordered the Fee Petition to a hearing before Honorable Magistrate Judge Capel. Judge Capel ordered the parties to conduct a sua sponte settlement discussion in an effort to reach a mutually agreeable fee amount. The discussions were fruitful and the parties agreed upon an hourly rate of $200 for the undersigned and a range for Mr. Arendall of $300-325 for 2006 and $325-350 for 2007. In terms of simple math, the settlement resulted in an hourly rate of $341.56 for Mr. Arendall. Defendant's Counsel prepared a draft order for the fees and sent the draft to the Court.[3] The draft order is attached as Exhibit 1 to this Reply Brief.

---

[3] At this time, Judge Thompson has not entered the Order on the Petition for Attorneys' Fees.

6

Plaintiff requests this Honorable Court award an hourly rate of $200.00 for Mr. Arnold and an hourly rate of $400.00 for Mr. Arendall. The hourly rates sought by the undersigned is reasonable otherwise the Defendant would never have agreed to the rate in the *Foreman* case. Considering the trial results in this case, Mr. Arendall suggests that the higher rate of $400.00, but at the very least a rate of $341.56 is justified.[4] Defendant has cited several cases in which other district courts have examined hourly rates submitted in fee petitions. The lowest the hourly rate for Mr. Arendall should be in this case is the one already agreed upon by the Defendant for Mr. Arendall and the undersigned in a contemporaneous case.

C.  **Lodestar Calculation**

The Lodestar is calculated as follows in light of the hourly rate agreed upon by Defendant in a previous case with counsel and with stipulations provided herein.

1. Mr. Arnold: $200.00 per hour * 107.7 hours[5] = $21,540.00

2. Mr. Arendall's fee needs no adjustment and remains at $57,055.00

3. Defendant did not contest Plaintiff's costs and expenses of

---

However, several issues filed by the Defendant were before the Court, and counsel can only speculate that the Court will enter the Order on attorneys' fees with the outstanding orders to dispose of the case in one document.

[4] Mr. Arendall's rate was determined by taking the total fees of $49,800 divided by the hours agreed upon in conference of 145.8, resulting in an overall hourly rate of $341.56 per hour.

[5] Plaintiff requests 4.0 hours for the labor exerted on this Reply Brief.

7

$1,945.85.

The total amount of fees, costs, and expenses is $80,540.85.

## III. Conclusion:

The outcome of this case to date has resulted in Plaintiff recovering every possible remedy under the law with the jury awarding the highest of three suggested damage calculations. Plaintiff is the prevailing party in this action with outstanding results. Defendant's argument regarding any downward adjustment of rates lacks merit as it has already agreed to a rate for Plaintiff's counsel and the results of the case clearly show that Plaintiff prevailed in all aspects of his claims.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves this Court for an Order awarding attorney's fees as set out herein for a total amount of $80,540.85.

                                  Respectfully submitted,

                                  /s/ Allen D. Arnold

                                  Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile

## CERTIFICATE OF SERVICE

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on January 25, 2008, which will forward a copy to:

Mark J. Romaniuk
Kelley Bertoux Creveling

/s/ Allen D. Arnold
_____
Of Counsel